1 KENNETH JEROME PACKNETT
  C-94858  1-N-37-L
2 SAN QUENTIN STATE PRISON
  CSP-SAN QUENTIN
3 SAN QUENTIN, CA  94974





FILED

MAY 1 6 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5 PLAINTIFF PROCEEDING PRO SE

8                 UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10                    CV 08        2517    JF

11 KENNETH JEROME PACKNETT,  on be- )   CASE NO.
   half of himself and all others )
12 similarly situated;             )
                                   )
13                                 )   CIVIL RIGHTS COMPLAINT (PR)
              Plaintiff            )
14                                 )   Deliberate Indifference
                                   )   to Serious Medical Needs,
15            -VS-                  )   i.e Denial of Food, result-
                                   )   ing in "Physical Injury:"
16                                 )
   S. PATRAKIS, individually and   )   Intentional Retaliation &
17 in her official capacity as     )   Group Punishment;
   "Associate Warden," San Quentin )
18 State Prison;  S.J. MENDOZA,    )   Conspiracy to Deprive &
   individually and in his official)   Interfere with Civil Rights:
19 capacity as "Warden(A)", San    )
   San Quentin State Prison;       )   The Ku Klux Klan Act of
20 R. FOX, individually & in his   )   1871. Title 42 U.S.C. Sec-
   official capacity as Correctional)  tion(s) 1983, 1985(2) & (3)
21 Captain, "Search Commander,"    )   1986, 1988:
   San Quentin State Prison;       )
22 M. IANNONE, individually and in )   Title 28 U.S.C. Section(s)
   his official capacity as Correc-)   1331, 1343, 1367m 1391,
23 tional Sergeant "Search Leader," )   2201 & 2202; California
   San Quentin State Prison        )   Penal Code Section(s) 2600,
24 ROBERT AYERS, JR. individually  )   5058; California Code of
   and in his official capacity as )   Regulations 3287(a)(2) &
25 "Warden," San Quentin State Pri-)    (a)(4):
   -son;  N. GRANNIS,  individually)
26 and in his official capacity as )   DEMAND  FOR  JURY  TRIAL:
   Chief, Inmate Appeals,  Califor-)
27 -nia Department of Corrections.  )   1st, 8th & 14th Amendments
                                   )   to United States
28 _____   )   Constitution:
              Defendant(s)         )

                          1.                  

I

J U R I S D I C T I O N

1.    This civil rights action is authorized by **The Ku Klux Klan Act of 1871,** Title 42 U.S.C. Section(s) <u>1983, 1985(2) & (3) 1986 & 1988:</u>for Declaratory & Injunctive Relief; as well as for "Monetary Damages," for act arising under the **First, Eighth & Fourteenth** Amendment  to the **United States Constitution.**

2.    The jurisdiction of this Court is predicated on Title 28 U.S.C. Section(s) <u>1331, 1343, 2201 & 2202.</u>

3.    This Court has pendent jurisdiction pursuant to Title 28 1367, California Penal Code Section(s), 2600, 5058. to adjudicate claims arising under independent state law, arising under California Law.

4.    "Venue" is proper in the Northern District of California pursuant to **Title 28 U.S.C. Section** 1391,  as events giving rise to Plaintiffs claims occurred in this district.

5.    the matter in controversy exceeds, exclusive of interest and cost, the amount of **$1, 000,000.00** dollars, as will subse--quently appear.

II

P L A I N T I F F

6.    Plaintiff Kenneth Jerome Packnett, C-94858, 1-N-37-L on behalf of himself, is and at all time mentioned, a citizen/prisoner, in custody of the California Department of Corrections & Rehabilitation, presently housed at San Quentin State Prison, North Block. Facts giving rise to this complaint have been exhausted from Informal through the Director of Corrections, Local Log #SQ-03-07-00799;  IAB Case #061800.

2.

III

D E F E N D E N T S

7.      Defendant S.J. Mendoza, is and was at all times relevant

as **Warden, "Acting,"** at San Quentin State Prison.  Defendant

Mendoza is charged with approving a "destructive" and "sweeping"

cell search of **"North Block Housing Unit."** This search took

in an **Enraged Frenzy,** and caused Plaintiff to **suffer permanent**

**& physical injury.**  Plaintiff, is an **"Insulin Dependent Diabetic**

 who Defendants **Denied & Refused to Provide** Food to Plaintiff

for more than **Five (5) Hours;** Plaintiff suffered a **Kethacide**

**Reaction.** Plaintiff was dignosised with **Congestive Heart**

**Failure** three (3) days later.

8.      Defendant **S. Patrakis** is and was at all times relevant

as **Associate Warden,"** at San Quentin State Prison;  is charged

with directly **authorizing subordinate staff** to conduct a "Sweep-

ing & Catch All Destructive Cell Search of North Block.  Defen-

dant Patrakis ordered Defendants **Fox** and **Iannone** to **Take the**

**Gloves Off and Tear it Up!"**

9.      Defendant **R. Fox** is being sued in his individual and offi-

cial capacity as **Correctional Captain,**  and as **Search Commander,**

of the "North Block Housing & Cell Search." Defendant **Fox** is

charged with "Personally jumping in **arm deep** demonstrating how

to tear up **inmate cells;** Defendants Fox personally demonstrated

to the search team how to conduct a **destructive cell & housing**

**Unit search.**

10.      Defendant **M. Iannone** is being sued in his individual

and official capacity as **Correctional Sergeant** and is charged

with being responsible as the **Search Leader,** organizing and

3.

1  coordinating search parameters shift by shift. Defendant Iannone

2  directed shift Sergeants to continue the destructive search

3  tactics on second and third watch.

4  11.   Defendant Robert Ayers, Jr., is being sued individually

5  and in his official capacity as Warden San Quentin State Prison.

6  Defendant Ayers is responsible for failure to establish a policy

7  to address the immediate needs of the Plaintiff and a class of

8  Diabetic prisoners medical needs.

9  12.   Defendant N. Grannis is being sued individually and in

10  his official capacity as Chief, Inmate Appeals, Department of

11  corrections & Rehabilitation.  Defendant Grannis is legally re-

12  sponsible for ensuring active compliance with of San Quentin

13  and each individual prison protocol for the treatment and care

14  of Diabetic prisoners. Defendant Grannis dismissed Plaintiff's

15  report of a Kethacide Reaction, as being a little dizzy and

16  experiencing slight swelling.

17  13    Each Defendant is sued individually and in his/her offi-

18  cial capacity.  At all times mentioned, each defendant acted

19  under the color of authority and conspired to deprive and inter-

20  fere with the Plaintiff's civil rights.

21  14.   Defendants and each of them, are at all times mentioned

22  have been agents, employees of one another with the California

23  Department of Corrections & Rehabilitation, California State

24  Prison at San Quentin.  In doing the acts complained of herein,

25  have been acting within the course, scope and employment of San

26  Quentin State Prison.

27

28  //////////

4.

**IV**

## DEFENDANT(S) PATRAKIS, FOX & IANNONE

1).    On or about October 25, 2006, around 0630 hours, some Methadone medication was stolen from the North Block/Nursing Station.  Upon discovery, MTA Jones, North Block Nursing Station, notified the 2nd/Watch Sergeant and Lieutenant.  The North Block Captain and subsequently Defendant Patrakis, Associate Warden, was notified as well.  But, not long afterward, the inmate who had stolen the methodone, turned himself in, returning some but not all of the methodone pills.  Collective Custody Staff initiated a total lockdown of north Block and a complete search of the building was ordered and subsequently initiated.

2).        Control of the North Block Cell & Building Search, was initially begun by building staff and officers from other units. Defendant Patrakis was not receptive to the manner in which the search was being carried out.  Defendant Patrakis ordered Defendant Fox to assume operation and overall control of the actual search.  defendant Fox immediately ordered staff from Donner and Carson Blocks to respond to North Block for search duty.  The instructions from Defendant Patrakis was " Take the gloves off and tear it up!"

3).    Defendant Patrakis designated Defendant Fox as "Search Ccommander and Defendant Iannone was responsible as shift to shift search leader and responsible for maintaining continuity of search parameters on both shifts. Defendant Fox immediately removed his class A Uniform in exhange for a prison guard jumpsuit and personally demonstrated to unidentified search officers, how to trash the cells & cellblock during the search.  Defendant

1  Fox is again charged with "jumping in arms deep and demonstra-

2  ting how to tear up inmate cells!

3                                    V

4            P L A I N T I F F     A L L E G A T I O N S

5  4).    Following resumption of the search, on October 26, 2006

6   Plaintiffs tier had not been searched yet as the search team

7  started from the fifth working their way down. On October 26,

8  2006, at approximately 1800 hours, Plantiff received his Blood

9  Fingerstick and insulin injection.  Plaintiff is a Type II

10 Insulin  Dependent Diabetic and receives insulin twice a day,

11 Plaintiff is also inflicted with "Kidney Insufficiency; Chronic

12 Asthma & Significant Hyertension; Angina;  Major Depressive Dis-

13 order with Psychotic features.

14 5)     Following the insulin injection, about 1830 hours, Plain-

15 tiff and numerous prisoners on the first tier started yelling

16 and requesting dinner!  These request were made over and over

17 and over.  The search team that was part of the cleani-up crew

18 out on the first tier, repeatedly kept saying and "You'll go

19 in twenty minutes..we are almost through with the second tier...

20 first tier get ready for chow in ten minutes....and these state-

21 ments kept being stated ove and over again.  None of the Search

22 Officers on the first floor would provide their names;  would

23 not stop to answer names, when yelling out that I was a diabetic

24 and needed to eat, I was told they would bring bag lunches;

25 6).    Each time one of the search team officers would respond

26 to our yelling, then I got caught up in waiting and waiting think-

27 ing we were going to chow any minute, but those minutes turned

28 out to be five (5) hours. On October 26, 2006 at approximately

                                 6.

1   2215 to 2230, Plaintiff's tier, (1st Tier of North Block) was

2   released to the main chow hall for feeding.  Feeding at this

3   time of night was unusual and highly irregular.  The time Plain-

4   tiff spent in the chow hall following the completion of dinner

5   was another four (4) to five (5) hours.  it was extremely cold,

6   of course you have steel stools or standing up against the wall.

7   Here, Plaintiff stood more than he was able to sit down.

8   7).    On October 27, 2006, at approximately 0730 hours, Plain-

9   tiffs tier was stripped out, on the outside of the building,

10  given an unclothed body search.  Upon conclusion of the body

11  seearch, Plaintiff received his fingerstick and insulin.  Plain-

12  tiff then discovered swelling of his lower  calve, shin and

13  feet area.  Plaintiff promptly notified MTAd Rick Williams who

14  stated that if the swelling didn't go down by the next pill call,

15  to notify the MTA.  Plaintiff received chow and was then ordered

16  to the San quentin Lower Yard. 1/

17  8).    Time spent on the lower yard was in direct sunlight, as

18  Plaintiff was unable to sit on steel stools, unable to rest or

19  doze on wooden stage or concrete next to lower buildings. Alot

20  of time was against spent standing up, in the sun until the Plain-

21  tiff was exhausted.  Plaintiff returned to the upper yard and

22  attempted to rest in the shade.  But attempted also to sit on

23  a stone bench until ordered off by a belligerent seargeant.

24  While returning to under the shed, two captains observed the

25  Plaintiff, asked him was he alright?  Plaintiff stated that he

26  was not and pointed out that he was extremely weak in the legs.

1/ /San Quentin prison had 2 Mainline Yard, Upper or Lower;
27  Upper Yard has Shade under a huge aircraft hanger, Lower yard

28  has no shade

7.

9).    Both Captains ordered Plaintiff to have a seat and wait
for Med 1.  Upon arrival, Plaintiff was transported to the Infi-
mary.  At approximately 1530 hours, Plaintiff was treated by
the TTA,(Senior RN, 3/Watch).  Plaintiff reported and was ob-
servered with swollen feet and calves.  AN EKG was performed,
"Blood Sugar Spiked, 355."    [Exhibit A]  Plaintiff was advised
that no physician was on hand and directed to return to his unit
and elevate his feet.  Upon return the first tier search had
been completed.  Plaintiff's cell was ransacked, trashed, store
bought items smashed, broken up, with endearing boot prints
heavility imprinted to possibly remind Plaintiff of the unchecked
& unlimited authority prison administrators possess and can un-
lease at any time.  No **Cell Search Receipt** was left;  Plaintiff
**never** discovered which officer or officier(s) searched his cell.

10.    From October 27, 2006 to October 30, 2006, no physician
was on active duty.  This precluded plaintiff from seeing a phy-
sician until Monday, October 30, 2006.  Plaintiff suffered an
accelerated increase in swelling of feet, ankles, calves, lower
thights, right/left hands, arms and face.  All of the RNs advised
Plaintiff over the weekend to rest in his cell and to elevate
his feet.

11).    Plaintiff advised physician of the accelerated increase
in swelling, intense and tremendous pressure on Plaintiff's chest.
Plaintiff described the intense pain he felt when laying on his
back;  Plaintiff reported that it took roughly five minutes to
move from supine, to side to upright position.  Dr J. Daszko,
MD. License #G72880, called for a "Code 2 Ambulance response.
Plaintiff was transferred to **Marin General Hospital** and admitted.

8.

1  Hospital Admittance, "904317047; #02-17-09-20: Plaintiff was

2  diagnosised with **"Congestive heart Failure,"**, elevated hyperten-

3  sion and blood sugar.    **[Exhibit B]**

4  12).    On November 2, 2006, at approximately 1700 hours, Plain-

5  tiff was discharged from Marin General; swelling to upper and

6  middle body had decreased, blood pressure, blood sugar and blood

7  chemistry were all good.    Plaintiff has been diagnosised with

8  "Congestive Heart Failure, Edema, mild moderate and/or severe

9  depending what activity Plaintiff may engage in that day.    Edema

10  is present 24 hours per day and if any body part remains in

11  contact with any object, deep indentations occur and are clearly

12  visible, Pitting Edema, Congestive Heart Failure has caused endur-

13  ing pain, remains a both permanent and physical injury.    Impact

14  upon existing chroni aiments, i.e., "Significant Hypertension,

15  **Kidney Insufficiency, Chronic Asthma, Deterioration of Leg, Thigh,**

16  **hand muscles and nerves.**    Since then, Defendants have made light

17  of Plaintiff injuries refusing to acknowledge that the **Denial**

18  **of Food** for **Five (5) Hours** can be factually traced to a **Kethacide**

19  **Reaction.**

20

21

22

23

24  ///////////                                    /////////

25

26  ///////////                                    /////////

27

28

<u>VI</u>

CDC 602   INMATE APPEAL

SQ-03-07-0700799

A).    <u>INFORMAL LEVEL</u>

1.    On October 28, 2006, Plaintiff filed a CDC-602 Inmate Appeal challenging (a) Search was conducted in an ENRAGED FRENZY (c) No Staff Accountability, search receipts, or staff identification. [Exhibit C]  On October 30, 2006, Chanderly/W. Jepperson, Appeals Coordinator(s), rejected appel from being filed at the first level of review;  Both appeal coordinators directed Plaintiff to send it to "Property C/O," whoever that may have been. [Exibit D] xPlaintiff then filed a challenge to the screening decision, "Inadequate Evaluation to to forward what should be the first level of review to an unknown property officer. [Exhibit E]  Following appeals coordinator's rejection of that request, Plaintiff submitted the appeal o the Chief, Inmate Appeals.

2.    Plaintiff challenged improper screening decision, Destructive search and Denial of Food for Five (5) Hours, following and insulin injection.  [Exhibit F] Inmate Appeals Branch to resubmit the appeal to the appeals coordinator for review and the informal level was bypassed.

B)    <u>FIRST LEVEL RESPONSE</u>

1.    First Level of Review was "Partially Granted.  Hearing Officer seemed content to focus on some minute property, that was submitted to show the totality of Defendant activities. hearing Officer contends that some Unknown Individual stated that, "Your medical issues were not related to the search.

Hearing Officer does go on to state, "Although "there were some errors in the manner that staff conducted the search, it was by no means an improper search."    Plaintiff did sign off on that property in question that was destroyed, but the medical complaint remained at issue.    **[Exhibit G]**

c).    **SECOND LEVEL REVIEW REQUESTED, (see Section F, Exhibit C )**

1.    Plaintiff noted that even though the first level response was thoughtful and eloquently written, that compensation could not yet be determined.    Plaintiff requested identification of prison officials who ordered that Plaintiff first tier feeding be delayed. Plaintiff also stated, **"Denial Of Food was Medically Necessary, but was impermissibly delayed for Non Medical Reasons."    [Exhibit C] (Section F)**

D).    **SECOND LEVEL RESPONSE**

1.    Second Level response mirrors that of the first level; "The compelling evidence and convincing argument presented has been established;  and that medical staff was contacted and indicated that appellant's medical condition was not related to the search."        **Denial of Food for a Diabetic** following an insulin injection will cause serious injury!  Failure to provide food will **prevent** a diabetic from **regulating blood sugar,** can be potentially **fatal** or cause **Kethacide Condition.    [Exhibit H]**

2.    Second level response authored by Defendant Ayers, is (a)Silent on identity of so-called medical personnel who could not have been qualified to make a claim on the injury Plaintiff suffered; **(b)** Silent on time that Plaintiff's tier was fed;

11.

(c) Silent or didn't deny that Plaintiff received his insulin

injection at 1800 hours;  (d)  Silent on the identification

of staff member who was on-scene supervisor;  (e)  Silent on

identification of existing **Diabetic Protocol** that was in place,

if any, on "October 27, 2006;  (f)  Even silent on how may dia-

betics were housed in North Block;  (g) Intentionally failed

to provide a complete or accurate account of factual circumstan-

ces that led to Plaintiff's permanent injury.

E).     **DIRECTOR'S LEVEL REVIEW REQUEST**

1.     Plaintiff's statement was fact specific  (a) Denial of

Food following insulin injection for five (5) hours; (b) Plain-

tiff challenged Defendant Ayers reply as being disingenuous,

baseless and couched in terms of deception;  (c)  intentionally

withheld identification of crucial search leaders, individual

correctional officers and civilian staff; (d) Defendants refused

to provide medical care to a class of Diabetic prisoners; re-

fused to implement diabetic protocol for feeding after insulin

injection and as a result...caused emergency room treatment,

hospitalization and permanent injury, liffetime injury!

F).     **DIRECTOR'S LEVEL APPEAL DECISION**

1.     Defendants also contend that Plaintiff's medical problems

were **not caused** by the search.  Defendants misdirect focus from

the "Denial of Food by ignoring that fact and focuses on "**minor**

**swelling and dizzines.**   Here, Plaintiff immediately notified

medical staff of leg swelling at approximately **0730;** Defendants

are readily aware that it was two senior associate wardens who

recognized the need for a prompt evaluation and emergency treat-

ment.  Diabetic reaction or "Kethacide Condition." Plaintiff

12.

1  **was** week in the knees, thighs, dizzy, elevated blood sugar,

2  "355" disorientated and weak.  Plaintiff clearly had an estab-

3  lished right not to be **deprived of food** while Defendants con-

4  ciously ignore the timing of facts, i.e. "insulin injection

5  at 1800;  feeding at 2200 hours;  return to cell at 0200 hours;

6  released for strip out at 0730 hours;  reporting swollen legs

7  and lower extremities at 0740;  Disorientated at 1530 hours,

8  sent to infirmary with increased swelling and chest pressure

9  from that point until hospital admission.  **[Exhibit I]**

10 2.    Defendant Grannis decision is rife with misleading infor-

11 mation, again, clearly presented to misdirect or impede factual

12 investigation.  Plaintiff was in pain and suffering mental an-

13 quish constitutes **cruel**  and **unusual punishment** in violation

14 of the Eight Amendment to the United States Constitution. De-

15 fendant Grannis knows that duty of care existed at the time

16 of the search and that subordinate defendants breached that

17 duty, causing plaintiff permanent injury.  Defendant Grannis

18 knew that San Quentin defendants had failed to extablish an

19 official policy and procedure to ensure feeding for diabetic

20 prisoners following insulin injection to prevent Diabetic Rea-

21 tion.  On January 31, 2007, a memorandum authorizing Diabetic

22 Early release was implemented.  **[Exhibit J]**

23 **3.**    Failure of Defendants to establish a policy to address

24 the immediate medical needs of the Plaintiff and a class of

25 Diabetic Prisoners with multiple and chrono ailments that creat-

26 ed permanent injury and is sufficiently obvious to establish

27 department liability;  the failure to establish a Diabetic Pro-

28 tocol for early release for meals following insulin injection

is a <u>monumental</u> <u>omission</u> in the Defendant and Deparmental pro-

gress with the evolving standards of medical care, for diabetic

prisoners.

///////// /////////

VII

C O N C L U S I O N

1.    the acts of actual retaliation directed at Plaintiff

and prisoners of North Block overwhelmingly exceeded that which

was neceswsary to achieve a legitimate im.  Defendants actions

and the "Enraged Frenzy" effected, reflected a callous indif-

ference to serious medical needs of Diabetic prisoners.  The

Plaintiff's contraction of "Congestive heart Failure, Chronic

Edema, Muscle & Nerve Deterioration flow from Defendants failure

to feed plaintiff following insulin injection.

2.    Multiple medication have been added to an already large

regimen, i.e. medications for Congestive Heart Failure, numerous

lasic medication, chronic swelling of lower extremities, legs

and thighs; intermittent time during day where selling and pain

dictates how much activity Plaintiff may engage in that day.

Kethacide Reaction causes daily pain, mental anguish, emotional

distress and depression.

///////// /////////

///////// /////////

14.

## FIRST CAUSE OF ACTION

## RETALIATION & GROUP PUNISHMENT

Plaintiff incorporate by reference allegations contained in Counts I thru VII as though fully set forth verbatim, at this place;

1    Defendants patrakis, fox, and iannone did, with specific intent, motive and scheme authorize subordinate prison guards to inflict massive group punishment and purposeful retaliation; Defendants Patrakis, Fox and Iannone authorized subordinate (unknown) prison guards to engage in act not lawful in nature and in roles that exceeded the scope of their official duties.

2).    Application of the North Block Housing Search was nothing more than an exercise of uncontrollable rampage and destruction of property, en masse; Said acts are patently unconstitutional and in violation of the "Ku Klux Klan Act of 1871, Title 42 U.S.C. Sections 1983, 1985(2) & (3) and the First and Fourteenth Amendments to the United States Constitution;

3).    Plaintiff suffered severe emotional injury, emotional distress, anxiety and fear.  The acts, practices and omissions of Defendants Patrakis, Fox and Iannone were committed with specific intent;  as well as setting in motion a series of acts which would cause others to inflict constitutional injury, in violation of the "Conspiracy Clause of Title 42 U.S.C. 1983 and in violation of the Conspiracy Clause of Title 42 U.S.C Section 1985(2) & (3);  and the First, Eighth and Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiff demands judgment against Defendant(s)b

Patrakis, Fox, Iannone, jointly and severally, for 4

a    Compensatory Damages in the amount of $1,000,000.00
     dollars;

b    Lifetime medical insurance for the rest of plaintiffs
     natural life; of his own choice;

c    Punitive damages against each defendants, jointly and
     severally in the amount of $2,000,000.00 dollars;

d    Cost of this action, attorney fees and;

e    Request referral to Early Settlement Pro Se Program:

## SECOND CAUSE OF ACTION

## DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL

## NEEDS OF A CLASS OF DIABETIC PRISONERS

1).    Plaintiff incorporate by reference the allegations
contained in Counts I thru VII, the First Cause of Action, as
though fully set forth verbatim at this place;

2).    Plaintiff and a Class of Insulin Dependent Diabetic Pri-
soners, were **Deprived of Food** for **Five (5) Hours,** following
receipt of Insulin Injuection, for reasons **not medical in nature**;
Defendants Patrakis, Fox, Iannone and J.A. Mendoza, were **fully
aware** that access to food following insulin injection for Diabetic
prisoners is a **"Serious Medical Need."**

3).    **Diabetic Coma, Reaction or Kethacide Condition** was a
forseeable consequence once "Food was Denied for Five (5) Hours
following Plaintiff's Insulin Injection. Defendants knew that
San quentin had **No Policy** for feeding Diabetic prisoners once
receiving their insulin; Failing to maintain a **Diabetic Protocol**
or Departmental or Institutional **Operational Plan**; posed a

16.

1    forseeable risk of injury to the Plaintiff in violation of the

2    Ku Klux Klan Act of 1871, Title 42 U.S.C. §§ 1983, 1985(2) &

3    ((3)and the First, Eighth & Fourteenth Amendment to the United

4    States Constitution.

5    4).    Defendants actions caused the Plaintiffs health to

6    deteriorate faster than it otherwise would have on its own.

7    Defendants knew that the "First Tier, North Block," houses

8    prisoners with Diabetees, Hypertension, Cardiac ailments, Sei-

9    zures, along with multiple chronic medical ailments.    Defen-

10   dants Mendoza, Patrakis, fox and Iannone, intentionally failed

11   to provide a complete and accurate account of factual circum-

12   stances that led to Plaintiff's permanent injury.    Defendants

13   actions reflect a callous indifference and reckless disregard

14   to the medical needs of the Plaintiff and a class of Diabetic

15   prisoners in violation of the proscription against cruel and

16   unusual punishment in violation of the Title 42 U.S.C. §§ 1983,

17   1985(2) & (3) and the Eighth Amendment to the United States

18   constitution.

19       WHEREFORE Plaintiff demand judgment against Defendants

20   Patrakis, Fox, J.A. Mendoza, & Iannone, jointly and severally,

21   a       Lifetime Health Insurance upon parole of the Plaintiff,

22           of his ownechoosing:

23   b       compensatory judgment against each defendant for the

24           sum of $2,000,000.00 dollars for failing to maintain

25           a Diabetic Protocol which identifies the care and treat-

26           ment plan for the needs of Diabetic prisoners;

27   c       Punitive damages for $1,000,000.00 based upon the criti-

28           cally important character of the health care rights

17.

1    infringed upon, against each defendant, jointly and severally

2    d    Request referral to Early Settlement for Pro Se Program;

3

4    ### THIRD CAUSE OF ACTION

5    ### CONSPIRACY TO DEPRIVE & INTERFERE WITH CIVIL RIGHTS:

6    1).    Plaintiff incorporate by reference Counts I thru VII,

7    the First and Second Cause of Action, as though fully set forth

8    verbatim at this place;

9    2).    Defendants **intentionally delayed providing access to**

10   food for Diabetic prisoners housed in North Block;  the actions

11   of Defendants Patrakis, Fox, Iannone and specific orders given

12   to unknown subordinate prison guard, was **so dangerous,** that

13   the **knowledge** of that **risk to life, is presumed:**

14   3).    Diagnosis of Congestive Heart Failure upon immediate

15   access to a physician, has caused multiple complications, in-

16   creased the level of depression, emotional distress, carrying

17   around eight to ten pounds of water and the impact upon life

18   activities;  Defendants intentionally denied a class of Diabetic

19   prisoners food following insulin injection.  In doing so, Defen-

20   dants orders, released a heightened level of callousness and

21   Deliberate Indifference to the serious medical needs of the

22   Plaintiff and his Class of Diabetic prisoners;

23   4).    Actions taken by Defendants against Class of Diabetic

24   prisoners and the Plaintiff was arbitrary and irrational and

25   not rationally related to any penalogical state interest, in

26   violation of 42 U.S.C. §§ <u>1983, 1985(2) & (3)</u> and the **First,**

27   **Eighth & Fourteenth** Amendments to the United States Constitution.

28

18.

1    WHEREFORE, Plaintiff demand judgment against each defen-
2  dant, Patrakis, Mendoza, Fox and Iannone for Compensatory dama-
3  ges in the amount of $1,000,000.00 for **Equal Protection** violations
4  based upon **forseeable injury** imposed upon the Plaintiff;

5    Plaintiff demand punitive damages in the amount of
6  $2,000,000.00 against each defendant based upon the critically
7  important character of the medical injury infringed upon and
8  sustained by the Plaintiff for life;

9  ///////////////                    ///////////////

10

11                 **FOURTH CAUSE OF ACTION**

12            **NEGLIGENCE TO PREVENT CONSPIRACY**

13  1).    Plaintiff repeats and re-allege each and every allegation
14  set forth in **all** preceding counts and by reference incorporate
15  same as though fully set forth verbatim at this place;

16    Pursuant to 42 **U.S.C.** § 1986 Defendant Patrakis, Associate
17  Warden, and J.A. Mendoza, Warden, (Acting), failed to prevent
18  the wrongs perpetrated in in violation of 42 **U.S.C.** § 1985(2)
19  & **(3)** and the First, Eighth & fourteenth Amendments to the United
20  States Constitution;

21    Plaintiff demand judgment against Patrakis & Mendoza,
22  jointly and severally, of $2,000,000.00 in punitive damages;

23

24  /////////                    ///////////////

25

26  /////////                    ///////////////

27

28

                            19.

## FIFTH CAUSE OF ACTION

### DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS OF

### A CLASS OF DIABETIC PRISONERS; FAILURE TO MAINTAIN

### ESTABLISHED DIABETIC PROTOCOL FOR SAN QUENTIN

1).     Plaintiff repeat and re-allege each and every allegation
set forth in **all** preceding counts and by reference incorporate
same as though  fully set forth verbatim at this place:

2).     Defendant Ayers, Warden, San Quentin State Prison;
Defendant N. Grannis, Chief, Inmate Appeals, California Depart-
ment of Corrections & Rehabilitation, **"Failed to Establish &**
**Maintain a Diabetic Protocol"** which was constitutionally required
to address the immediate needs of the Plaintiff and a Class
of Diabetic prisoners with chronic medical ailments;  such fail-
ure has caused permanent physical injury;  Further, defendants
have allowed precision and surgical retaliatory strikes aimed
at the now existing, Diabetic Protocol in place at San Quentin
State prison.

3).     Defendant Ayers Second level Response and Defendant
Grannis written decision have encourage present and future policy
omissions on an emerging Diabetic protocol as Defendants decision
making authority has taken flight;   Defendants written deci-
sions  were taken to conceal subordinate acts of abuse while
ensuring that **no mention** a a **"Diabetic Coma, Reaction, or**
**Kethacide Condition"**existed or is mentioned in response to Plain-
tiff's appeal or in departmental or institutional policy; Defen-
dants "mocked" Plaintiff's slight "dizziness and swelling,"
while knowing these symptoms are a precursor to a Diabetic Coma
or reaction;

4).    Deliberate Indifference by prison and the department caused an omission in Diabetic Protocol which allowed subordinate defendants to violate plaintiffs rights in cause physical injury.    Failure of defendants to establish a constitutional and adequate Diabetic protocol was and is a **monumental policy omission** and in not keeping in progress with evolving standards of medical care forr Diabetic Prisoners;

**WHEREFORE** Plaintiff demand judgment against Defendant Ayers, Warden, San Quentin State Prison;  Defendant N. Granni, chief,d Inmate Appeals, Department of Corrections & Rehablition, for a **monumental policy omission** in a non-existent Diabetic Protocol that has injured the Plaintiff physically, mentally, **"Congestive Heart Failure, Chronic Edema, Pitting Edema, Muscle & Nerve Deterioration,"**  upon Plaintiff:

Plaintiff demands;

(a)    **Lifetime Health Insurance** upon parole of the Plaintiff, of his own choosing;

(b)    Compensatory judgment against each defendant for $2,000,000.00 for Failure to Maintain a **Diabetic Protocol** that identifies the healthcare and treatment needs for Diabetic prisoners;

(c)    Compensatory damages for exposing Plaintiff to permanent injury based upon a policy omission, and for to be free from cruel and unusual punishment in violation of the **Eighth & Fourteenth Amendments** to the United States Constitution;

(d)    Plaintiff demand punitive damages of $2,000,000.00, based upon the critically important character of the Healthcare

21.

1  rights infringed upon and that injured the Plaintiff physically;

2  against each defendant, jointly and severally:

3  ///////// //////////////

4

5                        **STATE LAW CLAIMS**

6          This Court has discretion to adjudicate claims that

7  arise under independent state law;  for; Intentional Infliction

8  of Emotional Distress, Mental Anguish, Personal Physical Injury,

9  Breach of Duty to provide Medical Care and Permanent Injury;

10         Authorization is pursuant to **Title 28 U.S.C. §1367**

11 arising under California Law, which is not entirely identical

12 to and are premised  on the factual basis of the of the Federal

13 Claims  addressed above;

14         Defendants action reflect a callous and pervasive indif-

15 ference to the serious medical needs of the plaintiff;  Multiple

16 medications have been added to an already large regimen;  chronic

17 swelling of lower extremities and pain dictates how much activi-

18 ty plaintiff may engage in all in one day; the result of a **Depri-**

19 **vation of Food** followed by a **Kethacide Reaction & Condition**:

20                      **DECLARATORY RELIEF**

21         Defendants and each of them are wholly inimical to the

22 impartial review and fairness in administrative appeals proceed-

23 ings.  Defendant procedural administrative proceedings are gross-

24 ly inadequate to allow Plaintiff full litigation of any constitu-

25 tional injury;  Where administrative procedural regulations

26 are **adequate** in **theory** but Defendants indiscriminate acts of

27 concealment and active encouragement of the code of silence

28 make the corrective process unconstitutional in full practice;
   e.g. **Exhibit K,** a snapshot of defendants destructive exercise:

                              22.

1      I declare under the penalty of perjury that the fore-

2  going is true and correct.

3      Executed this 30th Day of April, 2008

4

5

6                  KENNETH JEROME PACKNETT

                 PLAINTIFF PROCEEDING PRO SE

7                   C-94858   1-N-37-L

                 SAN QUENTIN STATE PRISON

8                   SAN QUENTIN, CA  94974

9                 **V E R I F I C A T I O N**

10      I, Kenneth Jerome Packnett, declare and says;

11      Except as otherwise stated, I declare under the penalty

12  of perjury under the laws of the State of California that I

13  have personal knowledge of the facts set forth within, and if

14  called upon as a witness, I could and would competently testify

15  thereto, and that these statements are true and correct to the

16  best of my knowledge and belief, except as to those matters

17  stated therein to be alleged in on information and belief and

18  as to those matters that I believe them to be true.

19      Executed this 30th day of April, 2008, at San Quentin,

20  California.

21  DATED;    APRIL 30, 2008

22

23              RESPECTFULLY SUBMITTED,

24

25              KENNETH JEROME PACKNETT

            DECLARANT  IN PRO PER

26              C-94858   1-N-37-L

            SAN QUENTIN STATE PRISON

27              SAN QUENTIN, CA  94974

28

# Exhibit 'A'

# FIELD ASSESSMENT FORM

SAN QUENTIN FIRE DEPT

DATE 10/27/06  CREW Med One / 1700        ENG #        UNIT #

LOCATION in at Shack apprd        PT. AGE 46  M / F        WEIGHT

**LEVEL OF DISTRESS**  (MILD) / MODERATE / SEVERE        HOW PATIENT FOUND  Sitting

| **CHIEF COMPLAINT / PROBLEM** | Check if Normal ▼ | **PHYSICAL ASSESSMENT** |
|---|---|---|

P  Dizzy + weak in Legs        HEAD ☑

Q

R                                             FACE ☑

S

T                                             PUPILS  ☑ PERL ☐ Unequal  L / R is larger

PERTINENT OTHER HISTORY  Insulin dependent        ☐ No Response ☐ Sluggish ☐ Pinpoint ☐ Midrange ☐ Dilated

diabetes                                       NECK ☑

                                             CHEST ☑

                                             ABDOMEN ☑

MEDICATIONS                                    PELVIS ☑

                                             BACK ☑

ALLERGIES

PRIVATE MD                                     BACK ☑

**VITAL SIGNS**                                EXTREMITIES ☑

**LEVEL OF CONSCIOUSNESS**  ☐ Unconscious      NEURO EXAM ☐

Oriented  ☑ Person   Responds  ☑ Verbal       DISTAL PULSE ☐
to:       ☑ Place    to:       ☐ Painful
          ☑ Time               ☐ Sluggish      TIME        **TREATMENT**
          ☑ Situation          ☐ Non-Responsive
☐ Prior Loss of Consciousness  Duration:

**SKIN SIGNS**  ☑ All WNL                      PT. GIVEN 1 TUBE
                                              of ORAL GLUCOS
☐ WNL       ☐ WNL      ☐ WNL
☐ Pale      ☐ Wet      ☐ Cool
☐ Cyanotic  ☐ Clammy   ☐ Cold
☐ Flushed   ☐ Dehydrated ☐ Hot

| TIME | BP | P | R | EKG |
|---|---|---|---|---|
|  |  | 66 |  |  |

**COMMENTS**

PT. WALKED From MED 1
TO TTA

Exhibit A  Page 1  KJP

LUNG SOUNDS ☐

NAME  Packnett C94858 DOB        PHONE ( )

24

# Exhibit 'B'

| TE | TIME |
|---|---|
| 30/06 | |

c/o 5d H/o swelling M of legs, spread to arms & now face, Chest pressure, SOB, ⊕ Orthopnea, ∅ PND ∅ M/S/B, ∅ N/V/D/C, ∅ D/F/u.

O WD/WN ese NAD, A&O x4    ⊕ JVD
Chest CTA    Cor RRR N S₁, S₂, ⊕ m , ⊕ S₃ gallop
                    PMI laterally displaced
ext 2-3⊕ pitting PTO to past knees B/L

A ① CHF ② CAD ③ HTN, ④ DM2 ⑤ BPH
⑥ Asthma

P Advise code-2 to nearest ER for
R/o MI protocol.    ~Jerom Daszko, M.D. Lic. G72880

---

| TUTION | HOUSING UNIT |
|---|---|

### INTERDISCIPLINARY PROGRESS NOTES

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH
C94858
PACKNETT, KENNETH
01/31/66
EXHIBIT B #1-18

7230 (Rev 04/03)
CALIFORNIA    DEPARTMENT OF CORRECTIONS

REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

*CP*

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

*C & R, Labs*

NATURE AND IMMEDIACY OF SERVICE:   [X] MANDATORY   [X] EMERGENCY   [ ] ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED

*Marin General*

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):   [X] UNIVERSAL  [ ] RESPIRATORY   [ ] ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 8 DAYS)

*24-48 hrs*

SIGNATURE OF CHIEF MEDICAL OFFICER

| | DATE SIGNED |
| --- | --- |
| | 10/30/06 |

CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)

| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION | | |
| --- | --- | --- | --- | --- | --- |
| | | | [ ] MAXIMUM | [ ] MEDIUM | [ ] MINIMUM |
| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | | | ESCAPE RISK |

REMARKS

| SIGNATURE OF ASSOCIATE WARDEN | | DATE SIGNED |
| --- | --- | --- |

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

| REQUEST: [ ] APPROVED   [ ] DENIED | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| --- | --- |
| SPECIAL CONDITIONS: | *Packnett, Kenneth* |
| | ~~C94858~~  *C 94858* |
| WARDEN'S SIGNATURE | DATE SIGNED | FACILITY |

## REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT

CDC 7252 (3/93)                                    DEPARTMENT OF CORRECTIONS

*PAGE 2*

California Department of Corrections

Health Care Services Division

## Encounter Form: Chest Pain

Name: _Packett, K._  CDC# _C9455J_  DOB _1/31/60_  Date/Time _10/30/06 1725_
Fill in the blanks and check all that apply

**SUBJECTIVE:**

Chief Complaint: _SOB Chest pressure_
Date and time of onset: _12 noon today_
Activity at onset: ☑ Rest ☐ Exertion ☐ Sleep
☐ Other: _____
Pain: Scale of 0-10 (0=no pain 10=worst pain)
  Area of pain: _chest & sitting up_
  What makes it better/worse? _Movement > Bending over_
  Radiating pain? (describe) _NON_
☐ Nausea ☐ Vomiting ☐ Dyspnea ☐ Palpitations
☐ Syncope ☐ Dizziness ☐ Cough ☐ Anxiety
☐ Fatigue ☐ Diaphoresis
History: ☐ previous MI ☐ CHF ☐ smoking
☑ HTN ☑ cardiac disease ☐ stroke ☐ pacemaker
☐ thrombophlebitis or PE ☐ COPD ☐ diabetes
☐ recent URI ☐ chest trauma ☐ leg cramps
☐ family history of heart disease
Last meal _12 noon late PARIS °11_
Recent illicit drug use _____
Allergies: _NKA_
Current medications: _See Med Profile_

**OBJECTIVE:**

☑ ABCs Present
☑ Awake, alert, oriented to person, place, time  Ⓐ
VS: Temp _96°_ Pulse _82_ Resp___ B/P _150/95_
  Wt _310 lbs_ Pulse Ox _98%_
☐ Anxiety ☐ Pallor ☐ Diaphoresis ☐ SOB
☐ Neck vein distention ☐ difficulty breathing
☐ Cyanosis ☐ chest wall tenderness ☐ pedal edema
(describe) _____
Lung sounds: Upper Right        Upper Left
        ☐ Clear              ☐ Clear
        ☐ Wheezes            ☐ Wheezes
        ☑ Crackles _roli_    ☑ Crackles _R_
        ☐ Diminished         ☐ Diminished
        Lower Right          Lower Left
        ☐ Clear              ☐ Clear
        ☐ Wheezes            ☐ Wheezes
        ☐ Crackles           ☐ Crackles
        ☐ Diminished         ☐ Diminished
Heart sounds: ☐ Regular ☐ Irregular (describe) _____

**ASSESSMENT:**

☑ Pain evidenced by/related to:
  _Co_
☐ Alteration in tissue perfusion, cardiac, related
  to/evidenced by: _____
☐ Other: _____

**PLAN:**

MD referral completed: (circle) NO (YES) If yes:
☑ STAT (Acute Coronary Syndrome; gastroesophageal reflux
  if over 35 Y.O. hx of HTN, dyslipidemia, CV disease, diabetes
  or hx of heart disease; pleuritic chest pain)
☐ Urgent ☐ Routine
Physician called (name/time) _1700_
Physician responded (time) _____

**ACUTE CORONARY SYNDROME:**

☐ Patient placed in position of comfort.
☑ O2 given via _NC 2L_ to maintain O2 Sat
  ≥ 90%. (Time started) _____
☑ Cardiac monitor applied; rhythm strip placed in
  UHR
☐ Chewable Aspirin 325 mg PO at _____
☑ Nitroglycerin 1/150 grains sublingually:
  ☑ Dose #1 given at _1730_
  ☐ Dose #2 given at _1737_
  ☐ Dose #3 given at _____
☐ IV Site: location: _RAC_  Time: _1737_
  Needle: _18 g_  Rate: _____
  Solution: Normal Saline

| Time | BP | Pulse | Resp. | O2 Sat. |
|------|------|-------|-------|---------|
| 1700 | 150/82 | | | |
| | | | | |
| | | | | |
| | | | | |

| Time | Cardiac rhythm | | |
|------|--------|--------|--------|
| 1730 | ☑ regular | ☐ irregular | |
| | ☐ regular | ☐ irregular | |
| | ☐ regular | ☐ irregular | |
| | ☐ regular | ☐ irregular | |

_BS = 200_

| | | Y = Yes | N = No |
|---|---|---|---|
| | Time | _1735_ | |
| Oriented to time, place, person, situation | | Y | |
| Opens eyes spontaneously | | Y | |
| Speech clear, appropriate | | Y | |
| Obeys commands | | Y | |

Additional Comments: _Code #3 amb_
_Speech clear Calm Breathing_
_deep regular sbn pulls_
_any good Historian_

Signature / Title _n ✓_

ENCOUNTER FORM: CHEST PAIN
CDC FORM XXXX

_PAGE 3_

29                    5/04

# ECHOCARDIOGRAPHY REPORT

**Patient Name:  KENNETH PACKNETT**
**Referring MD:  SQ, M.D.**          Study Date:  October 31, 2006

| MEASUREMENTS: (Normal) (M-Mode) (2-D) | M-MODE | 2-D |
|---|---|---|
| LV End Diastolic Diam: (4.0-5.3) (3.7-5.7) | 5.42 cm | |
| LV Systolic Diam: (2.2-4.0) | 2.92 cm | |
| LV Septal Thickness: (0.7-1.3) | 1.67 cm | |
| LVPW Thickness: (0.7-1.1) | 1.67 cm | |
| Ejection Fraction: (50-75%) | 77.0 % | |
| Aortic Diameter: (3.0-3.9) | 4.00 cm | |
| Aortic Valve Opening: (1.5-2.0) | | |
| Left Atrial End Systolic (2.5-4.0) (4.1-6.1) | 4.75 cm | |
| RV End Diastolic Diam: (1.3-2.6) (2.4-4.4) | | |

| DOPPLER: Peak/Mean Gradient | Valve Area | Pressure Halftime | Regurgitation |
|---|---|---|---|
| Aortic: | | | |
| Mitral: | | | |
| Pulmonic: | | | |
| Tricuspid: | Tricuspid Regurg. Gradient: 32.7 mmHg | | |

Mitral Valve Inflow:   E: 1.12 m/s   A:  1.12 m/s   E/A Ratio:  1.00   E/E':

## INTERPRETATION

**Left Ventricle:** Normal size, and contractility without wall motion abnormalities. Moderate concentric left ventricular hypertrophy.
**Right Ventricle:** Normal in size and function.
**Left Atrium:** Normal in size.
**Right Atrium:** Normal in size.
**Pulmonary Veins:** Not recorded.
**Aortic Valve:** Normal and trileaflet.
**Aortic Root:** Normal.
**Mitral Valve and Annulus:** Morphologically normal.
**Pulmonic Valve:** Morphologically normal.
**Tricuspid Valve:** Morphologically normal.
**Doppler with Color Flow Imaging:** As described.
**Pericardium:** No significant pericardial effusion.
**Inferior vena cava:** Normal in size and contracts with inspiration.
**Study Quality:** Good.
**CLINICAL HISTORY: CHEST PAIN, HTN, DM**

**CONCLUSION:** Moderate concentric hypertrophy with preserved LV systolic function. No segmental contractile abnormalities seen. Moderate LA enlargement. Valves are normal. Mild pulmonary HTN.

Sonographer:
BB

David Sperling, M.D., F.A.C.C.

MED REC # 02172920
MARIN GENERAL HOSPITAL
GREENBRAE, CA  94904
(415) 925-7000

NAME: KENNETH PACKNETT
Room #: 3118
PHYSICIAN: David Sperling, M.D.

ECHOCARDIOGRAPHY REPORT

PAGE 4

Marin General Hospital
Greenbrae, CA 94904
(415) 925-7000

ADMIT DATE:            10/30/2006
DISCHARGE DATE:

DISCHARGE DIAGNOSES:
1. Chest pain of uncertain etiology.
2. Diabetes mellitus.
3. Hypertension.
4. Asthma.
5. Edema.

DISCHARGE MEDICATIONS:
1. Aspirin 81 mg daily.
2. Lipitor 20 mg nightly.
3. Singulair 10 mg daily.
4. Insulin as before, which consists of 70/30.
5. Lisinopril 20 mg b.i.d.
6. Spironolactone 25 mg daily.
7. Lasix 40 mg b.i.d.
8. Hydralazine 25 mg q.i.d.
9. Minoxidil 10 mg t.i.d.
10. Clonidine 0.1 mg 2 tablets t.i.d.
11. Advair 250/50 Diskus 1 puff b.i.d.

HOSPITAL PROCEDURES:
1. Two-dimensional echocardiography.
2. Nuclear stress test.

HOSPITAL COMPLICATIONS: None.

CONDITION ON DISCHARGE: Stable, improved.

DISPOSITION: He is discharged back to San Quentin to the care of his physicians.

DIET: Remains no added salt.

ACTIVITY: As tolerated.

STUDY RESULTS: The nuclear scan result is pending at the time of this dictation.

HOSPITAL SUMMARY: The patient is a 46-year-old male with multiple coronary risk
factors, who presented with three days of prolonged left chest pressure, edema, and
hypertension. He had undergone a nuclear scan two to three months ago at Novato that

| DISCHARGE SUMMARY | Patient Name: CDCC94858PACKNETT, KENNETH |
|---|---|
| | MR#: 02-17-29-20 |
| DAVID C. SPERLING, M.D. | Account #: 00904317047 |

PAge 5  31

Marin General Hospital
Greenbrae, CA 94904
(415) 925-7000

was unremarkable. He stated that he had had no history of similar chest discomfort previously. His cardiac enzymes were negative x3. His EKG initially was normal and then T-waves flattened two days after admission. His chest pains waxed and waned. His blood sugars were well-controlled; he was seen by the Hospitalist Service in that regard. He had no asthma while at Marin General Hospital. His chest x-ray was unremarkable. He is to undergo a nuclear scan today and if that is negative, he will be transferred back to San Quentin. If positive, he will require cardiac catheterization. It should be noted that his blood pressures on admission were in the 160-170/110 range, and at discharge were 130-150/65-85. The changes in his medicines include discontinuation of nifedipine (his edema improved markedly while here), the substitution of Lasix 40 mg b.i.d. for triamterene, the addition of spironolactone 25 mg daily, the addition of aspirin 81 mg daily, and the doubling of lisinopril to 20 mg b.i.d.

His follow-up will be with Dr. William Williams and I will attempt to reach him today.


                    Pending Electronic Signature by DAVID C. SPERLING, M.D.

D: 11/02/2006 09:02:47
T: 11/02/2006 10:09:36
Job #: 7453070/pf
Cnf #: 204982
cc:     CARL SPITZER M.D.
        Medical Records San Quentin: Marylee
        William Williams MD

| DISCHARGE SUMMARY | Patient Name: CDCC94858PACKNETT, KENNETH |
| --- | --- |
| DAVID C. SPERLING, M.D. <br> - 2 - | MR#: 02-17-29-20 <br> Account #: 00904317047 |

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 11/2/06 | 1820 | | T.O. Dr. Austin |
| | | 1) | Rehouse in NB |
| | | 2) | Spironolactone 25mg PO BID |
| | | 3) | Imp 40mg PO BID |
| | | 4) | See NB MD 11/3/06 |
| | | | Dr. Austin /Bruin RN |

ALLERGIES: W.H., food, grass, dust

INSTITUTION: SQSP

ROOM/WING: NB

Confidential
client information
See W & I Code, Sections 4514 and
5328

CDC NUMBER, NAME (LAST, FIRST, MI)
Packnett K
C94858
01/31/1960  Page 7

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA          OSP 05 93416          DEPARTMENT OF CORRECTIONS

| DATE | TIME |
|------|------|
| '03/06 | |

S) Released yesterday from MGH Ⓕ 3 d stay
for edema, ? CHF, feels much better, Ø CP/SOB,
Øf/d/6/R, ØN/V/D/C

O) WD Obese NAD, A&O×4    ØJVD

Chest CTA

Cor RRR s̄ m̄/rub, N̄ L̄S₁S₂ # guar

extr- trace B/L pitting pⁱᵗᵗ to ankles.

A) 1)CHF  2) CAD  3) HTN  4)DM₂  5)BPH  6)Asthma

P) Cont Lasix & Aldactone is Rx'd in MGH.
Flu ? PNx chronic Care High Risk

~~Jarom Daszko, M.D.  Lic. G72850~~

| | | |
|--|--|--|
| TTUTION | HOUSING UNIT | |

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

C94858

PACKNETT, KENNETH

01/31/60

Page 8

**INTERDISCIPLINARY PROGRESS NOTES**

C 7230 (Rev 04/03)
E OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication<br>(Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 11/6/06 | | | |
| | 1130 | | Prilosec 20mg Po q AM x 6mo |
| | | | Increase Cardura to 8mg Po qhs x 6mo |
| | | | √ BP q week |
| | | | √ Accucheck BID |
| 11/6/06 | | | PMU 7days Chronic Care |
| | 1200 | | J DASTKO MD |
| | | | G72860 |
| | | | |

ALLERGIES:

INSTITUTION: SQ

ROOM/WING: N1-37L

Confidential
client information
See W & I Code, Sections 4514 and
5328

CDC NUMBER, NAME (LAST, FIRST, MI)

C 94858
Packnett, K
1/31/60

PAGE 9

35

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA          OSP 05 93416          DEPARTMENT OF CORRECTIONS

List Chronic Diseases:

(1) _DM 2_____, _CAD / CHF_____ _HTN_  _GERD  BPH  ASTHMA/AR_

HISTORY: (Attach a progress note form, if needed, to provide a more complete history.)
Current medications (*if no pharmacy profile attached*) and adherence since last visit:

_Nocturia  ↓ to 2-3 x/noc,    EPACTSLR,  D/N/V/DLC_

RN SIGNATURE

**Complaints/Problems:** (Discuss in space provided)

CV / Hypertension: Chest Pain: ☐ Yes ☒ No   SOB: ☐ Yes ☒ No   Diabetes Mellitus: # of hypoglycemic reactions since last visit: _____

Asthma: # attacks since last visit?   Seizure Disorder: # seizures since last visit: _____

    # short acting beta agonist canisters in last month: _____   Discussion: _____

    # visits to ETA for asthma since last visit: _____

    # times awakening with asthma symptoms per week: _____

Additional History:

CCP compliance *(e.g. diet, exercise, medications):*

**EXAM:** *HEENT/Neck:* _WD, Obese NAD_    *Rectal:*

*Heart:* _RRR, NL S₁ S₂, Ø ØØ Ø⟩_    *Neurological:*

*Lungs:* _CTA_    *Other (specify):*

*Abdomen:*

*Extremities/Pulses:* _2⊕ pitting PTO to knees_

| Comments on BP or Glucose Monitoring: |

**ASSESSMENT:** Diagnoses

| | | Degree of Control | | | | Clinical Status | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | G | F | P | NA | I | S | W | NA |
| 1. | _CAD / CHF  ④ Asthma  ⑦ BPH_ | ☐ | ☒ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2. | _HTN           ⑤ AR_ | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3. | _DM 2          ⑥ GERD_ | ☒ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**PLAN:**

Medications: _↑ Aldactone to 50mg q̄ AM_

Diagnostics:

Labs:

Monitoring: ☐ BP / Frequency: ____   ☐ Glucose / Frequency: ____   ☐ Peak flow   ☐ Other:
    ( ___ X day / week / month)   ( ___ X day / week / month)

Education provided: ☐ Nutrition  ☐ Exercise  ☐ Smoking  ☐ Test Results  ☒ Medication Management
☐ Other (specify): _Chronic for wedge pillow_

Referral: ☐ Specialist (indicate type):    ☐ Other Chronic Care Program

Interval to next visit: ☐ 90 Days   ☒ 30 Days   ☐ Other ____ Days   ☐ Discharge from CCP (specify):

PROVIDER SIGNATURE _Jason Jaszko, M.D. Lic. G72880_

DATE _11/13/06_

INSTITUTION _S.Q._

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

_C94858_
_Packnett, K_
_1/31/60_
_11_
_10_

**CHRONIC CARE
FOLLOW-UP VISIT**

DC 7402 (03/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

DEPARTMENT OF CORRECTIONS

ATE OF CALIFORNIA
IC 7231-A, (Rev. 11/02)
UTPATIENT MEDICATION ADMINISTRATION RECORD (Continued from reverse)

ocumentation of PRN, no show, or refusal of medication. (Date, Time, Medication, Dose & Reason, Signature.)

Katie- **OR ANY RN Triage**                     5 5/ 5

Can you please check on Pucknett C-94858
I.N. 37
He has a Hx: CHF. He's on 40mg lasix BID plus he's
been taking an x-tra dose @ HS. He's not on any
K+, plus his ankles are 3-4 ⊕ edema. He can only
make it to the 2nd Tier and he gets SOB. He lives on
1st thank goodness.

Thank you-

Stacy

Patient was fine refused to get
assessment

PAGE 11



PAge 12

# Exhibit 'C'

[CITIZEN'S COMPLAINT]

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**     (SQ)
CDC 602 (12/87)

Location: Institution/Parole Region        Log No.              Category
1. _____ SQ _____    1. 07-00799        5
2. _____      2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| KENNETH JEROME PACKNETT | C-94858 | UNASSIGNED | 1-N-37-L |

A. Describe Problem: 1) S.Q. Search Policy Defective in Application; 10-25 Search conducted in a "Enraged Frenzy!"
2) No Staff Accountability, search Receipts or identification; [CCR § 3287(a)(2) & (a)(4)] 3)... Placement in Chow
Hall 10-26 until 0140 hrs created calf swelling, 10-27 Lower Yard holding induced "sortness of breath, Dizziness,
unsteady walk, swollen legs!" "Blood Sugar 355, No Physician on Duty: 4). Items Improperly Removed a. 3-Bowl Set
white bottom blue lid; b. 1 Clear Bowl w/Lid; c. 1 Stinger, d. 1 Box Ajax; 1 T.V. Board, made of Cardboard;
e. Disinfectant in Plastic Spray Bottle; f. 1 Whisk Broom; Placement in chow hall and lower yard for extended
periors of time had detrimental effect for appellant and were totally uncalled for; Swelling in Legs and Calves
for a Diabetic can have longlasting effects and should not be allowed;

If you need more space, attach one additional sheet.

B. Action Requested: 1). Verification Improper Search & Medical Condition needlessly aggravated;
2). Return of a, 3-Bowl Set, white bottom with blue lid, Unique to S.Q.; 1 Clear bowl w/lid;
1 Stinger, all Canteen Bought, CMF & S.Q.; 3) One (1) Replacement Non-Flammable T.V. Board,
with Strapes, Disinfectant in Spray Bottle and One (1) Whisk broom; "Lower Bunk Beds;"

Inmate/Parolee Signature: _Kenneth Jerome Packnett_        Date Submitted: 10-28-06

                                              FEB 2 7 REC'D

C. INFORMAL LEVEL (Date Received: _____ )            OCT 3 0 REC'D
                                                               NOV 0 9 REC'D
Staff Response:

~~Bypass~~

                                                               RECEIVED
                                                               NOV 29 2006
Staff Signature: _____              Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~Bypass~~

Signature: _Kenneth Jerome Packnett_                    Date Submitted: 10-28-06
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

_Exhibit C Page 1_

First Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __FEB 27 2007__ Due Date: __APR 1 0 2007__

Interviewed by: _____

See ATTached.

Staff Signature: _____ Title: C/SGT  Date Completed: 3-27-07
Division Head Approved:
Signature: _____ 4/13/07 Title: AW APR 1 3 REC'D Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

1). 1st response thoughtful & eloquently written 2). Unfortunately, compensation cannot yet be determined.

3). Appellant suffered an Insulin Reaction, following the Express Denial of Food for five (5) hours, after after receiving an insulin injection. that was medically required. 4). 1st Level response does not I.D. prison Official who ordered, supervisored and delayed feeding; Denial of Food/Medically needed, was taken for non-meidcal reasons.

Signature: Kennett Jerome Packnett  APR 2 6 REC'D  Date Submitted: 4-23-07

Second Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____  APR 26 2007

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: APR 26 2007  Due Date: MAY 2 4 2007
☒ See Attached Letter

Signature: K Chandler  JUN 1 8 REC'D  Date Completed: 6-15-7
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

ISSUE; Denial of Food following an Insulin Injection for five (5) hours:  INST RESPONSE;
"It was stated that your condition was not related to the search."  APPELLANT RESPONSE
Institution reply is disingenuous, baseless and couched in terms of deception; Totality
of circumstances caused emergency room treatment, hospitalization and permanent injury.
Disatified with Institution's tepid response:

Signature: Kennett Jerome Packnett  Date Submitted: 6-27-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☒ See Attached Letter  OCT 0 1 2007
CDC 602 (12/87)  Date: _____

# Exhibit 'D'

# INMATE/PAROLEE APPEALS SCREENING FORM

AME: _Packnell_    NUMBER _C94858_    SQP LOG No:_____

(OTHER LOG NO)_____    ISSUE:_____    AREA OF ORIGIN:_____

IOUSING UNIT _1N37_    NOTE_____

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

__1. The action or decision being appealed is not within the jurisdiction of the Department.
_____a. **BPT Issue, file BPT 1040 form** & submit to C&PR    _____b. Other, see comments

__2. You have submitted a duplicate appeal on the same issue.  Check one:
_____Your first appeal was screened out on _____ for _____
_____Your appeal is currently under review at the_____ level.
_____Your first appeal has been completed at the _____ level.

__3. You are appealing an action not yet taken.

__4. You may not submit an appeal on behalf of another inmate.

__5. You have not adequately completed the Inmate/Parolee Form (CDC 602) or attached the proper documents.
_____CDC-115 Hearing Officer's or Disciplinary Committee Results    _____Supplemental Reports to CDC-115.
_____CDC-115A with I.E./D.A. info.    _____CDC-128B1 Hearing Notif.    _____CDC-839/840 Class/Reclass Score Sheet
_____CDC-128G ICC/UCC Clas.Com.    _____CDC-128G Init. Clas. Com.    _____CDC-128G CSR Endorsement Chrono
_____Lab Results Sheet    _____CDC-114D Lock Up Order    _____CDC-1030 Confidential Disclosure
_____CDC-7219 Medical Report    _____Legal Status Summary    _____CDC-128C Medical Chrono
_____Board of Control Claim Form (attached)    _____Property Inventory Slip
_____Receipts:_____Qtr.Pkg. Inventory Slip    _____CDC-143 Property Transfer Slip    _____Cell Search Slip
_____You have failed to complete Section_____    _____Sign & Date Section_____
_____Other:_____

__6. There has been too great a time lapse between when the action or decision occurred and when you filed your appeal.

__7. This issue has been appealed under the assigned SQP Appeal Log No._____. Per DOM section 54100.10.1,
a copy of the reviewer's response:    _____Is attached    _____Will be forwarded to you upon completion

__8. Abuse of the Appeal Procedure.  See Comments.

omments: _Your appeal is not appropriate for formal level processing. You must provide proof of having received an informal level response_

_rior to submitting this appeal to the Appeals Office, for further processing. Reference CCR section 3084.2(c) which states: Place of Filing._

_t the formal levels, the appeal shall be forwarded to the appropriate office or appeals coordinator within the time limits prescribed in_

_ction 3084.6.  NOTE: as of 6/23/97, Appeals Office will not assign log numbers to informal appeals. Appeals will receive a log number_

_on reaching the 1st formal level if necessary. Please take heed of this notice when preparing future appeals._

CHANDLER-DACANAY    W. JEPPESON    send to property c/o
C-II, Appeals Coordinator    CC-II, Appeals Coordinator    Date _10-30_

his screening action may not be appealed unless you allege that the above reason is inaccurate.  In such case, please return this
rm to the Appeals Coordinator with the necessary information.    11-5 follow instructions

## PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE.

EXHIBIT D P9'

# Exhibit 'E'

ADDENDUM TO INMATE APPEAL                    RESPONSE TO S.Q. SCREENING FORM

R. Chandler-Decaney, CC II, Appeals Coordinator
W. Jepperson, CC II, Appeals Coordinator


Kenneth Jerome Packnett
C-94858 1-N-37-L

        RE:    INACCURATE EVALUATION AND DECISION TO FORWARD
               1ST LEVEL FORMAL COMPLAINT TO PROPERTY OFFICER

                                I.

I.        Events presented in this appeal are in sequential order and it would
be imprudent to mistakenly distort the facutal order of presentation and
the accurate nature of this claim:

| a. | 10-26-06 | 1100 Hours | Search Commenced of North Block |
| b. | 10-26-06 | 1800 Hours | Blood Sugar test and insulin received at 2200 Hours; |
| c. | 10-26-06 | 2200 Hours | First Tier of NOrth Block Chow Call & Feeding; highly irredular, time spent in chow hall, untill 0200 Hours, seating extrememly uncormfortable on steel stools, had to stand up most of time; |
| d. | 10-27-06 | 0730 Hours | First Tier NOrth Block stripped out for unclothed body search; Received Insulin next; discovered & notified medical of slight foot swelling; received chow and then ordered to lower yard; |
| e. | 10-27-06 | | Time spent on lower yard was in direct sunlight, unable to sit on steel stools, unable to rest or doze on wooden stage or concrete; spent alot of time standing up in Sun until exhausted; |
| f. | 10-27-06 | 1530 Hours | Returned to upper yard, then rested and sat in shade, later tried to lay on bench, but belligerantly ordered to moved by Search Staff; presented medical trouble to "Captain Fos, & Captain Henry," both directed appellant to have a seat, ordered Med I response, and I was transferred to infirmary; |
| g. | 10-27-06 | 1430 Houea | Examined by TTA, advised no physician on duty, presented swollen feet and calves, EKG performed, Blood Sugar Spike, "355," directed to return to unit, upon return, cell ransacked & trashed, could not rest, spent hours trying to sort out combined property; |

                                1.

                          Exhibit E, pg #1

ADDENDUM TO INMATE APPEAL                    RESPONSE TO S.Q. SCREENING FORM

| | | | |
|---|---|---|---|
| h. | 10-30-06 | 1600 Hours | Swelling increased from feet, to ankles shins, calves, knees, thights, arms & face; Physician Exam, "Code 2 Ambulance summoned, transported to Marin General and admitted, #904317047, 02-17-29-20," |
| o. | 11-02-06 | 1700 Hours | Discharged from Marin General, swelling blood pressure, blood sugar decreased, return to S.Q. |

## II.

1.    Search was conducted in a rataliatory manner and publicly bragged about.  Execution of search by S.Q. personnel was out of control, had inmates out until 0200 hours, there was no emergency circumstances, no escape, no inmate violence, assault, stabbing, shooting or killing!

2.    Search policy did not include **"universally known provisions,"** which require 'Insulin Dependent Diabetics' to eat, at the very least, **forty-five** minutes of receiving insulin;  This Diabetic Policy is reigorously adhered to at all departmental institutions;

3.    Search policy did not include provisions for removing canteen bought utensils, food heating tool, smashing meat items, throwing them on the floor and leaving boot prints all over them, pouring out half a 5 lb. can of lemonade into the toilet;  all of which are needed to ensure self-monitoring of diet intake, in order to prepare my own meals when needed to offset non edible meals provided in the Chow Hall;

## III.

**Decision** to forward this appeal regarding San Quentin Search Policy and its defective application to Receiving & Release Property Officer, is highly unreasonable and a mistake;

**Request** Appeal be processed as a **Formal 1st Level Complaint,"** and submitted for 1st level or Review;

Kennett Jerome Packnett

cc:    file

2.

Exhibit E pg 2

Exhibit 'F'

November 25, 2006


ATT: Chief, Inmate Appeals
Director of Corrections
Post Office Box 942883
Sacramento, CA 94283-0001


kenneth Jerome Packnett
C-94858 1-N-37-L
CSP-San Quentin
San Quentin, CA 94974

                RE:  IMPROPER SCREENING DECISION; IMPLEMENTATION OF A SAN
                     QUENTIN SEARCH;  BEYOND INSTITUTION POLICY AND
                     DESTRUCTIVE IN APPLICATION; [CCR §§ 3287(a)(2) & (a)(4);]

1.       Enclosed appeal is required to be processed at the "Second
Formal Level Of Review;"  [CCR §30844.5(a)(2)(D)] & [CCR § 3084.5(b)
(1)] "....a policy or procedure implemented by a institutional head.;"

        a)   Instuional Search was conducted outside of established
             departmental regulations;  [CCR § 3287(a)(2)] & [CCR §
             3287(a)(4)]

        b)   Need ofr diabetic inmates to eat within forty-five (45)
             minutes following insulin injection was not accommodated
             until five (5) hours following shot;

        c)   Items identified a being seized is a minute point included
             to depict the full flavor of contested actions taken by
             departmental officials

2.       Here, in this case, San Quentin Appeals Coordinator(s) have
created a "Analytical Catch 22," by

        a)   Ignoring Substantive Policy Issue and Deliberate Indif-
             ference to Serious Medical Needs; and

        b)   Directing Appellant to forward appeal to a "Property Offi-
             cer?  Property Officer does not have the administrative
             authority to initiate or conduct an examination in to
             the above;

        Appellant request that his appeal be processed as a Second
Formal Level and/or certification that no further relief is available
within the Department of Corrections.

_Kenneth Jerome Packnett_
Kenneth Jerome Packnett
C-94858 1-N-37-L

        cc:    file

                                        1.    _Exhibit 7 pg #1_

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ...ΝΟLD SCHWARZENEGGER, GOVERNOR

## *INMATE APPEALS BRANCH*



1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

February 8, 2007

PACKNETT, CDC #C-94858
California State Prison, San Quentin
San Quentin, CA  94964

Re:

Dear Mr. PACKNETT:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

*Exhibit 7 pg 2*

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

Appellant Received 2-15-07; Appellant Resubmit 2-18-07

# Exhibit 'G'

## CDCR-602 INMATE APPEAL RESPONSE

**FIRST LEVEL RESPONSE**

| | |
|---|---|
| **DATE:** | 2-27-07 |
| **INMATE NAME:** | PACKNETT |
| **INMATE CDCR#:** | C-~~████~~ 94858 |
| **CDCR-602-LOG#:** | CSQ-3-07-00799 |
| **DATE INTERVIEWED:** | 4-9-07 |
| **APPEAL DECISION:** | PARTIALLY GRANTED |

**APPEAL ISSUE:**
Your appeal indicates San Quentin Search Policy Defective in Application; October 25, 2006, search conducted in an "Enraged Frenzy!"  No Staff accountability, search receipts or identification. Retained in Chow Hall on October 26, 2006, until 0140 hours, created calf swelling; October 27, 2006, lower yard holding induced "shortness of breath, dizziness, unsteady walk, swollen legs!"  "Blood Sugar 355, no physician on duty; Items improperly removed; 3-piece bowl set, white bottom blue lid; one (1) clear bowl with lid; one (1) stinger; one (1) box Ajax; (1) T.V. Board, made of cardboard; disinfectant in plastic spray bottle; and one (1) whisk broom.

You are requesting verification Improper search and medical condition needlessly aggravated; return of a 3-piece bowl set, white bottom blue lid; one (1) clear bowl with lid; one (1) stinger; all canteen purchased at California Medical Facility (CMF) and San Quentin State Prison (SQSP); Replacement Non-Flammable T.V. Board, with straps; disinfectant in plastic spray bottle; and one (1) whisk broom.

**APPEAL RESPONSE:**
Your appeal is **partially granted**. Per California Code of Regulations (CCR), Title 15, Section 3084.5(f), a personal interview was conducted with you on Monday, April 9, 2007, by Facility Captain S. Henry, in the North Block Facility Captain Trailer, located on the lower yard.

Effective communication was established as you, inmate Packnett indicated that you have completed one (1) semester of Junior College, you are able to read, write, speak and comprehend Basic English; and you are fully capable of understanding our discussion regarding your appeal issue.

During this interview, you were read your original CDCR 602 Inmate Appeal verbatim. Then provided the opportunity to fully explain the contents of this appeal and to provide any supporting information and or documents you might have obtained.

**STATEMENT OF INMATE PACKNETT:** You indicated a search was initiated, no consideration was given to you and your dietary needs following your insulin injection. You claim that you were not allowed food for up to five (5) hours after you received your insulin injection. Each time you or any other inmate would ask when would you receive your meal, you claim that staff responded, "In ten (10) to fifteen (15) minutes..." this went on until 2200 hours, when you claim to have been eventually fed.  You indicate that you remained in the chow hall until 0200 hours.  You where then returned to your assigned cell only to find that it was tore up.

*Exhibit 6 #pg. 1*

FIRST LEVEL RESPONSE
Page 2

You claim that you experienced swelling of your extremities. You further claim that the following day, you were instructed to submit to an unclothed body search, after which you informed and showed the on duty Medical Technical Assistant (MTA) that you were swelling. You then received your insulin injection, ate breakfast, and then placed on the lower yard until approximately 1500 hours. Subsequently, when you returned to your assigned cell you observed that your limbs were swollen. Another inmate in your assigned unit informed you that you did not look well, and indicated that they would get staff. However, you claim that although you did not observe the inmate actually go and speak to staff that the inmate informed you that staff indicated that they saw you, and that you looked fine to them. Therefore, the staff member did not respond. You were subsequently approached by two Facility Captains who then had you transported to the infirmary for further evaluation. You claim that you were later transported via ambulance to the local hospital for further medical treatment. You claim that you were retained at the local hospital for four (4) days.

You are requesting verification of an improper search and medical condition needlessly aggravated; return of a 3-piece bowl set, white bottom blue lid; one (1) clear bowl with lid; one (1) stinger; all canteen purchased at California Medical Facility (CMF) and San Quentin State Prison (SQSP); and replacement non-flammable T.V. Board, with straps.

**CONCLUSION:** After a thorough review, to include a review of the Inmate Appeal CDCR 602; D.O.M. Chapter 5, Article 43, Inmate Property; San Quentin Operational Procedure # 0-0215 Inmate Personal Property and Cell Standards, a review of the scribe notes, cell search receipts from the unit search, interview with San Quentin medical staff and an interview with you, the following facts are determined.

On Monday, April 2, 2007, San Quentin Medical staff was contacted regarding your appeal issue. Health Information Patient Privacy Act (HIPPA) does not allow for medical staff to discuss your specific medical issues however, it was stated that your condition was not related to the search. Additionally, it is noted in your submitted report that you were seen by medical staff on October 27, 2006 at approximately 0730 hours and again on October 27, 2006, at 1530 hours.

Although there were some errors in the manner that staff conducted the search, it was by no means an improper search.

Your request for a replacement non-flammable T.V. Board, with straps; disinfectant in plastic spray bottle; one (1) whisk broom and canteen purchased before October 20, 2006, **is denied.**

In your appeal you claim that you lost a T.V. Board that was fashion from cardboard however you are requesting a non-flammable Board. Because the board was fashioned from cardboard, it is considered a fire hazard and is therefore not authorized. Disinfectant /spray bottles and whisk brooms are cleaning supplies that is stored and

Exhibit 6 Pg #2

FIRST LEVEL RESPONSE
Page 3

maintained by the unit staff. This is not an item that is authorized to be retained in your cell. These items can be checked out by staff to clean your cell.

A review of your canteen purchases reflect that you shopped on September 22, 2006, and again on October 20, 2006. Because the search took place five (5) days after your last purchase, your request for all canteen purchased prior to October 20, 2006, are **denied**.

Due to staff error in documenting the results of your cell search, your request for the return of the following; a 3-piece bowl set, white bottom blue lid; one (1) clear bowl with lid; one (1) stinger; and canteen purchased on October 20, 2006, at San Quentin State Prison (SQSP); is **granted**.

Based on the above mentioned, I have offered to replace the item(s) Per California Code of Regulations (CCR), Title 15, Section 3084.7(e) *Lost or damaged personal property appeals* (2) *Replacement or restoration of property* which states;

> (A) An attempt shall be made by staff to use local resources to substitute for, or replace lost property at no cost to the state, or to repair the item at institution expense.
> (B) An appellant's refusal to accept repair, replacement, or substitution of like items and value to deny the appeal.

- **(1) Bowl with lid**
- **(1) Waltham Watch**
- **(1) Pair Tennis Shoes**

You agreed to this offer and per CCR Title 15; Section 3084.7(e)(2)(A) I informed you I would provide you with the above listed items, as equal value replacement

My Signature indicates that I am in fact satisfied with the property portion of this appeal. This portion of my appeal is considered resolved.
Kenneth Packnett V50503 *L Packnett*                Date *4-12-07*

*C-94858*

In addition to myself the following Correctional Staff have witnessed me signing this 602-appeal acknowledging my acceptance of the agreed upon replacement property.
Name *R. Dunn*                        Date *4-11-07*

Based on the above information, your appeal is **PARTIALLY GRANTED** at the **FIRST LEVEL** at the first level of review.

*Exhibit 6. pg 3*

FIRST LEVEL RESPONSE
Page 4


Should you have any questions regarding the above mentioned contact North Block, Correctional Sergeant K. Dennis.



_S. Henry_ _____          _4/12/07_ _____
**S. HENRY**                                        **Date**
**Facility Captain**
**North Block Lieutenant**

Exhibit 6 pg 4

COPY

TCSR40P
California Department of Corrections
Inmate Sales Receipt

Facility:          SQ
Commissary:        CANI

Inmate Rcpt #: 456945
Com Rcpt #:    482082
Inmate ID:     C94858
Inmate Name:   PACKNETT, KENNETH      10:58
Inm Acct Type: INMATE
               10-20-2006

Beg Acct Balance:

| Description | Qty | Price | Amount |
|---|---|---|---|
| ULTRA-BRITE (N) | 2 | 1.60 | 3.20 |
| TOOTHBRUSH | 2 | 0.45 | 0.90 |
| SPOON | 2 | 0.30 | 0.60 |
| COLGATE, GEL 4. | 2 | 2.10 | 2.10 |
| FOLGERS COFFEE, | 1 | 6.10 | 12.20 |
| CHERRY COKE, 20 | 4 | 1.00 | 4.00 |
| ORANGE SODA, 20 | 8 | 1.00 | 8.00 |
| COCA COLA, 20 o | 2 | 1.00 | 1.65 |
| CHIP, BBQ, 100 | 5 | 1.00 | 3.30 |
| CHIP, SC&O, 100 | 5 | 1.65 | 5.25 |
| CHEDDAR POPCORN | 2 | 1.05 | 10.00 |
| PICANTE BEEF RA | 50 | 0.20 | 7.50 |
| MEAT LOG, SALAM | 4 | 1.50 | 4.05 |
| DELI BITES, TUR | 4 | 2.40 | 3.30 |
| BEEF & CHEESE.1 | 6 | 0.45 | 3.00 |
| BANANA SANDWICH | 5 | 0.55 | 2.65 |
| BABY RUTH CANDY | 4 | 0.60 | 1.00 |
| TORTILLA, FLOUR | 1 | 1.25 | 3.00 |
| CHEESE SQUEEZE, | 1 | 2.65 | 1.65 |
| MAYONNAISE | 1 | 1.90 | 13.50 |
| PEPPERS, YELLOW | 2 | 1.50 | 7.20 |
| RICE, INSTANT | 3 | 0.55 | 12.00 |
| OYSTERS, SMOKED | 6 | 2.25 | 9.20 |
| CHILI W/BEANS, | 4 | 1.20 | 9.90 |
| ROAST BEEF & GR | 4 | 3.00 | |
| GROUND BEEF, ME | 9 | 2.30 | |
| TUNA POUCH | | 1.10 | |

Total: 148.55

End Acct Balance:

_____
Signature

_____
Date

Exhibit 6 pg 6

COPY

TC5R48P
California Department of Corrections
Inmate Sales Receipt

Facility:         SQ
Commissary:       CANI

Inmate Rcpt #: 453528
Com Rcpt #:    478384
Inmate ID:     C94858
Inmate Name:   PACKNETT, KENNETH
Inmate Acct Type: INMATE
09-22-2006                    10:17

Beg Acct Balance:

| Description | Qty | Price | Amount |
|---|---|---|---|
| LAUNDRY SOAP, A | 1 | 2.00 | 2.00 |
| ULTRA-BRITE (4) | 1 | 1.60 | 1.60 |
| TONE S/C | 2 | 0.90 | 1.80 |
| MURRAY'S POMADE | 1 | 2.50 | 2.50 |
| IRISH SPRING | 2 | 0.60 | 1.20 |
| FOLGERS COFFEE, | 2 | 6.10 | 12.20 |
| LINE LEGAL PAPE | 1 | 0.15 | 4.50 |
| ROAST BEEF & GR | 5 | 3.00 | 15.00 |
| ORANGE SODA, 20 | 4 | 1.00 | 4.00 |
| CHERRY COKE, 20 o | 16 | 1.00 | 16.00 |
| COCA COLA, 20 o | 4 | 1.65 | 6.60 |
| CHIP, SC&O, 10OZ | 1 | 1.65 | 7.35 |
| CHIP, BBQ, 10OZ | 7 | 1.05 | 1.50 |
| CHEDDAR POPCORN | 1 | 1.00 | 1.40 |
| MAYONNAISE | 1 | 1.40 | 2.65 |
| SLICED JALAPENO | 2 | 2.65 | 3.00 |
| CHEESE SQUEEZE, | 1 | 1.50 | 4.95 |
| SUGAR SUBSTITUT | 11 | 8.45 | 3.00 |
| BEEF & CHEESE,1 | 4 | 0.60 | 7.50 |
| BABY RUTH CANDY | 5 | 2.40 | 2.20 |
| DELI BITES, TUR | 4 | 1.50 | 2.50 |
| MEAT LOG, SALAM | 2 | 0.55 | 8.40 |
| RICE, INSTANT | 7 | 1.25 | 1.25 |
| TORTILLA, FLOUR | 1 | 1.20 | 2.20 |
| CHILI W/BEANS, | 4 | 0.55 | 9.00 |
| BAG COOKIE, ASS | 4 | 2.25 | 17.60 |
| BANANA SANDWICH | 16 | 1.10 | 11.50 |
| OYSTERS, SMOKED | 5 | 2.30 | 10.00 |
| TUNA POUCH | 50 | 0.20 | |
| GROUND BEEF, ME | | | |
| PICANTE BEEF RA | | | |

Total: 178.95

End Acct Balance:

_____
Signature

_____
Date

Exhibit 6 pg 7

# Exhibit 'H'

State of California                                                Department of Corrections and Rehabilitation

# Memorandum

Date:    June 13, 2007


To:      INMATE PACKNETT, C-94858
         California State Prison, San Quentin

Subject: SECOND LEVEL APPEAL RESPONSE
         LOG NO.: SQ 07-799


### APPEAL ISSUE:  PROPERTY

### ISSUE:

Whether or not staff is responsible for the alleged loss of the appellant's personal
property.


### FINDINGS I

The appellant filing this appeal alleges that the San Quentin Search Policy is defective in
application.  On October 25, 2006 a search was conducted in an "Enraged Frenzy" and
there was no staff accountability (search receipts or identification).  Inmates were placed
in the Dining Hall until 0140 hours which created swelling in his calf.  On October 27,
2006 the inmates were held on the lower yard which induced shortness of breath,
dizziness, unsteady walking swollen legs and his blood sugar to be 355.  Appellant claims
that items were inappropriately removed from his cell consisting of; a 3 piece bowl set
white bottom blue lid, 1 clear cereal bowl with lid, 1 stinger 1 box of Ajax, 1 TV Board,
disinfectant in a plastic spray bottle and 1 whisk broom.  Therefore, the appellant requests
verification of the improper search, return of ; a 3 piece bowl set white bottom blue lid, 1
clear cereal bowl with lid, 1 stinger 1 box of Ajax, 1 TV Board, disinfectant in a plastic
spray bottle and 1 whisk broom


### FINDINGS II

### INTERVIEWED BY: K. Dennis, Correctional Sergeant

First level reviewer partially granted the appellant's appeal on the basis that medical staff
was contacted and indicated that the appellant's medical condition was not related to the
search.   Additionally, it is noted that the appellant's submitted report indicates the
appellant was seen by medical staff on October 27, 2006 at approximately 0730 hours and
again on October 27, 2006 at 1530 hours.  Appellant is advised that although there were
some errors in the manner that staff conducted the search, it was by no means an
improper search.

*Exhibit H pg 1*

INMATE PACKNET1, C-94858
CASE NO. 07-799
PAGE 2

The TV Board appellant requests to be replaced is denied in that the board was fashioned from cardboard and is considered a fire hazard and therefore not authorized. Disinfectant, spray bottles and whisk brooms are cleaning supplies that are stored and maintained by the unit staff. They are not items that are authorized to be maintained in the appellant's cell. The items can be checked out by staff to clean his cell.

A review of the appellant's canteen purchases reflect the appellant shopped on September 22, 2006 and again on October 20, 2006. The search took place five (5) days after the appellant's last purchase therefore, the request for replacement is denied. However, due to staff error in documenting the results of the search of the appellant's cell, the request for the return/replacement of the following items; a 3-piece bowl set, white bottom blue lid; one (1) clear bowl with lid; one (1) stinger and canteen purchased on October 20, 2006 at San Quentin State Prison is granted.

Based on the above the appellant was offered replacement items per CCR 3084.7(e) which states;

> (A) An attempt shall be made by staff to use local resources to substitute for, or replace lost property at no cist to the state, or to repair the item at the institute expense.
> (B) An appellant's refusal to accept repair, replacement, or substitution of like items and value **shall** be cause to deny the appeal.

(1) Bowl with lid
(1) Waltham Watch
(1) Pair of Tennis Shoes

Appellant agreed to the offer and pursuant to California Code of Regulations (CCR) Title 15, Section 3084.7(e) (2) (A) appellant was informed he would be provided the items as equal value replacement. Appellant's signature indicates he is satisfied with the property portion of this appeal and this portion is considered resolved.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3193. Liability.**

**California Code of Regulations, Title 15, Section (CCR) 3270. General Policy.**

DETERMINATION OF ISSUES:

After review of the available documents, arguments having been presented, as well as referenced regulations, appellant's appeal has been thoroughly considered. Appellant is advised that a thorough inquiry was conducted into his concerns. The following information and facts were determined during the inquiry.

The compelling evidence and convincing argument presented has established that medical staff was contacted and indicated the appellant's medical condition was not related to the search. Additionally, it is noted the appellant submitted report indicates the appellant was seen by medical staff on October 27, 2006 at approximately 0730 hours and again on October 27, 2006 at 1530 hours.

*Exhibit H pg 2*

INMATE PACKNET 1, C-94858
CASE NO. 07-799
PAGE 3


Additionally, the request for the return/replacement of the appellant's property consisting of; a 3-piece bowl set, white bottom blue lid; one (1) clear bowl with lid; one (1) stinger and canteen purchased on October 20, 2006 at San Quentin State Prison was granted. The complication of circumstances combined with the verifying documentation indicates that all appropriate policies and procedures, with regards to the appellant's property were followed.   Upon review of the documentation submitted, it is determined that the appellant's allegations have been thoroughly reviewed and evaluated at the First Level of Review.

The documentation and arguments presented are persuasive that the appellant failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the First Level Response.  Based on the submitted documentation, by both the appellant and first level reviewer, as well as discussions, this reviewer finds that the appellant's issues have been duly addressed.  The Second Level Response and the decision reached are based upon a reasonable penological interest.   Therefore, based on the information received and reviewed the appellant's appeal is denied.


<u>DECISION</u>:

Based on the above review, appellant's appeal is denied.   Appellant has failed to substantiate his contentions documented in his appeal.  The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.



**ROBERT L. AYERS JR., WARDEN**
California State Prison, San Quentin



*Exhibit H pg 3*

# Exhibit 'I'

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    OCT 0 1 2007

In re:    Kenneth Packnett, C94858
California State Prison, San Quentin
San Quentin, CA 94964

IAB Case No.: 0618100        Local Log No.: SQ-07-00799

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. F. Caton, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that staff at San Quentin State Prison (SQ) conducted an improper search on October 25, 2006, and lost some of his property in the process. The appellant states that staff removed him and other inmates from the housing unit during an "enraged frenzy" and staged them on the dining hall and Lower Yard for an extended period of time. He states that he is diabetic and his legs swelled while he waited in the staging area and there was no doctor on duty to treat his medical problem. According to the appellant, there was no accountability for property or search receipts and staff inappropriately confiscated a three-bowl set with lid, a clear bowl with lid, a stinger, a box of Ajax, a television (TV) board, disinfectant spray and a whisk broom. The appellant requests for staff to acknowledge that the search was improper and that his medical condition was aggravated needlessly. He also requests for all missing items listed above to be returned to him.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's medical problems were not attributed to the search. Staff contend that the appellant's own reporting establishes that he was seen at the clinic in the morning and in the afternoon on the date staff staged him on the Lower Yard. Institution staff acknowledged that there were some errors in the manner in which staff conducted the search, but it was not improper. Staff contend that the TV board was a fire hazard because it was made of cardboard and the spray bottle with disinfectant and the whisk broom are cleaning supplies inmates check out from the housing officers and are not for inmates to retain after use. Staff verified that the appellant made canteen purchases on September 22, 2006, and again on October 20, 2006. Staff denied the request to replace canteen items purchased prior to October 20, 2006. Institution staff acknowledged errors in documenting the results of the search and agreed to replace the three-piece bowl set, the clear bowl, the stinger, and missing canteen items purchased on October 20, 2006. Staff invoked the provisions of California Code of Regulations, Title 15, Section (CCR) 3084.7(e)(2)(A) and (B) and gave the appellant a bowl with lid, a watch, and a pair of tennis shoes. The appellant signed the First Level of Review (FLR) acknowledging that he agreed to the replacement items.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** In elevating the appeal to the Third Level, the appellant argues that staff placed him in the staging area shortly after he took his dosage of Insulin and deprived him from eating for five hours. He points out that he is supposed to eat within 45 minutes of taking Insulin and contends that staff did not take proper precautions to ensure his medical needs were addressed during the hold in the staging area; he states that he had to be taken to the emergency room and hospitalized due to staff's indifference to his medical needs and that he suffered permanent injury. It is noted that the appellant did not specify what the permanent injury was. He documented that his contentions about missing property items are only a minute issue he raised to illustrate the full flavor of the contested actions of SQ staff. The appellant is seeking a departmental response to the issue of deliberate indifference to his medical needs and/or affirmation that there is no further relief available within the Department.

   The Director's Level of Review (DLR) notes that the institution did not respond with specificity to the appellant's concern about his medical needs during the events in question. The FLR, however, acknowledged that there were some errors in the manner that staff conducted the search and both FLR

*Exhibit I   pg #1*

KENNETH PACKNETT, C94858
CASE NO. 0618100
PAGE 2

and Second Level of Review pointed out that the appellant was seen by medical staff at 0730 and 1530 hours on October 27, 2006. Whether or not the appellant's allegations are true, the DLR recognizes that institution's staff's responsibility, as specified in CCR 3271 and 3397, to ensure inmate health and safety needs are met is not minimized by events such as the one in question; if medical needs dictate that the appellant must eat within 45 minutes of his Insulin treatment, staff are to ensure that medical need is met. It is unfortunate that the appellant experienced dizziness, swelling of his limbs and any other discomfort he experienced during the events in question.  It is expected that all parties will learn from mistakes during those events and take steps to ensure those mistakes are not repeated.  The examiner will recommend a referral to management.

The appellant is advised that there is no further relief through the appeals process for the medical problems he experienced during the events in question.

**B.  BASIS FOR THE DECISION:**
CCR: 3084.7, 3193, 3271, 3287, 3350, 3397
CDC Operations Manual Section: 54100.22.3.1

**C.  ORDER:**  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SQ
       Appeals Coordinator, SQ

*Exhibit I pg 2*

# Exhibit 'J'

State of California                                             Department of Corrections

# M e m o r a n d u m

Date:    January 31, 2007

To:      **NORTH BLOCK STAFF**

From:    **California State Prison - San Quentin, CA 94964**

Subject: **DIABETICS EARLY RELEASE**

The following insulin/medication dependant diabetics require early release for breakfast and dinner. They require finger sticks for blood glucose meter at the nurse station for physician log and to determine the dosage needed of insulin/medication to maintain safe glucose level prior to eating. We have listed below the following inmates in North Block that require the above medical procedure. Please note, that this is a working list and may need to be added to or modified depending on housing moves:

| NAME | CDC | HOUSING | ASSIGNMENT |
|------|-----|---------|------------|
| Ligons, Ralph | T-45795 | 1-N-10L | MTRC2.004-PIA |
| Packnett, Kenneth | C-94858 | 1-N-37L | N/Assg. |
| Walton, Willie | J-25892 | 1-N-64L | WODC2.006-PIA |
| Williams, Tilden | D-61306 | 1-N-70L | MKSF1.001 |
| Martinez, Tony | H-45482 | 1-N-76L | N/B Porter |
| Sefeldeen, K. | D-65574 | 1-N-96L | Law Clerk |
| Daniel, Louis | B-82157 | 1-N-97L | Hobby Shop Porter |
| Tatum, Charles | P-22671 | 2-N-23L | MATC2.113-PIA |
| Welsh, Steven | D-31595 | 2-N-67U | DCLA2.025 |
| Branch, Louis | B-17786 | 2-N-83L | N/Assg. |
| Reynolds, Fred | E-05639 | 2-N-87L | MATC2.106-PIA |
| Brown, Vernis | J-75718 | 3-N-19L | LSC-2.019 |
| Cruz, Domingo | T-98091 | 3-N-81L | LAUP1.002 |
| Peters, Arylis | J-69345 | 3-N-89L | WODC2.010-PIA |

This list is only for diabetics inmates and does not include any early release for inmates on daily 'Hot-Med.' or controlled narcotic medication.

If you have any questions, please feels free to contact me at North Block Triage Nurse office.

**Robert Schwager, RN**
Triage Registered Nurse

Cc: North Block. Triage Nurse Station
    North Block Lieutenant, 1st, 2nd, and 3rd Watches
    North Block Sergeant, 1st, 2nd, and 3rd Watches
    North Block Officers Station

GA-47-8                                      *Exhibit I pg #1*



# Exhibit 'K'

| | | | |
|---|---|---|---|
| FRITSCHER J54718<br>Destroyed Photos | SUMMERS C-49138<br>PIA #1-18-L | JOHNSON C-13789<br>PIA 1-168-L | YBARRA C-18150<br>PIA HOBBY RECEIPTS |
| COOPER T-43842<br>SGT. CLK 4-100-U | TABAREZ C-22746<br>HEART/MED NO I.D | THOMAS D-38815<br>PROP/DECL. 2-79-L | O'DONNELL D-59324<br>PROP/DECL 1-N-95 |
| ASGARI B. C-46746<br>MED/EXPSURE 1-98-L | KASER, R. D-59324<br>MED/SUPPLIES 2-25L | WIGFALL, P-72694<br>MED/BLANKET 589-L | DAVIS, R. K-27832<br>PROP/RECEIPT 4-6-L |
| PADGET,G. K-45050<br>DEST/PROPERTY 3-38-U | MENDEZ, A. H-24055<br>NO RECEIPT/EYEGLASSES | HODGES, J. J-69876<br>PROP/NO RECEIPT | QUENNEVILLE, R. V-96026<br>TOOK HEART MEDS |
| PENA, E. K-77082<br>NO/RECEIPT 3-14-L | WEISS, G D-92039<br>NO/RECEIPT 4-64-L | STEWART, C. H-51052<br>NO RECEIPT 4-88-U | CURRY, D. C-97616<br>NO RECEIPT 2-68-L |
| SEVIER C-28367<br>TK. DENTURES 2-83-L | LETTIER, K. E-50464<br>NO RECEIPT 3-92-U | MOSBY, D. B-70553<br>NO RECEIPT 2-63-U | RENN, A. K-26106<br>TK. DENTURES 2-12-L |
| REYES, P. C-79467<br>NO RECEIPT 4-76-L | DANIELS, L. B-82157<br>TOOK/MEDS 1-97-L | BROOKS, J. J-16851<br>TOOK MEDS 4-33-L | MOHAMMED, R. H-84354<br>NO STAFF I.D. 2-16-L |
| HARPER, J. J-78203<br>NO RECEIPT 2-101-U | MENCHACA,.G D-87412<br>PIA 4-89-L | LEWIS, B. B-91616<br>PIA 4-88-L | REYNOLDS, D. H-21844<br>NO RECEIPT 3-37-L |

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| DYWAYNE REYNOLDS | H21844 | MUSLIM CLERK | 3N-37-L |

A. **Describe Problem:** The appellant filing this appeal contends that on Thursday October 26, 2006 the cell I am assigned to (3N-37) was searched during a total unit search by San Quentin Correctional Officers along with Captain Fox, who authorized this search. All of my possessions were turned upside down and mixed up with the possessions belonging to my cellmate. The Title 15, Section 3287(2) states; cell and property inspections are necessary in order to detect and control serious contraband and to maintain institution security.

If you need more space, attach one additional sheet.      (SEE ATTACHED SHEET) CONTINUATION

B. **Action Requested:** Appellant request full compensation for the loss of said property and the investigation into the manner in which the search was conducted, the destructive direction the search ultimately took and who gave that direction.

Inmate/Parolee Signature: _Dwayne Reyn_                                  Date Submitted: 11-3-06

C. **INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____         Date Returned to Inmate: _____

D. **FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____         Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

[   ]

Such inspections will not be used as a punitive measure nor to harass
an inmate. Every reasonable precaution will be taken to avoid damage
to personal property and to leave the inmate's quarters and property
in good order upon completion of the inspection, **this was not the
case** and is an abuse of the intent of the Title Section 3287(2).
Ultimately my SuperII Radio and Timex Watch was taken, along with
damage to My personal Headphone's. Then the search crew left without
any written notification of item(s) taken or damaged and without
restoring my cell to a reasonable state of decency. This clearly
is another violation under Section 3287(4a), which states; The inmate
will be given a written notice for any item(s) of personal and
authorized state issued property removed from his or her quarters
during an inspection and the disposition made of such property.
The notice will also include any contraband removed. **No such written
notice was given.** Under 3193 (Liability) states; the department
does accept liability for the loss or destruction of inmate personal
property when such loss or destruction results from employee
negligence. Section 3004(b) Right and Respect of Others, states;
Employees will not openly display disrespect or contempt for others
in any manner intended to or reasonably likely to disrupt orderly
operations within the institution or to incite or provoke violence.
This violation by staff clearly compromised my safety, my person,
property and created a health hazard. Finally, While it is unclear
just what the actual intent of this search was, it is clear that
a large portion of our population, including myself, was ultimately
disrespected and intimidate by the brutal and targeted manner in
which this search was conducted.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Lewis, Brian | B-91616 | PIA | 4n-88 Low |

A. Describe Problem: On 10/26/06, during a total unit search in North Block, appellant's cell was searched and ransacked. During the search, one pair of reading eye-glasses, one pair sun-censors eye-glasses, one clear adapter, and one pair of NIKE Crosstrainers tennis shoes were either confiscated or thrown out onto the tier with the tons of other inmates' property. Contrary to CDCR regulations, a confiscated property receipt was not left. Under the "color of authority" the prison staff who conducted the cell search deprived me of my due process and civil rights. (42 U.S.C. § 1983.) The manner in which the unit search occurred violated Cal. Codes of Regs. tit. 15 §§ 3190(a), 3191, 3193, 3287(a)(2)-(4),

If you need more space, attach one additional sheet.    Continue on Attached page

B. Action Requested: Pursuant to CCR-15 § 3193, the California Tort Claims Act, and 23 U.S.C. § 1391(b), that Appellant be fully compensated for the loss and destruction of said property, approximately $145.00.

Inmate/Parolee Signature: *Brian Lewis*    Date Submitted: 11-4-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

[   ]

INMATE APPEAL continue.
IN RE: Lewis, Brian, B-91616,  4N-88 Low

Confiscated or lost property during October 26, 2006 search

Department Operation Manual (DOM) §§ 54030.3, 54030.13, 54030.15, Case law (e.g., Wolff v. McDonnell, 418 U.S. 539, 558 (1974)), and federal due process under the 14th Amendment. The search was supervised by Correctional Captain R. Fox, and conducted by officers other than the assigned North Block staff. The search was not conducted in compliance with San Quentin's Institutional Procedures and departmental policies.

For example, in reference to cell searches, CCR-15 § 3287(a)(2) mandates, in pertinent part:

Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection.

CCR-15 § 3287(a)(4) also mandates that:

The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property.

The 14th Amendment of the Unites States Constitution further states that:

[N]or shall any State deprive any person of life, liberty, or property, without due process of law.

(See Wolff v. McDonnell, 418 U.S. 539, 558 (1974).)

Staff involved in the total unit search totally ignored appellant's right to due process and equal protection under the law.

An action done under the color of law/authority is one done with the apparent authority of law but actually in contravention of law. A federal cause of action may be maintained against a state officer who under "color of law" deprives a person of his civil rights. (42. U.S.C. §1983.)

_Brian Lewis_ _____    _11·4-06_ _____
Signature                        Date submitted

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Menchaca, Gerardo | D-87412 | PIA | 4N-89 Low |

**A. Describe Problem:** On 10/26/06, during a total unit search in North Block, appellant's cell was searched and demolished. During the search, my one Marble Slab, used for my in-cell hobby, was confiscated. (See Attached In Cell Handicraft Ledger.) A confiscated property receipt was not left. Under the "color of authority" the prison staff who conducted the cell search deprived me of my due process and civil rights. (42 U.S.C. § 1983.) The manner in which the unit search occurred violated Cal. Codes of Regs. tit. 15 §§ 3190(a), 3191, 3193, 3287(a)(2)-(4), Department Operation Manual (DOM) §§ 54030.3, 54030.13, 54030.15, Case law (e.g., Wolff v. McDonnell, 418 U.S. 539, 558 (1974)), and federal due process

If you need more space, attach one additional sheet.    Continue on attached page

**B. Action Requested:** Pursuant to CCR-15 § 3193, the California Tort Claims Act, and 28 U.S.C. § 1391(b), that Appellant be fully compensated for the loss and destruction of said property. ($16.99)

Inmate/Parolee Signature: *Gerardo Menchaca*    Date Submitted: 11-03-06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Inmate CDC 602 Appeal continued

**In re: Confiscated property during October 26, 2006 cell search**

Menchaca, Gerardo,  D-37412,  4N-89 Low

under the 14th Amendment. The search was supervised by Correctional Captain R. Fox, and conducted by officers other than the assigned North Block staff. The search was not conducted in compliance with San Quentin's Institutional Procedures and departmental policies.

For example, in reference to cell searches, CCR-15 § 3287(a)(2) mandates, in pertinent part:

> Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection.

CCR-15 § 3287(a)(4) also mandates that:

> The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property.

The 14th Amendment of the Unites States Constitution further states that:

> [N]or shall any State deprive any person of life, liberty, or property, without due process of law.

(See Wolff v. McDonnell, 418 U.S. 539, 558 (1974).)

Staff involved in the total unit search totally ignored appellant's right to due process and equal protection under the law.

An action done under the color of law/authority is one done with the apparent authority of law but actually in contravention of law. A federal cause of action may be maintained against a state officer who under "color of law" deprives a person of his civil rights. (42. U.S.C. §1983.)

_Gerardo Menchaca_      _11-03-06_
Signature                 Date submitted

# Mallets & Cutting Tools

**D0248 Wooden Mallet**
1-1/2" x 4" Hardwood head on a
straight wooden handle. The
low cost makes this mallet ideal
for groups or beginners.
**1.99**



**Rawhide Mallets**
Rolled rawhide heads and contoured hardwood handles make
these mallets a must for the serious leathercrafter.

| Size | Garland | | Economy | |
|------|---------|------|---------|------|
| 6oz. | D0190 | 11.95 | D0187 | 9.95 |
| 9oz. | D0191 | 14.95 | D0188 | 11.95 |
| 11oz. | D0192 | 16.95 | D0189 | 13.95 |
| 16oz. | D0178 | 18.95 | | |

**Garland Plastic Mallets**
Resist wear and protect your tools. Mallet heads
are made from Garland's Gar-Dus™, an ultra
high molecular weight plastic. They give the
power of other mallets with a minimum of
bounce.

| D0184 | 6 oz. | 7.99 ea. |
| D0185 | 9 oz. | 9.99 ea. |
| D0186 | 14 oz. | 11.99 ea. |

**Poly Mallet** **NEW!**
Polymer head mallets have minimal
bounce for faster, easier stamping and
won't damage your tools.
They wear like iron!

| D0194 | 9 oz. | 10.99 |
| D0195 | 14 oz. | 13.99 |
| D0196 | 20 oz. | 17.99 |



A.    B.                    C.

**A. Rubber Poundo Boards**
1/4" thick composition rubber mat to be used for knives and
punches. The rubber surface saves your cutting edges as well
as your table top. Also helps to reduce pounding noise.

| Number | Size | Price |
|--------|------|-------|
| D0317 | 12x12 | 4.95 |
| D0318 | 12x24 | 8.95 |
| D0319 | 18x36 | 14.95 |
| D0320 | 36x36 | 29.95 |
| D0321 | 10x36 | 11.95 |

**B. Marble Slabs** **NEW!**
For general purpose work. Provides the perfect foundation for
tooling leather.

| Number | Size | Price |
|--------|------|-------|
| D0323 | 6x12x2" | 16.99 |
| D0324 | 12x12x1-1/2" | 19.99 |

**C. Poly Cutting Board** **NEW!**
Ideal for cutting, punching and tooling board. Hi-Tech, low
density

| Number | Size | Price |
|--------|------|-------|
| D0325 | 6x6x1/2" | 3.99 |
| D0326 | 12x12x1/2" | 10.99 |

**D0307 Super Pro Shears**
These **blunt edge** shears will
cut through any leather with
ease. Solid steel alloy shears
have an 8" overall length with a
3" blade. Made in U.S.A.
**15.95 ea.**



**D0316 Lacemaker**
Use your leather scraps to make
your own lace. Cuts 1/8" to 3/16"
strips from leather up to 8 oz.
using D0269 blades. Works great
on latigo bellies and heavy sueded
cowsplits.
**5.50 ea.**



**D0270
"The Original"
Strap Cutter**
Durable wood tool cuts belts
and straps quickly and con-
sistently. Adjusts from 1/8" to
4" wide, replaceable blades.
Made in U.S.A. Includes two
blades.
**12.95 ea.**



**D0264 Strip Ease**
Cut strips up to 2 1/2" wide. Good for
medium weight (5-7 0z) leather belt
blanks, billets, purse straps and more,
includes 1 blade.
**4.95 ea.**



**D0271 Strap Cutter Blades**
**2.00/10; 14.00/100;
100.00/1000**



**Jerry's Stripper – Lace Maker**
Cut any thickness of leather
from 1/8" to 3" wide in a minute.
Perfect to cutting laces, belts,
fringe and braiding (including 5
blades). Use D0277 blades
**D0273  24.95 ea.**
**D0277  Blades 1.65/5 ea.  29.90/100**



**Leather Stripper Adapter**
This attachment to the Jerry Stripper
allows you to cut laces or fringe in
multiples of 3/16".
**D0265  10.95 ea.**



**Australian Strander**
This steel cast, chrome-plated
strander has solid brass parts.
Cut 1/2" wide lace, strips and
thongs. Adjustable.
Use D0269 Blades
**D0276  7.95 ea.**



16

STATE OF CALIFORNIA
CDC 166-A (6/88)

DEPARTMENT OF CORRECTIONS

# IN CELL HANDICRAFT LEDGER

NO. D 87412    NAME MENCHACA

| Date & Order No. | Quan. | Tools & Materials Purchased | Tool Cost | Mat'l Cost | Total Cost | Date Rec'd | Inventory Number | Article | Price | Date Sold |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | MARBLE 6" x 1/2" x 2" | | | | | | | | |
| | 1 | POLYTHENE MALLET 10" x 3" x 2" | | | | | DONATED BY | | | |
| | 1 | EDGER 5" | | | | | JIM BODE 5/25/05 | | | |
| | 1 | BEVELER 5" | | | | | | | | |
| | 1 | EDGE LINER 5" | | | | | | | | |
| | 8 | CRAFTTOOLS 4/4" | | | | | | | | |

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Harper, John | J-78203 | FURC2.011   PIA | 2-N-101 up |

A. Describe Problem: On 10/27/2006, custody staff conducted a search of my cell and when I returned to my cell after the search was over, I noticed that my cell was a mess and three of my personal property items had been removed from my cell. The three items were 1. AIWA AM/FM cassette player 2. AIWA ear-buds 3. Phazar wrist watch w/black leather band were missing. No reciept was given for these items, and they are all three listed on my property card. Custody staff totally disrespected my cell as well as my personal property.

If you need more space, attach one additional sheet.

B. Action Requested: I request that San Quentin custody staff return my three missing items, replace items or reimburse me for my loss.

Inmate/Parolee Signature: _John Harper_ J78203    Date Submitted: 11/05/2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

[ ]

STATE OF CALIFORNIA                                                                                           DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. | _____ | 1. | _____ | _____ |
| | 2. | _____ | 2. | _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Brooks, Jeff | J-16851 | Upper Yard Recycle Crew | 4N33L |

**A. Describe Problem:** On October 26, 2006 I/M Brooks, J., J-16851, contends his cell was searched during a unit search and that the Medication listed below was discarded by Staff members and has not been replaced as of this date. The following items that are missing are: Pravastatin 20MG (approx. 25 day supply missing); Methocarbamol 750MG (approx. 25 days supply missing); Aspirin EC 81MG (approx. 25 days supply missing). All Staff needs to be instructed on the proper way to search a cell and to follow all the rules in the Title 15. No receipt was left behind for missing items.

If you need more space, attach one additional sheet.

**B. Action Requested:** For medication to be replaced A.S.A.P and for all supervisors who were in charge of this search be held accountable for the loss of medication and its value from their own personal pockets. That this writer is shown that staff who instituted this search must prove to this writer that they are paying to replace the lost medication.

Inmate/Parolee Signature: _Jeff Brooks_                        Date Submitted: 11-2-06

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Baha Asgari
CDC-46746/1N.98L
CSP. San Quentin, CA 94974

November, 2/2006

Honorable Chief Judge Thelton E. Henderson
U.S. District Court, Northern District
450 Golden Gate Ave.
san Francisco, CA 94102

Honorable Judge Henderson:

On 10/27/06, at approximately 8:00 AM I was taken out of my cell and strip searched out-of-doors in the cold and made to stand barefoot on the ground doted with bird feces and saliva. I was then escorted to the prosthetic clinic per my ducat (See Exhibit A).

On this day there was a partial unit search of North Block (housing unit San Quentin Prison), tiers one and two. I am housed on the first tier. It took about two hours for me to complete my appointment at the clinic, and I missed breakfast and my sack of lunch. I told several staff of my medical condition, but was ignored (See Exhibit B).

When I was finally allowed into my cell it was 8:00 pm. I spent a total of twelve(12) hours on the upper and lower yards. In the past, disabled and impared prisoners were allowed in the Dinning room for the duration of the search, which at most may last 6 hours, twelve hours was a painfully unbearable period.

Finally, 8:00 PM, when I was allowed in my cell, to my horror I found my cell floor covered up with my legal papers and my canteen trampled on. All of my medical pills and supplies were taken away. My physician prescribed bedboard along with the CDC-128C on the board was confiscated, and my matress was on the ground and draped on the toilet.

I am a 69½ year old inmate    disabled    and could not understand how in the Heavens name an Institution could be allowed to operate in this manner. It is unconscionable that human beings could treat the elders and impared with such contempt and indifference.

Respectfully,

_____

Baha Asgari

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. | _____ | 1. | _____ | |
| | 2. | _____ | 2. | _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Daniels, Louis | B-82157 | PORTER HOBBY SHOP | 1-N-97/L |

A. Describe Problem: ___ Between October 26th and 27th 2006, the cell that I lived in was demolished by the C/o's, for No Good reason, these officer's, throw all of my high blood pressure medication and my lipitor medication, that helps to keep me from having a stroke or heart attack out, along with all other medication's, that I had, these c/s's did not care that I needed these medication's. All these c/o's cared about that day was destroying everything in north Block, there was no justification for what these humanbeing did, I have never in all the 30 years I have been in prison,

If you need more space, attach one additional sheet.

B. Action Requested: _____

_____

_____

Inmate/Parolee Signature: _Daniels L_     Date Submitted: _10-27-06_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

seen so much contempt for other human being, yes we are prisoner,
but that is no reason to do what was did that day, I have always had
respect for the c/o's but I did not know that I was hated by so many
Prison Guards this is a sad day, for all human beings.


THANK YOU FOR YOUR TIME IN THIS MATTER



SINCERELY

*[signature]* 11-05-06
DANIELS, L.  B-82157
1-N-97/L


cc

c/o Bussain

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region        Log No.                    Category
1. _____     1. _____    _____
2. _____     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Mr. Reyes P. | C-79467 | *Machine shop* | 4-N-76L |

A. Describe Problem: On October 26, 2006, there was a search down of North Block building and during this search down personal property items were removed from my cell without written notice as required pursuant to Title 15, CCR 3287.(4)(d). Certain staff officials and under staff failed to follow establish rules, procedures and policies during this major search of cells and when they removed from my cell hobby craft equipment, such as: One Marble slave "6X12"; One pounding board "6X12"; One piece of leather "18X40". As a result of not receiving a Confiscated Property Receipt I have attached a Declaration under penalty of perjury in support of my assertions, also there are witnesses and other prisoners that did not receive written notice.

If you need more space, attach one additional sheet.

B. Action Requested: I respectfully request my hobby craft equipment be returned to me and the staff that removed my hobby craft equipment from my cell be reprimand for failure to follow procedures. Thank you!

Inmate/Parolee Signature: *Procopio Reyes M.*          Date Submitted: 11-2-06

C. INFORMAL LEVEL (Date Received: 11-11-06 )

Staff Response: I RESPECTFULLY UNDERSTAND YOUR ISSUE. ALL CONFISCATED PROPERTY WAS TAKEN DOWN TO SERGEANTS OFFICE WHERE APPOINTED SCRIBES WERE TO WRITE RECEIPTS. PERSONALLY I DID NOT, AT ANY TIME, RETRIEVE A MARBLE SLAVE OR A PIECE OF LEATHER. MANY OFFICERS WERE INVOLVED IN THE SEARCH AND MULTIPLE OFFICERS SEARCHED SAME CELLS. I AM INQUIRING INTO WHO MY PARTNER WAS ACCORDING TO SCRIBE LIST TO SEE IF THEY REMOVED YOUR ITEMS

Staff Signature: _____          Date Returned to Inmate: 11/13/06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I am dissatisfied with Informal Level response because it does not resolve the problem or return my personal property, and thus I re-assertion my CDC-602.

Signature: *Procopio Reyes*          Date Submitted: 11-20-06

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

DECLARATION OF REYES P., CDCR ID #C-79467

I, Reyes P., am the Appellant in the above attached CDC-602, Log No._____,
in San Quentin State Prison, in the County of Marin, California, and I do hereby Certify
and Declare this 1 day of November 2006, that the following it true and correct under
the penalty of perjury and being Sworn, and declare that:

I am a prisoner housed herein San Quentin State Prison, housed in North Block
building unit (4-N-76L), and on October 26, 2006, there was a major search of all cells
or housing quarters in this Building and during this search down my authorized personal
property was removed from my housing 4-N-76L, without cause and without the required
written notice as directed in California Code of Regulations Title 15. Section 3287.(a)
(4) and (d); the items removed from my quarters 4-N-76L, are as follow:

  1.) One Marble slave 6" X "12; 2.) One pounding board 6" X "12; 3.) One piece of
leather 18" X "40.

VERIFICATION

STATE OF CALIFORNIA COUNTY OF MARIN
(C.C.P. §446 & 2015.5; U.S.C. §1746)
  I, Reyes P., Declare under the penalty of perjury that: I am the Appellant in the
above CDC-602 inmate appeal action; I have read the foregoing CDC-602 Inmate/Parolee
Appeal Form, and the instant Declaration and know the contents thereof; and the same
is true of my own knowledge except as the matters stated therein upon information and
belief, and as to those matters I believe to be true.
  EXECUTED THIS 1 DAY OF NOVEMBER 2006, AT SAN QUENTIN STATE PRISON IN THE COUNTY
OF MARIN, CALIFORNIA

*Procopio Reyes*
Declarant/Reyes P., CDCR ID # C-79467

IN CELL HANDICRAFT LEDGER

STATE OF CALIFORNIA
CDC 186-A (8/88)

DEPARTMENT OF CORRECTIONS

NO. C-79467    NAME Reeves

| Date & Order No. | Quan. | Tools & Materials Purchased | Tool Cost | Mat'l Cost | Total Cost | Date Rec'd | Inventory Number | Article | Price | Date Sold |
|---|---|---|---|---|---|---|---|---|---|---|
| 51-14513 | 1 | STAMPING Tools | | All under | 4 1/2" | | | C1214 wm Transmount 4-6-00 | | |
| | 1 | Marble slave 6x12 | | | | | | | | |
| | 1/4 | small starcotes | | | | | | | | |
| | 1 | snap setter 9 pieces | | All under | HOT 130X | | | | | |
| | 1 | Edge Beveler | | 1/2" | TO HOBBY | 4 1/2" | | | | |
| | 1 | Mini punch set 4 pieces | | 1/4" | TO HOBBY SHOP LOCKER 4-6-00 | | | | | |
| | 1 | Paw Board 6x12 | | All under | 3 1/4" | 6 BY Diamond Rm 4-6-00 | | | | |
| | 1 | Mallet wood Rawhide | | 12 1/2" 3 1/4" | | | | | | |
| | 1 | one prong stitching tool | | 4 7/8" 1/8" | | | | | | |
| | 1 | snap Fastener 2 pcs | | under 3" | | | | | | |
| | 1 | Bone Folder plastic | | 6" | | | | | | |
| | 1 | Adjustable Groover | | 4 1/2 | | | | | | |
| | 1 | 2 prong stitching tool | | 4 1/8" | | | | | | |
| | 1 | 5 prong stitching tool | | 4" | | | | | | |
| | 1 | 8 prong stitching tool | | 4" | | | | | | |
| | 1 | 4 prong stitching tool | | 4 1/4" | | | | | | |
| | 1 | roll puncho 4-prong | | | | | | | | |
| | 1 | Portable Lamp plastic | | 7" x 4 1/4 | HOBBY | | | | | |
| | 1 | toil Box (plastic) Red | | | 4 1/4" | | | | | |
| | 2 | PLASTIC BOARD 12x24 cutting | | | | | | | | |
| | 1 | 3 prong stitching tool | | 4 3/4" | | | | | | |
| | 1 | 2 prong stitching tool | | 4 1/4" | | | | | | |
| | 1 | swivel knife with 5 swivel | | IN HOBBY Locker 4-6-00 | | | | | | |
| | 1 | Ball Point Stylus | | 4 1/4" | | | | | | |
| | 1 | Modeling Spoon | | 4 1/2 | | | | | | |
| | 1 | single Hole punch | | 3 3/4" | | | | | | |

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. | 1. | |
| 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| RENN, Anthony | K-26106 | S.Q.T.V. | 2-N-12L |

A. Describe Problem: _The appellant filing this appeal contends that on 10/25/06, appellants cell was searched during a total unit search. Personal property (see attached) was confiscated and ultimately lost or destroyed by staff._

If you need more space, attach one additional sheet.

B. Action Requested: _Appellant requests that he be fully compensated for loss of said property items._

Inmate/Parolee Signature: _Anthony C Renn_     Date Submitted: 11/06/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

Cont. from page one    items lost, confiscated, destroyed.

Many of these items have a receipt and proof of purchase that
appellant is currently putting together from his family and
will be attached at a later date. Due to time constraints it
was not possible to attach at this time.

### Lost Items

| | |
|---|---|
| 1 pair personal prescription eye glasses | $380.00 |
| these glasses were recently purchased by | |
| my family and sent through the medical dept here. | |
| receipt to follow. | |
| | |
| 8 CD's in CD Wallet | $128.00 |
| 1 pair new Levi 501 blue jeans Walkenhorsts | 35.00 |
| 1 clear power strip surge protector | 11.00 |
| 1 calculator | 4.00 |
| 1 metal hot pot | 20.00 |
| 1 mighty bright clip on light | 10.00 |
| 2 tupperware bowls | 6.00 |
| 1 Nike shoes 10½ new Walkenhorsts | 45.00 |
| Total | 639.00 |

Also lost were my dentures that were made for me here at S.Q.
some hobby was destroyed in my cell and a 12x12 framed raiders
mirror is missing. There is no real value for the hobby however,
the dental department should be made aware of the loss of my
dentures.

Anthony C Ross
K-26106  2N12

To: R. Fox, Correctional Captain
      Date: October 25, 2006
Inmate Appeal: continuation Exhibit A

INMATE NAME:    RENN, Anthony          Commitment NO:  K-26106

In order to create a protected liberty interest in the prison context,
a state regulation must use explicit mandatory language, "in connection
with the establishment of 'specific substantive predicates' to limit
official discretion, and thereby require that a particular outcome be
reached upon finding that the relevant criteria have been met." Hewitt
v Helms, 459 U.S. 460, 472

The fourteenth amendment of the U.S. Constitution reads in part: "nor
shall any State deprive any person of life, liberty, or property, without
due process of law," and protects "the individual against arbitrary
actions of government," Wolf v McDonnell, 418 U.S. 539, 558 (1974).

Stated simply, "a state creates a protected liberty interest by placing
substantive limitations on official discretion." Olim v. Wakinekona,
461 U.S. at 249.

The Department's rules regarding this case are contained in the
California Code of Regulations (CCR) Title 15, Section(s) 3190(a), 3191,
3193, 3287(a)(2)(4), DOM 54030.3, 54030.13., 54030.15.

As this particular search was conducted by other than North Block staff
(assigned officers and sergeant), corrective measures implemented to
prevent abuse of inmate personal property were ignored, and the search
was conducted without compliance with San Quentin's Institutional
Procedure(s) and departmental policies. The total unit search was
supervised by Correctional Captain R. Fox.

In reference to the cell search, CCR 3287(a)(2) reads in part..."Such
inspections will not be used as a punitive measure nor to harass an
inmate. Every reasonable precaution will be taken to avoid damage to
personal property and to leave the inmate's quarters and property in
good order upon completion of the inspection."  Search staff completely
ignored this provision and were disrespectful of inmates personal
property and conditions of their living quarters.

CCR 3287(a)(4), also reads,..."The inmate will be given a written notice
for any item(s) of personal and authorized state-issued property removed
from his or her quarters during an inspection and the disposition made
of such property."  Again, search staff completely ignored this provision
and no written notice for any item(s) taken were provided (see also,
DOM 54030.13).

Each employee involved in the handling of an inmate's property shall
make the extent of such involvement a matter of record (DOM 54030.3).

The Department assumes no liability for loss, theft, or damage to items
of personal property after issue, unless the loss is the result of
employee negligence (refer to CCR 3193).

Cont...

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1. | | |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Mosby, Donald | B-70653 | P.M. Cook | 2-N-634p |

A. Describe Problem: On 10-27-06 North Block was put on total lock-down for the purpose of conducting a complete & total search. The entire search took all of two days! At the conclusion of the search I returned to my assigned cell, There I discovered that both my J-Win radio cassette/CD player and panasonic brand trimmer was nowhere to be found! And there was no paperwork left to indicate who actually did the search or what they took & why! All these things are on my property card.... My personal receipts can not be found anywhere! the [?] the law one....

If you need more space, attach one additional sheet.

B. Action Requested: Would like to have these things either replaced or at least paid for! My family donts hand to help me with these things that the search party so obviously held no respect for!

Inmate/Parolee Signature: _Donald Mosby_    Date Submitted: 10-28-06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1. | | |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| LETTIER KEITH | E50464 | PLMA.2.024 | 3N22U |

A. Describe Problem: During a North Block (unit) search at San Quentin on 10/26/06 a cell search was conducted in my assigned area -3-N-22° without my presence. Upon returning to the cell I discovered a multitude of authorized items missing without a receipt, nor a staff accountability slip. The following items were taken; unopened "Glucosamin chrondroitin-msm" (dietary supplement) = 24.99; 1/2 used "Alpha Lipoic Acid (dietary supplement) = 12.99; new "Hanes long sleeve white XXL T-shirt" (10.97); unused lemon juice = .79; unopened Tide Detergent = 6.99; Prayer Oil "Aramis" = 5.75 & "Casmir" = 8.75; 1 Bag of "Hershey mini chocolate Bars" = 12.00; Sesame Food Sake; 25 self-made Greeting Cards = $2.50 EA (I am in the "In-cell Hobby Program"); and a "Casio Wrist Watch" = expired battery & w/o wrist bands, estimated condition = 45.00. See Exhibits

If you need more space, attach one additional sheet.

B. Action Requested: Items returned - Compensation.

Inmate/Parolee Signature: *Keith L. Lettier*     Date Submitted: 10/26/06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RP  CC

# walkenhorst's

**1774 Industrial Way, Napa, CA 94558**
**Phone Toll Free: 877-660-9255 · Fax 707-255-1974**
**www.walkenhorsts.com**

| MAG NO. | PAGE # | DATE | CUST. NO. | ORDER NO. |
|---|---|---|---|---|
| 555431 | 1 | 8/22/2006 | SQSP | 30327778 |

## WORK ORDER / INVOICE
## 555431

Quarterly Package

```
S   0000555431
O   SAN QUENTIN STATE PRISON
L   MAIN STREET
D   SAN QUENTIN, CA  94964
T
O
```

```
S   SAN QUENTIN STATE PRISON GP
H   GENERAL POPULATION
I   13 MAIN ST
P   SAN QUENTIN, CA  94964
T
O
```

| ORDER DATE | REFERENCE | | SHIP VIA | | SHIPPING POINT | | | PICKED | PACKED |
|---|---|---|---|---|---|---|---|---|---|
| 8/18/2006 | | | UPS | | SHIPPING POINT | | | | |
| BUYER | | DATE REQUESTED | LOCATION | SALESPERSON | | | | TERRITORY | |
| | | 8/18/2006 | MAIN | JE | PREPAID | | | BASIC CALIFORNI | |

| ITEM NO. | | DESCRIPTION | QUANTITY ORDERED | QUANTITY B/O | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | |
|---|---|---|---|---|---|---|---|---|
| 00005000 | | ***********QUARTERLY PACKAGE*********** | 1 | | 1 | 0.00 | 0.00 | T |
| 00005003 | | *****MAXIMUM BOX SIZE R893 12x14x24***** | 1 | | 1 | 0.00 | 0.00 | T |
| 07515103 | | 5186 White   XL  Hanes Long Sleeve T Shi | 1 | | 1 | 8.97 | 8.97 | T |
| 06040056 | CR2032 | Watch Battery | 1 | | 1 | 1.32 | 1.32 | T |
| 03111008 | 69553 | Zest Bath Soap 3x4.5oz | 1 | | 1 | 2.99 | 2.99 | T |
| 03111385 | 64597 | Tasters Choice 10 oz | 1 | | 1 | 9.59 | 9.59 | |
| 03111572 | 22639 | Heinz Squeeze Relish 12oz | 1 | | 1 | 2.49 | 2.49 | |
| 03111620 | 65816 | SV Garlic Powder 11oz | 1 | | 1 | 3.99 | 3.99 | |
| 03111626 | 08034 | Real Lemon Squeeze 2.5 oz | 2 | | 2 | 0.79 | 1.58 | |
| 03111717 | S-12981 | Badia NewMexico Chili Pod | 1 | | 1 | 3.99 | 3.99 | |
| 03111908 | 69553 | Single Zest Bath Soap 5oz | 1 | | 1 | 1.09 | 1.09 | T |
| 03111928 | 68664 | Tinder Scented Powder 26oz | 2 | | 2 | 6.99 | 13.98 | T |
| 34789109 | 11120 | Msn Tortilla Strips 28oz | 2 | | 2 | 4.49 | 8.98 | |
| 03112103 | 25414 | VIC Aloe & Natural 24.5oz | 1 | | 1 | 8.99 | 8.99 | T |
| 03112270 | 22770 | Q-Tips Cotton Swabs 54 | 1 | | 1 | 1.29 | 1.29 | T |
| 03112304 | 43190 | Alberto VO5 Freesia Shampoo | 2 | | 2 | 1.69 | 3.38 | T |
| 34265560 | 00560 | Spicetme Lemon Pepper 5.5 | 1 | | 1 | 1.49 | 1.49 | |
| | | ****************************************** | | | | | | |
| | | THE ANCHO CHILI PODS, CALIFORNIA CHILI | | | | | | |
| | | PODS ARE OUT OF STOCK. THANK YOU! | | | | | | |

| SUBTOTAL | STATE | | | ITEMS | |
|---|---|---|---|---|---|
| 74.12 | 3.05 | | | 5.99 | 83.16 |
| COUNT ON WALKENHORST'S FOR | | | ORDER NO. | | TOTAL ORDER VALUE |
| PROMPT FRIENDLY SERVICE!! | | | 30327778 | | |

CC

# WALKENHORST'S

**1774 Industrial Way, Napa, CA 94558**
**Phone Toll Free: 877-660-9255 · Fax 707-255-1974**
**www.walkenhorsts.com**

| MAG NO. | PAGE # | DATE | CUST. NO. | ORDER NO. |
|---|---|---|---|---|
| 522219 | 1 | 5/12/2006 | SQSP | 30304612 |

## WORK ORDER / INVOICE

Quarterly Package

```
S  0000522219
O  SAN QUENTIN STATE PRISON
L  MAIN STREET
D  SAN QUENTIN, CA  94964
T
O
```

```
S  SAN QUENTIN STATE PRISON GP
H  GENERAL POPULATION
I  13 MAIN ST
P  SAN QUENTIN, CA  94964
T
O
```

| ORDER DATE | REFERENCE | SHIP VIA | | | F.O.B. | | | PICKED | PACKED |
|---|---|---|---|---|---|---|---|---|---|
| 5/11/2006 | | UPS | | | SHIPPING POINT | | | | |
| BUYER | | DATE REQUESTED | LOCATION | SALESPERSON | TERMS | | | TERRITORY | |
| | | 5/11/2006 | MAIN | MCO | PREPAID | | | BASIC CALIFORNI | |
| ITEM NO. / BIN NO. | REFERENCE | DESCRIPTION | | | QUANTITY ORDERED | QUANTITY BACKORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION |
| 00005000 | | ***********QUARTERLY PACKAGE*********** | | | 1 | | 1 | 0.00 | 0.00 | T |
| 04018027 | PH62022 | Philips CD Lens Cleaner | | | 1 | | 1 | 7.97 | 7.97 | T |
| 04018014 | AANH4 ENERGZR | "AA" 4 pk NiMH Battery | | | 1 | | 1 | 15.97 | 15.97 | T |
| 02022004 | 25A19/FR-130 | 25 Watt Light 2Pk | | | 1 | | 1 | 3.97 | 3.97 | T |
| 07515104 | 5186 White 2XL | Hanes Long Sleeve T Shr | | | 1 | | 1 | 10.47 | 10.47 | T |
| 03111001 | 69209 | Coast Bath Soap 3x4.5 oz | | | 1 | | 1 | 3.39 | 3.39 | T |
| 03111576 | 26551 | Bertolli Extra Virgin Oil | | | 1 | | 1 | 19.97 | 19.97 | |
| 03111708 | S-12977 | Badia Arbol Chili Pods 6 | | | 1 | | 1 | 3.99 | 3.99 | |
| 03111731 | 16387 | Dry Pinto Beans 16 oz. | | | 1 | | 1 | 1.29 | 1.29 | |
| 03111733 | 16024 | W/F Green Lentils 16oz | | | 1 | | 1 | 0.99 | 0.99 | |
| 03111908 | 69553 | Single Zest Bath Soap 5oz | | | 1 | | 1 | 1.09 | 1.09 | T |
| 03111929 | 68646 | Tide Free Powder Wear Car | | | 1 | | 1 | 14.99 | 14.99 | T |
| 03111960 | 32000 | WF Spaghetti 16 oz. | | | 2 | | 2 | 1.29 | 2.58 | |
| 34789108 | 10003 | Msn SalsaRoja Triangle 24 | | | 1 | | 1 | 4.49 | 4.49 | |
| 34789109 | 11120 | Msn Tortilla Strips 28oz | | | 1 | | 1 | 4.49 | 4.49 | |
| 34789111 | 12011 | Msn Guacamole Triangle 24 oz. | | | 1 | | 1 | 4.49 | 4.49 | |
| 03112023 | 27851 | Rt/Grd A/P Fresh Gel 3 oz. | | | 1 | | 1 | 3.99 | 3.99 | T |
| 03112103 | 25414 | VIC Aloe & Natural 24.5oz | | | 1 | | 1 | 8.99 | 8.99 | T |
| 03112325 | 44696 | J&J Baby Shampoo 15 oz. | | | 1 | | 1 | 4.79 | 4.79 | T |
| 03112259 | 21703 | J&J Baby Oil W/ Vit. E & Aloe | | | 1 | | 1 | 4.99 | 4.99 | T |

| SUBTOTAL | STATE | | | | | FRGHT | | |
|---|---|---|---|---|---|---|---|---|
| 122.90 | 5.86 | | | | | 5.99 | | 134.75 |
| COUNT ON WALKENHORST'S FOR | | | | | | ORDER NO. | | TOTAL ORDER VALUE |
| PROMPT FRIENDLY SERVICE!! | | | | | | 30304612 | | |

Original 2

Mystic Essence
103 Smith Street
Brooklyn, NY 11201
(718)855-3368

S A L E S    R E C E I P T

Invoice No.    20440          Date: 08/16/04          Sales Rep: SH
                                   P.O. # : 8/21bS          CN:102266
Bill to:                            Ship to:MR.KEITH L. LETTIER
        SQSP, E-50464, 3N92                 SQSP, E-50464, 3N92
        SAN QUENTIN, CA                      SAN QUENTIN, CA
             94974-                              94974-
        Attn. K. LETTIER               Attn. K. LETTIER

| Ln No | Qty | Tax | Item | SKU | Unit Price | Total |
|---|---|---|---|---|---|---|
| 1 | 1 | Y | COCONUT (BLACK) 1 OZ | E1501 | 3.75 | 3.7 |
| 2 | 1 | Y | BLUE NILE 8 OZ | D2008 | 11.75 | 11.7 |
| 3 | 1 | Y | HEART OF ROSE 1 OZ | D8301 | 4.50 | 4.5 |
| 4 | 1 | Y | POLO SPORT(MEN) 1 OZ | D14201 | 5.75 | 5.7 |
| 5 | 1 | Y | TOMMY 1 OZ | D16701 | 5.75 | 5.7 |
| 6 | 1 | Y | VANILLA FIELD 1 OZ | D17501 | 5.75 | 5.7 |
| 7 | 1 | Y | ARAMIS 1 OZ | D901 | 5.75 | 5.7 |
| 8 | 1 | Y | CASMIR 1 OZ | D3102 | 8.75 | 8.7 |
| 9 | 1 | Y | SHIPPING & HANDLING | S104 | 9.25 | 9.2 |
| 10 | 1 | Y | (-)PAID ADV.BY MONEYORDER | S106 | -72.00 | -72.0 |

Notes:

AMOUNT REFUNDED:        11.00                SUBTOTAL:       -11.00
                                                Tax  :         0.00

   CHANGE DUE           0.00
                                            TOTAL:          -11.00
   TYPE OF REFUND- CASH
        PLEASE RETAIN THIS INVOICE FOR CORRESPONDENCE.

# Nutrition *Express* ®

**America's Best Supplements - up to 60% OFF!**

Thank you for your order!

**Mailing Address:** F    3ox 3669 · Torrance, CA 90510-3669
**Shipping Address:** 25/5 West 237th St. · Torrance, CA 90505
**Order Online:**    NutritionExpress.com
**Order Toll Free:** 1-800-338-7979  24 hours
**Order by Fax:** 1-310-784-8522  24 hours
**Business Office:** 1-310-784-8500  M-F 8am to 5pm Pacific

*** Packing Slip ***

BILL TO:

Larry Lettier
1651 Lombardy Rd
Gardnerville, NJ  89410

SHIP TO:

Keith L Lettier E50464
San Quentin State Prison
1651 Lombardy Rd            3N-92
San Quentin, CA  94964

| INVOICE #<br>W1345031 | TERMS<br>LETTER/IRENE | ORDER TYPE<br>MAIL ORDER | CLERK<br>CS | PAYMENT METHOD<br>CHECK |
| --- | --- | --- | --- | --- |
| ORDER DATE<br>05/12/05 | SHIP DATE<br>05/12/05 | SHIP METHOD<br>UPS Commercial | ZONE<br>4 | CUSTOMER CODE<br>LETTI-K-949-1 |

| Item Number | Product Description | Size | Order | Ship | B/O | MSRP | Our Price | Total |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 94-540 | Glucosamine Chondroitin MSM 375/300/250mg  by FITNESS LABS | 240 C | 1 | 1 | 0 | | | |
| 99-13460 | Alpha Lipoic Acid 300mg  by LINDBERG | 60 C | 1 | 1 | 0 | | | |

|  | |
| --- | --- |
| Subtotal | |
| CA Sales Tax    7.250% | |
| Shipping Charge | |
| Invoice Total | |
| Prior Credit/(Debit) | |
| Total Payment | |
| Balance Due | |

INVOICE # **W1345031**

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

|  | Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|---|
|  | 1. | _____ | 1. _____ | _____ |
|  | 2. | _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| SEVIER J | C-29367 | NORTH BLOCK PORTER | 2-N-83 |

A. Describe Problem: AFTER PREVIOUSLY FILING A 602 ON MISSING PROPERTY THAT WAS TOOKED FROM ME ON THE SEARCH THAT TOOK PLACE IN NORTH BLOCK ON 10-27-06 AFTER CLEANING UP MY CELL AFTER THE MAJOR SEARCH WHICH TOOK ME A COUPLE DAYS I CAME TO REALIZE THAT MY DENTURE'S WAS MISSING ONE OF THE OFFICER THEW IT AWAY

If you need more space, attach one additional sheet.

B. Action Requested: I would like my DENTURE'S REPLACED

Inmate/Parolee Signature: _Jeff Sevier_          Date Submitted: 11-1-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed      CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | | 1. _____ | |
| 2. _____ | | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Mohamed R | H84354 | BLK. Barber | 2N16 L |

**A. Describe Problem:** The appellant filing this appeal contends that on 10/27/06, appellant's cell was searched during a total unit search and personal property (list here) were confiscated and ultimately lost or destroyed by staff → C/O Sarabia )

Kush 8oz Bottle Fragrance Oil

I've attached the → Tommy Hilfiger 16 oz Bottle Fragrance Oil

order form to my 602    Oscar 8 oz Bottle Fragrance Oil

If you need more space, attach one additional sheet.

**B. Action Requested:** Appellant request that he be fully compensated for the loss of said property items

Inmate/Parolee Signature: _Mohamed Ronnie_    Date Submitted: 10/30/06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

## Discount Fragrances Online
## Including Discount Designer
## Fragrances & Fragrance Oils

### Order Number: 100903

**Bill To:**
Diana Grandy
264 S. Lacienega Blvd. #711
Beverly Hills, CA 90211
US

**Ship To:**
Ronnie Mohamad
#H84354 2N16
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974
US

Gold Star Fragrances, Inc.
100 West 37th Street
New York, NY 10018
US

212.279.4474
gs-sales@goldstarfragrances.com
http://www.goldstarfragrances.com/shop/

| | **Phone – Email:** | **Order Date:** | **Order Number:** |
|---|---|---|---|
| | 323-882-4102 – untilweeat@aol.com | 09/26/2006 | 100903 |

| Item #: | Product Name: | Quantity: | Unit Price: | Total: |
|---|---|---|---|---|
| FKU574UN | Kush  _Options:_ 8 Oz Bottle Fragrance Oil | 1 | $20.50 | $20.50 |
| FTO515TMA | Tommy Hilfiger [M] (Type)  _Options:_ 16 Oz Bottle Fragrance Oil | 1 | $48.00 | $48.00 |
| FOS271TFE | Oscar [F] (Type)  | 1 | $24.75 | $24.75 |

|  |  |
|---|---|
| **Subtotal:** | $93.25 |
| **Tax:** | $0.00 |
| (UPS: 3 Day Select) |  |
| **Shipping:** | $17.51 |
| **Total:** | $110.76 |

If you have any questions regarding your order please telephone the number at the top right of this receipt or email gs-sales@goldstarfragrances.com



CUSTOMER COPY

PAID

To: R. Fox, Correctional Captain
    Date: October 25, 2006
Inmate Appeal: continuation Exhibit A

INMATE NAME: Mohamed Ronnie                    Commitment NO:

In order to create a protected liberty interest in the prison context,
a state regulation must use explicit mandatory language, "in connection
with the establishment of 'specific substantive predicates' to limit
official discretion, and thereby require that a particular outcome be
reached upon finding that the relevant criteria have been met." Hewitt
v Helms, 459 U.S. 460, 472

The fourteenth amendment of the U.S. Constitution reads in part: "nor
shall any State deprive any person of life, liberty, or property, without
due process of law," and protects "the individual against arbitrary
actions of government," Wolf v McDonnell, 418 U.S. 539, 558 (1974).

Stated simply, "a state creates a protected liberty interest by placing
substantive limitations on official discretion." Olim v. Wakinekona,
461 U.S. at 249.

The Department's rules regarding this case are contained in the
California Code of Regulations (CCR) Title 15, Section(s) 3190(a), 3191,
3193, 3287(a)(2)(4), DOM 54030.3, 54030.13., 54030.15.

As this particular search was conducted by other than North Block staff
(assigned officers and sergeant), corrective measures implemented to
prevent abuse of inmate personal property were ignored, and the search
was conducted without compliance with San Quentin's Institutional
Procedure(s) and departmental policies. The total unit search was
supervised by Correctional Captain R. Fox.

In reference to the cell search, CCR 3287(a)(2) reads in part..."Such
inspections will not be used as a punitive measure nor to harass an
inmate. Every reasonable precaution will be taken to avoid damage to
personal property and to leave the inmate's quarters and property in
good order upon completion of the inspection." Search staff completely
ignored this provision and were disrespectful of inmates personal
property and conditions of their living quarters.

CCR 3287(a)(4), also reads,..."The inmate will be given a written notice
for any item(s) of personal and authorized state-issued property removed
from his or her quarters during an inspection and the disposition made
of such property." Again, search staff completely ignored this provision
and no written notice for any item(s) taken were provided (see also,
DOM 54030.13).

Each employee involved in the handling of an inmate's property shall
make the extent of such involvement a matter of record (DOM 54030.3).

The Department assumes no liability for loss, theft, or damage to items
of personal property after issue, unless the loss is the result of
employee negligence (refer to CCR 3193).

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.                    Category

1. _____          1. _____          _____

2. _____          2. _____          _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME                          NUMBER        ASSIGNMENT              UNIT/ROOM NUMBER
Dewayne Curry                 C97266        P.I.A                   2-68 upper

A. Describe Problem: On 10-25-06 Cpt R Fox order a Search of north Block. upon my cell being Search item's were Taken By Searching staff, meaning Cateen and Peckage item's which i had Just Recieve 10-23-06 along with Personal Picture's leagal Paper's Paper's Picture's and miselious Paper's. upon returning to my cell i Seen item's & Property of mind on the 1st Teier im on 2nd which Staff would not let me get

If you need more space, attach one additional sheet.

B. Action Requested: I would Like for my Property that was Lost & Taken replace to me. I have attach a List of the item's and the amount & Price's

Inmate/Parolee Signature: Dewayne Curry          Date Submitted: 11-6-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                          CDC Appeal Number:

_____

To: R. Fox, Correctional Captain
     Date: October 25, 2006
Inmate Appeal: continuation Exhibit A

INMATE NAME: DeWayne Curry          Commitment NO: C97616

In order to create a protected liberty interest in the prison context, a state regulation must use explicit mandatory language, "in connection with the establishment of 'specific substantive predicates' to limit official discretion, and thereby require that a particular outcome be reached upon finding that the relevant criteria have been met." Hewitt v Helms, 459 U.S. 460, 472

The fourteenth amendment of the U.S. Constitution reads in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary actions of government," Wolf v McDonnell, 418 U.S. 539, 558 (1974).

Stated simply, "a state creates a protected liberty interest by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. at 249.

The Department's rules regarding this case are contained in the California Code of Regulations (CCR) Title 15, Section(s) 3190(a), 3191, 3193, 3287(a)(2)(4), DOM 54030.3,54030.13., 54030.15.

As this particular search was conducted by other than North Block staff (assigned officers and sergeant), corrective measures implemented to prevent abuse of inmate personal property were ignored, and the search was conducted without compliance with San Quentin's Institutional Procedure(s) and departmental policies. The total unit search was supervised by Correctional Captain R. Fox.

In reference to the cell search, CCR 3287(a)(2) reads in part..."Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection." Search staff completely ignored this provision and were disrespectful of inmates personal property and conditions of their living quarters.

CCR 3287(a)(4), also reads,..."The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property." Again, search staff completely ignored this provision and no written notice for any item(s) taken were provided (see also, DOM 54030.13).

Each employee involved in the handling of an inmate's property shall make the extent of such involvement a matter of record (DOM 54030.3).

The Department assumes no liability for loss, theft, or damage to items of personal property after issue, unless the loss is the result of employee negligence (refer to CCR 3193).

Item's Taken in Search. 10-25-06

| Amount | | |
|---|---|---|
| 2 - 10g | Taster's Choice Coffee. | 7.70 |
| 2 - 11g | Coffee mate Creamer. | 1.45 |
| 1 - 4g | Sweet Thing Sugar. | 2.30 |
| 1 - 5g | Carnation Hot Cocoa | 3.50 |
| 1 - 16g | Oat meal, maple & Brown Sugar | 1.60 |
| 2 - 8g | Sour Cream chip's | 1.15 |
| 2 - 17g | Nacho Tortilla Chip's | 1.90 |
| 2 - 11.5g | Mayonnaise Squeeze | 2.30 |
| 1 - 12g | yellow chilies | 2.00 |
| 3 - 8g | Cajun Hot Sauce | .70 |
| 4 - 7g | white Rice | .95 |
| 12.4oz | chili Soup's Reman | 2.00 |
| 4.5g | Hot & Spicy beef Sausage | 1.80 |
| 10.3g | Bumble bee Tuna | 1.10 |
| 2.14g | Checker's Chocolate Chip Cookies. | 1.25 |
| 10.2oz | Snickers Candy bar's | .65 |
| 5.35g | Towle Soap's | 4.50 |
| 2.4.2g | Calgate whitening Tooth paste Gel. | 3.95 |
| 2.3g | Mennen Sport Gel Speed Stick. | 3.00 |

Total. 101.25

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Stewart, Carl | NUMBER H-51052 | ASSIGNMENT PIA | UNIT/ROOM NUMBER 4N-88 Up |
|---|---|---|---|

**A. Describe Problem:** On 10/26/06, during a total unit search in North Block, appellant's cell was searched and ransacked. I had just recently received a package and recently went to canteen. The box that my package and canteen was stored in was confiscated. I lost one-hundred forty-four dollars ($144.00) worth of personal property. (See Attached Package Inventory List and Canteen Inmate Sales Receipt - of confiscated, lost, and/or destroyed property.) A confiscated property receipt was not left. Under the "color of authority" the prison staff who conducted the cell search deprived me of my due process and civil rights. (42 U.S.C. § 1983.) The manner in which the unit search occurred violated Cal.

If you need more space, attach one additional sheet.

**B. Action Requested:** Pursuant to CCR-15 § 3193, the California Tort Claims Act, and 28 U.S.C. § 1391(b), that Appellant be fully compensated ($144.00) for the loss and destruction of said property.

Inmate/Parolee Signature: _____ Date Submitted: 11-2-06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

IN RE: October 26, 2006 Total Unit Search
Stewart, Carl, H-51052, 4N-88 UP

Codes of Regs. tit. 15 §§ 3190(a), 3191, 3193, 3287(a)(2)-(4), Department Operation Manual (DOM) §§ 54030.3, 54030.13, 54030.15, Case law (e.g., <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974)), and federal due process under the 14th Amendment. The search was supervised by Correctional Captain R. Fox, and conducted by officers other than the assigned North Block staff. The search was not conducted in compliance with San Quentin's Institutional Procedures and departmental policies.

For example, in reference to cell searches, CCR-15 § 3287(a)(2) mandates, in pertinent part:

> Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection.

CCR-15 § 3287(a)(4) also mandates that:

> The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property.

The 14th Amendment of the Unites States Constitution further states that:

> [N]or shall any State deprive any person of life, liberty, or property, without due process of law.

(See <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974).)

Staff involved in the total unit search totally ignored appellant's right to due process and equal protection under the law.

An action done under the color of law/authority is one done with the apparent authority of law but actually in contravention of law. A federal cause of action may be maintained against a state officer who under "color of law" deprives a person of his civil rights. (42. U.S.C. §1983.)

_____            _____11-2-06_____
        Signature                       Date submitted

```
101 PKGPCG                                                          PAGE    1
1-800-546-6283                                                      10/09/06
ADDRESS SECUREPAK
KEEFE COMMISSARY NETWORK, L.L.C.          WAREHOUSE: W
55-101 VISTA BLVD.                        CARRIER: UPS          8732885 001
SPARKS, NV   89434                        SLS#:  313
                                          ORDER #: 7E778
                                          GP-001, SPO-005, MUSIC-002

SAN QUENTIN MAINLINE PG A/B-UP
GENERAL DELIVERY
SAN QUENTIN      CA 94974
```

| QTY | UOM | ITEM NO | D | DESCRIPTION | ITM PRC | TTL PRC |
|---|---|---|---|---|---|---|
| 1 | EA | 7253 | √ | BXT DKR ASST OATMEAL (1460) 10/BX | 3.90 | 3.90 |
| 2 | EA | 8486 | √ | EA! NESTLE FRENCH VANILLA COFFEE-MATE 15 | 3.20 | 6.40 |
| 2 | PK | 8821 | √ | (4 PK) KRAFT CHOC PUDDING 3.5OZ CUPS | 1.80 | 3.60 |
| 3 | EA | 8875 | √ | EA! CACTUS ANNIES FLOUR TORTILLAS 4 CT B | .70 | 2.10 |
| 2 | EA | 8913 | √ | EA! C.A. CHEESE CRUNCHY 11 OZ | 1.70 | 3.40 |
| 4 | EA | 8955 | | EA! M & M PEANUT | .60 | 2.40 |
| 1 | EA | 58683 | √ | EACH! MILK DUD CARTON 10 OZ | 2.20 | 2.20 |
| 5 | EA | 81129 | √ | EA! JUNIOR MINTS | .60 | 3.00 |
| 2 | EA | 81242 | √ | EA!RED BEANS & RICE 3.6 OZ | 1.00 | 2.00 |
| 1 | EA | 82930 | √ | EA!RR BEEF SUMMER SAUSAGE ORIG FL 5 OZ | 1.80 | 1.80 |
| 2 | EA | 82975 | √ | EA! MAXWELL HOUSE BLEND JAR 16 OZ | 4.25 | 8.50 |
| 1 | EA | 82987 | √ | EA!RR BEEF SALAMI SUMMER SAUSAGE 5 OZ | 1.80 | 1.80 |
| 10 | EA | 83592 | √ | EA!N-O-N COCO ROO'S 1 OZ SINGLE SERVE | .40 | 4.00 |
| 2 | EA | 84185 | √ | DORITOS COOL RANCH 13 OZ | 3.40 | 6.80 |
| 10 | EA | 84385 | √ | EA!F.C. FILLETS OF MACKEREL 3.53 OZ | 1.00 | 10.00 |
| 5 | EA | 84386 | √ | EA!F.C. SARDINES IN HOT TOMATO SAUCE 3.5 | .90 | 4.50 |
| 5 | EA | 84387 | √ | EA!F.C. BABY CLAMS 3.53 OZ | 2.10 | 10.50 |
| 5 | EA | 84390 | √ | EA!F.C. CRABMEAT 3.53 OZ | 1.60 | 8.00 |
| 5 | EA | 84391 | √ | EA! F.C. SALMON FLAKES IN OIL 3.53 OZ | 1.00 | 5.00 |
| 5 | EA | 84392 | √ | EA! F.C. SMOKED OYSTERS 3.53 OZ | 2.10 | 10.50 |
| 3 | EA | 84397 | √ | EA! FC FISH STKS IN LOUISIANA HOT SAUCE | .90 | 2.70 |
| 8 | EA | 84398 | √ | EA!F.C. OCTOPUS/SOYBEAN OIL 3.53OZ | 1.40 | 11.20 |
| 1 | EA | X 84475 | √ | EA!RITZ CKRS TOP EMS 6.xxx OVER WEIGHT | THANK YOU NO CHG | |
| 5 | EA | 84704 | √ | EA! SNACK LEGENDS CHOC CUPCAKES 2 PK 4 O | .85 | 4.25 |
| 2 | EA | 85117 | √ | EA! ML JALAPENO CHIPS 6 OZ | 1.10 | 2.20 |

```
     SALES TAX OF 5.00 IS INCLUDED IN TOTAL AMOUNT
  GIFT CERT.      5.00
AMT RECEIVED    115.75       SHIPPING/HANDLING          TOTAL   115.75

        TOTAL WT.    27.68
```

```
CRESARC2
California Department of Corrections (90

          Inmate Sales Receipt

Commissary: CAM1
Inmate Rcpt #: 456990
Com Rcpt #: 492047
Inmate ID: H51052
Inmate Name: STEWART, CAML
Inm Acct Type: INMATE
          10-20-2006  12:31

     Beg Acct Balance:      30.00

Description      Qty  Price  Amount
-----------      ---  -----  ------

CHIP, SC&O, 100   2   1.65    3.30
CREAMER, COFFEE   2   1.25    2.50
CHEESE PUFFS, 8   2   1.45    2.90
NACHO CHZ TORT.   2   2.00    4.00
ULTRA-BRITE (W)   2   1.60    3.20
WHIPPER COCOA     1   3.05    3.05
PHOTO DUCATS      5   2.00   10.00


          Total:           28.95

     End Acct Balance:      1.05
```

Signature _____      Date 10-20-06

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

DEBRA SPRINGER-BOWMAN

**DEFENDANTS** BRIDGE BANK OF SILICON VALLEY, N.A.; BRIDGE BANK, N.A.; BRIDGE CAPITAL HOLDINGS,

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)

Santa Clara County

County of Residence of First Listed Defendant **N.A.**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Louis A. Highman, Bruce J. Highman
Highman, Highman & Ball
870 Market Street, Suite 467
San Francisco, CA 94102
(415) 982-5563

Attorneys (If Known)    Uncertain

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)    **N.A.**

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities — Employment
- [ ] 446 Amer. w/Disabilities — Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus — Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII, ADA, Equal Pay Act

Brief description of cause: Sex discrimination, harassment, and retaliation; disability discrimination; Equal Pay Act violations; and pendent state law claims.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ gen, special, pun. dam., liquidated dam. & atty fees according to proof.

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". N.A.

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE

SIGNATURE OF ATTORNEY OF RECORD

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| WEISS | D-92039 | Vocational Plumbing | 4-N-64L |

**A. Describe Problem:** The Appellant, Greg Weiss, contends that on 10/26/06, the appellant's cell was searched during a total unit search of North Block. The personal property (list is attached) was confiscated and ultimately lost or destroyed by staff. The search was conducted without compliance with San Quentin's Institutional Procedure(s) and departmental policies.

If you need more space, attach one additional sheet.                    (Please see attached sheet)

**B. Action Requested:** Appellant requests that he be fully compensated financially for the loss and damage of said property items. Total of $368.42

Inmate/Parolee Signature: *Greg Weiss*                    Date Submitted: 11-06-06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

In reference to the cell search;
CCR 3287(a)(2), and CCR 3287(a)(4)
both apply... My personal property was
broken and/or missing without a "cell search
slip" indicating what was confiscated,
and who was the officer that
searched my cell.

Greg Weiss
Greg Weiss
D-92039
4-N-64L

"Verification"    11-06-06

I swear on my Unlimited Commercial
Liability and subject to perjury
prosecution that the above Statement
is true and correct to the best of
my knowledge.

Greg Weiss
Greg Weiss
Secured Party / Creditor

List of Items Lost/Damaged
During cell search of
Greg Weiss  D:92039    4;N-64L

1. 8" LCD T.V.                                    $193.56

2. Silver Cross w/ chain                          $22.99

3. Levi bluejeans 36x32                           $55.00

4. Sof Sole Contour Cushion                       $6.97

5. (4) Four "Hanes" Boxer Breifs                  $12.98

6. Acrylic Watch Cap                              $2.97

7. Thermal Long John's pants                      $4.47

8. (2) Two Thermal Longsleeve shirts              $13.94

9. "Softe" 11oz. Sweatshirt                       $16.97

10. lightbulb (30 watts)                          $1.89

11. Double Six Dominoes                           $6.97

12. (3) Three "Russell" longsleeve T-shirts       $29.91

                                      Total  $368.42

# walkenhorst's

1774 Industrial Way, Napa, CA 94558
Phone Toll Free: 877-660-9255 · Fax 707-255-1974
www.walkenhorsts.com

| MAG NO. | # | DATE | CUST. NO. | ORDER NO. |
|---------|---|------|-----------|-----------|
| 561569 | 1 | 9/8/2006 | SQSP | 30331937 |

## WORK ORDER / INVOICE
# 561569

| S O L D | 0000561569 |
|---|---|
| | SAN QUENTIN STATE PRISON |
| | MAIN STREET |
| | SAN QUENTIN, CA 94964 |
| T O | |

| S H I P | GREG WEISS D-92039 4N64L |
|---|---|
| | C\O SAN QUENTIN STATE PRISON |
| | SQSP |
| P | PO BOX |
| | 13 MAIN ST |
| T O | SAN QUENTIN, CA 94964 |

| ORDER DATE | REFERENCE | SHIP VIA | F.O.B. | | PICKED | PACKED |
|---|---|---|---|---|---|---|
| 9/7/2006 | D-92039 | UPS | SHIPPING POINT | | | |
| BUYER | DATE REQUESTED | LOCATION | SALESPERSON | TERMS | TERRITORY | |
| WEISS | 9/7/2006 | MAIN | JA | PREPAID | BASIC CALIFORNI | |

| ITEM NO. BIN NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACKORD | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | |
|---|---|---|---|---|---|---|---|
| 78265101 | CTV-830    Real Digital 8" LCD TV | 1 | | 1 | 159.97 | 159.97 | T |
| 00001500 | CALIFORNIA TELEVISION RECYCLE FEE | 1 | | 1 | 6.00 | 6.00 | |
| 00008000 | ******SPEAKER DISCONNECT******* | 1 | | 1 | 10.00 | 10.00 | |

| SUBTOTAL | STATE | | | FREIGHT | | |
|---|---|---|---|---|---|---|
| 175.97 | 11.60 | | | 5.99 | | 193.56 |
| | | | | ORDER NO. | | TOTAL ORDER VALUE |
| | | | | 30331937 | | |

COUNT ON WALKENHORST'S FOR
PROMPT FRIENDLY SERVICE!!

Original 2

# walkenhorst's

**1774 Industrial Way, Napa, CA 94558**
**Phone Toll Free: 877-660-9255 · Fax 707-255-1974**
**www.walkenhorsts.com**



CC

| MAG NO. | PAGE # | DATE | CUST. NO. | ORDER NO. |
|---|---|---|---|---|
| 395848 | 1 | 4/20/2005 | CCC | 30215613 |

## WORK ORDER / INVOICE

Quarterly Package

```
S   0000395848                              S
O   CA CORRECTIONAL CENTER                  H   CA CORRECTIONAL CENTER
L   PO BOX 790                              I   711-045 CENTER ROAD
D   SUSANVILLE, CA  96130                   P   SUSANVILLE, CA  96130

T                                           T
O                                           O
```

| ORDER DATE | PURCHASE ORDER NO. | | SHIP VIA | | F.O.B. | | TERMS | |
|---|---|---|---|---|---|---|---|---|
| 4/19/2005 | | | UPS | | SHIPPING POINT | | PREPAID | |
| BUYER | | DATE REQUESTED | LOCATION | SALESPERSON | | | TERRITORY | |
| | | 4/19/2005 | MAIN | DS | - | - | BASIC CALIFORNI | |

| ITEM NO. BIN NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACK ORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | |
|---|---|---|---|---|---|---|---|
| 00005000 | * * * * * * * * * * QUARTERLY PACKAGE * * * * * * * * * * | 1 | | 1 | 0.00 | 0.00 | T |
| 00005003 | * * * * MAXIMUM BOX SIZE R893 12x14x24 * * * * * | 1 | | 1 | 0.00 | 0.00 | T |
| 17021010 | Pers. Property Cat. - C.C.C. Gen. Pop. | 1 | | 1 | 0.00 | 0.00 | T |
| 13000011 | 453001      SS Four Way Medal | 1 | | 1 | 22.99 | 22.99 | T |
| 09006012 | 19407  Sof Sole Contour Cushion M11-12 | 1 | | 1 | 6.97 | 6.97 | T |
| 21011001 | Book of 20      37 Cent Stamps | 2 | | 2 | 8.00 | 16.00 | |
| 08900004 | 391-00 Clear    Metro Toothbrush Case | 1 | | 1 | 1.49 | 1.49 | T |
| 08900001 | 292-00 Clear    Soap Saver Rect. Dish | 1 | | 1 | 1.97 | 1.97 | T |
| 03112001 | 30434     Arm & Hammer Ultra Max Clear | 2 | | 2 | 3.99 | 7.98 | T |
| 03112087 | 25218      Jergens Ultra Healing  10 oz | 1 | | 1 | 4.99 | 4.99 | T |
| 03112355 | 63289      Gillette Sensor 3 4/pack | 1 | | 1 | 8.99 | 8.99 | T |
| 03112295 | 44598    Pantene Pro-V Sm/Slk Shamp 13.5 | 1 | | 1 | 6.49 | 6.49 | T |
| 03111080 | 97193      Almond Joy Snk Sz  14oz | 1 | | 1 | 4.49 | 4.49 | |
| 03111042 | 96471     M&M Plain Candy  14oz | 1 | | 1 | 3.99 | 3.99 | |
| 03111097 | 96735      Milky Way Fun Sz  14oz | 1 | | 1 | 4.49 | 4.49 | |
| 03112123 | 47853      Frosted Mini Spoon 28.5 o | 1 | | 1 | 4.99 | 4.99 | |
| 03111234 | 47307     Quaker Inst Oatml Variety | 2 | | 2 | 4.49 | 8.98 | |
| 03111584 | 58653      Jiff Crnchy Pnut Btr 28oz | 1 | | 1 | 4.99 | 4.99 | |
| 03111434 | 99448      Lifesavers Tropical Fruit | 5 | | 5 | 0.70 | 3.50 | |
| 03111255 | 98216      Chex Mix - Hot & Spicy | 2 | | 2 | 2.89 | 5.78 | |
| 03111306 | 48701    Sunshine W/Ched.Crackers 10oz | 2 | | 2 | 3.79 | 7.53 | |
| 03111869 | 29695    StarKist Albacor Tuna 7.06 | 5 | | 5 | 3.79 | 18.95 | |
| 03111362 | 64694      Folgers Inst. Coffee 12oz | 2 | | 2 | 6.99 | 13.98 | |
| 03111573 | 25735    HVR Single Serv Ranch 2.5 oz | 1 | | 1 | 6.00 | 6.00 | |
| 03019012 | CVF   Roasted Salted Cashews 5oz | 2 | | 2 | 2.99 | 5.98 | |
| 03021008 | 9279          5oz.Spicy Beef Sum.Sausag | 10 | | 10 | 1.69 | 16.90 | |
| 20900042 | 10601      AA Alpine Minestrone Soup | 2 | | 2 | 3.99 | 7.98 | |

| SUBTOTAL | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | ORDER NO. | TOTAL ORDER | |
| Continued | | | | | 30215613 | VALUE | |

Original 1

# walkenhorst's

1774 Industrial Way     Phone: 707.255.4412
Napa, CA 94558          Toll Free: 800.660.9255
www.walkenhorsts.com

S   0000326198
O   CA CORRECTIONAL CENTER
L   PO BOX 790
D   SUSANVILLE, CA  96130

T
O

| ORDER DATE | PURCHASE ORDER NO. | SHIP VIA | | SHIPPING POINT | TERMS |
|---|---|---|---|---|---|
| 10/11/2004 | D-92039 | UPS | | | PREPAID |

| BUYER | DATE REQUESTED | LOCATION | SALESPERSON | | TERRITORY |
|---|---|---|---|---|---|
| WEISS | 10/11/2004 | MAIN | RP | | BASIC CALIFORNI |

| ITEM NO. BIN NO. | | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACK ORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | |
|---|---|---|---|---|---|---|---|---|
| 16046013 | 982xx | Evermax Alk. "C" 2 pk | 2 | | 2 | 2.49 | 4.98 | T |
| 26000002 | 10009 | Itty Bitty Batt. Op. Lite | 1 | | 1 | 12.97 | 12.97 | T |
| 26000003 | 10413 | Itty Bitty 2 Bulb Pack | 1 | | 1 | 4.79 | 4.79 | T |
| 19014042 | 2349  L | Hanes Boxer Briefs Large | 1 | | 1 | 6.49 | 6.49 | T |
| 12999041 | 8020-002 XL | Soffe 11oz Sweatshirt Oxf | 1 | | 1 | 16.97 | 16.97 | T |
| 04021001 | 161-Black | Acrylic Watch Cap-Black | 1 | | 1 | 2.97 | 2.97 | T |
| 09995010 | 160B NAT  XL | Morgan Long John Pants | 1 | | 1 | 4.47 | 4.47 | T |

| SUBTOTAL | STATE | | | Freight | |
|---|---|---|---|---|---|
| 53.64 | 3.89 | | | 4.00 | 61.53 |
| COUNT ON WALKENHORST'S FOR PROMPT FRIENDLY SERVICE!! | | | | ORDER NO. 30166093 | TOTAL ORDER VALUE |

Original 2

ACCESS CATALOG                         WAREHOUSE: ..
13330 LAKEFRONT DRIVE                    CARRIER: UPS              8728096 001
EARTH CITY, MO   630451513                   SLS: JP W DI
                                         ORDER #: 22632
                                              USE INMTE# AS BOX#
GREG WEISS              IN#: D92039       *MAG.72100130 DISC ALL SPKRS
SAN QUENTIN MAINLINE**
GENERAL DELIVERY BOX#          5N   72   L
SAN QUENTIN      CA 94964

| QTY | UOM | ITEM NO | G | DESCRIPTION | | ITM PRC | TTL PRC |
|---|---|---|---|---|---|---|---|
| 1 | EA ✓ | 50463010 | N | ULTRA SEAL CLEAR 2.5CUP | | 2.09 | 2.09 |
| 1 | EA ✓ | 50795010 | N | MONO TO STEREO ADAPTER - MINI | 251-165/P | 1.99 | 1.99 |
| 1 | EA ✓ | 51288070 | G | MESH SHORT - 9" INSEAM W/ DRAW | 3XL GREY | 12.79 | 12.79 |
| 1 | EA ✓ | 51529010 | N | CLEAR SURGE PROTECTOR | 2 FOOT CO | 10.09 | 10.09 |
| 1 | EA ✓ | 51589010 | N | CLEAR ADAPTER SSUA96-7 | | 7.09 | 7.09 |
| 1 | EA ✓ | 51714010 | N | R20 LIGHT BULB - 30 WATT | CLEAR CLI | 1.89 | 1.89 |
| 1 | EA ✓ | 51717010 | N | CLEAR CLIP ON LAMP - #37-012103-069 | | 10.09 | 10.09 |

AMT RECEIVED      50.03
   SALES TAX              SHIPPING/HANDLING      4.00   TOTAL:     50.03

           TOTAL WT:    3.77

           ALL   SPEAKERS MUST BE      DISCONNECTED & REMOTES

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Eugeño Peña | H-77082 | Culinary | 3-N-14 LL |

**A. Describe Problem:** On Thursday October 16, 2006, during an unexpected and devastating cell search as a result of some allegedly stolen pills from one of the medical staff. All North Block Inmates were forced to go to the lower yard from approximately 10:00 a.m. to 10:00 p.m. The majority of the inmates were later forced to go to the north dining hall until 1:45 a.m. the following day. During this unexpected cell search, my assigned cell was totally, intentionally ransacked, with malice. My RCA color T.V. and all my family pictures were thrown all over the floor, disregarding Cal. Code of Regs. Title 15 §3287 (2)

If you need more space, attach one additional sheet.    ( see attached supplemental page) →

**B. Action Requested:** I request that my RCA Color T.V. be replaced or repaired. That my electric stinger, my 140 39¢ stamps, and my earings be returned. That I not be subjected to any further retaliatory actions by San Quentin staff. Furthermore, I request that this appeal be logged as a Citizen's Complaint pursuant §§832.8, of Cal. Penal Code. and hold those who ordered this search in violation of 3004, 3084.1, 3287, 3391, and P.C. 147, and 211.

Inmate/Parolee Signature: _Eugeño Peña_                    Date Submitted: 11/1/06

**C. INFORMAL LEVEL (Date Received:** _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____        Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed        CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

Eugenio Peña

602 con't p. 2


(4) states "The inmate will be given a written notice from any items of personal and authorized  state-issued property removed from his quarters, and the disposition made of such property. The notice will also list any contraband found inn the cell, as the follow-up action intended by the inspecting officer."

It is clear that this search was a retaliatory response to the theft of the pills stolen earlier in the morning of October 26 2006, as evidenced by the fact that the inmate responsible for the alleged theft had already been apprehended. This unwarranted search is in violation of the CCR Title 15 and totally unprofessional and disrespectful.

The first thing that I noticed as I initially entered my cell following the search, was that my television was left face down on my bunk, and it was broken. I immediately called C/O Silva's attention, who was securing the cells. He suggested that I write a 602 appeal, and if I have any problems I could contact him as a witness.

The following items of legitimate personal property were taken from my quarters; (1). Electric Stinger; (2). Several pairs of earings made of hobby beads; (3). 2 Porcilan beading trays. (4). Many pictures from my family. (5) 7 books of 39¢ stamps, the total of 140 stamps.



## Inmate's Property Card

Number: H77082
Name: PEÑA

| Signature | Article |
|---|---|
| | 4 BOXES MISC TOILETTIEMS, FOOD STUFF GLASSES RX |
| | MISC LEGAL/LETTERS CUP, BOWL, BILLFOLD CASSETTE TAPE |
| | SWEAT SHIRT/PANTS THERMAL T/S UNDER WARE |
| | CASS PLAYER SOUND SION # 6945 |
| | TENNIS SHOES PHOTO ALBUM |
| | 3RD QTR PKG MISC FOODS |
| | 2ND QTR PKG MISC FOOD, WHITE BALL CAP |
| | 6 WHT T-TOPS |
| | 4TH QTR MISC FOODS |
| | 1ST QTR PKG MISC FOODS |
| | 1ST QTR MISC FOOD |
| | 2ND QTR MISC FOOD |
| | 3RD QTR MISC FOOD |
| | 4TH QTR MISC FOOD |
| | 1ST QTR MISC FOOD |
| | 2ND QTR PKG MISC FOOD |
| | 1 RCA 13" COLOR TV SER #003475927 |
| | 3RD QTR PKG MISC FOOD |
| | 4TH QTR MISC FOOD |
| | 1ST QTR MISC FOOD |
| | 2ND QTR MISC FOOD |

I acknowledge receipt of the above mentioned articles and understand I must have them in my possession
this institution, unless properly removed herefrom by the Receiving and Release Sergeant.

## Inmate's Property Card

Number: H77082
Name: PEÑA

| Signature | Article |
|---|---|
| | 2ND QTR MISC FOOD, ARMITRON WATCH |
| | 3rd QTR PKG MISC FOOD, 1 Y/M CHAIN w/ RELIGIOUS MEDALLION |
| | CORONA-SMITH TYPEWRITER |
| | 500 (5 YDS) |
| | 3 QTR MISC FOOD, 1 5 DAY B-CAP, 1 GRAY T-SHIRT |
| | 4 QTR FOOD Sewing Needles & Thread Donate |
| | 2 CASSETTES, 1 CD |
| | 1ST QTR MISC FOOD |
| | 2nd QTR MISC FOOD |
| | 2ND QTR MISC |
| | 1 EZEON BOOM BOX from I/M MENDOZA P36135 W/ HEAD PHONES |
| | 3RD Q FOOD |
| | 4TH Q FOOD |
| | 1500 - QCD CASSETTE |
| | 1ST Q food, 1pr brn sandals, 1pr blue jeans |
| | 2nd QTR MISC FOOD |
| | 1 RECOTON SPLITTER |
| | 1ST Q food |
| | 2ND Q FOOD COSMETICS |

y acknowledge receipt of the above mentioned articles and understand I must have them in my possession
eaving this institution, unless properly removed herefrom by the Receiving and Release Sergeant.

PAGE ONE

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. | 1. | |
| | 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Ron Quennneville | V-96026 | MEDICALLY UNASSIGN (A 1 A) | 1/N 22 L |

A. Describe Problem: IN BRIEF on 10-25-06 THERE WAS A SEARCH CONDUCTED All the Cell's in NORTH Block were RIPPEd APART. IN DoiNG So some of MY PROPERTY WAS RemoveD AND is Now missing. Also there WAS A UNclothed BodY Search Done in Plain View of Visitors AND MANY FemAle Staff WATCHING. VioLATiNG CDC Rules ARTICAL 2-3287 (B)(4) UNclothed BodY InSPECTioN. AFTER, APPROXimATELY 20 hours LATer the SeARch WAS Completed till 140 am AND 12 hours outDoors iN BRiGht SuN ShiNe Without HAViNG AdeQuAte PlAce's FoR Us to Sit For A MAJority of the time Which is A FoAM of DiSReSPect

If you need more space, attach one additional sheet.        See AdditioNAL PAGe AttACHed

B. Action Requested: DisCiPLiNe All StAff ReSPoNsible. ReimBuRSment of Cost of UNLAwFul ConfiSCATioN of mY PROPERTY. I'm A High Risk INmATe With CoNGeNiAL HeART FAiLure. I cAN't EARN moNeY to RePLACe ARticLe's tAkeN Nor cAN mY FAmily AFFoRd to RePLACe mY missiNG PROPERTY.

Inmate/Parolee Signature: Ronn Quennneville        Date Submitted: Nov 1 2006

C. INFORMAL LEVEL (Date Received:                    )

Staff Response: _____

_____

_____

_____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

PAGE two.

A.  Describe Problem

In Violation of CDC Rules Article 1, 3004 (a)(b) Rights and Respect of others. When entering the cell after the search was done. The cell was completely devastated and destroyed. Things were broken and missing. All my Heart Medication was taken. It's Been six days now I haven't taken any of my medication which I need to survive!

By Staff not leaving the cell in good order upon completion of this Search is a Violation of C.D.C. Rules Article 2.3287 (A)(2) Leaving Quarters in good condition upon completion of any kind of Search.

In cleaning the mess up, There was no written Notice for the Items that were taken by Staff Which this is a Violation of C.D.C. Rules Article 2.3287 (A)(4) Cell Property & Body Inspection. After cleaning I have Notice I'm missing (see Attached List) In the search which violates C.D.C. Rules Article 2.3287 (A)(2) Damaged Property and missing Property.

By Staff not leaving written notice behind for proof Staff could try to use this as an Advantage over any appeal process which I hope isn't the case to Rubber Stamp my appeal.

I have done Nothing wrong to Under Go any mistreatment.    B.  Action Requested ——

All I'm asking for is Reimbursement of my Property. Also I need in writing something to show the C.O. in the Property Room that allows me to Get a Replacement Adapter for my C.D. Player, this Item is on my Property card. I can't Order a Replacement intill this matter cleared up.

( C/o B Dutton )
Property Room

PAGE FOUR

At the time of the BodY SEARch I ASKED the C.O.
that I wanted to Be Present at the time of the Cell
Inspection. he Refused to saY ANY thing, Like others if I had
Protested he would have But Me in the Hole.

Please with out DelaY caN You Provide
①  ReimBursement of $ 32.29
②  A Letter or Note to the ProPertY Room
    Attn: C.O. B Dutton
③  AND its Important You Provide Me some waY to
    RePlace mY C.D. PlaYer (A.C. ADaPter)
④  At the time I Bought mY Immersion HeAter,
    Soon after theY were taken off the Access Catalog.
    With a Note to CanTeen I would Be able to
    RePlace mine AND Get one theY have for the
    conDemn Row Inmates in Stock.

    Thank You this hole matter is a VERY Big Hassle
    to me. MY Human Rights over mY MeDication
    have Been Violated. There Seem's to Be no Respect
    for the Inmates PriviledGe's. Please CooPerate
    with mY ReQuest.
                        SincerelY
                   Mr Rom Quenneville
                   V-96026  1/N/22 L



```
101 PKGPGM            083355                           PAGE   1
  1-800-546-4283                                    11/15/05
ACCESS SECUREPAK.                  WAREHOUSE: W
SS-101 VISTA BLVD.                 CARRIER: UPS       8733225 001
SPARKS NV  89434                   SLS: JP W SP
                                   ORDER #:  47244
```

```
47244
RON QUENNEVILLE V96026
SAN QUENTIN PRISON-MAINLINE-QP        14
GENERAL DELIVERY 2/N/9 6
SAN QUENTIN, CA  94964
```

```
QTY  UOM  ITEM NO & DESCRIPTION                        ITM PRC   TTL PRC
1 EA           BOOK OF TEN STAMPS                         4.00      4.00
2 EA           (EACH) FOLGERS INS CAF JAR 8 OZ            5.20     10.40
1 EA           (EACH) STRAWBERRY PRESERVES 12 OZ. SQUEEZ  2.50      2.50
1 EA           (EACH) JIF CREAMY PEANUT BUTTER 18 OUNCE   2.80      5.80
1 EA           (EACH) 5OZ SNACK LEGENDS CHOC CHIP COOKIE  THANK YOU NO CHG
2 EA           (EACH) MENNEN FRSHSCNT A/P 2 OZ SPD STK    2.50      5.00
2 EA           (EACH) AVIATOR PINOCHLE CARDS              1.70      3.40
1 EA           (EACH) TEK ANGLER MED TTHBRSH  (LIKE REAC   .90       .90
2 EA           (EACH) BIC CRYSTAL    BLUE (SINGLE POUCH    .50      1.00
1 EA           (EACH)COLGATE T.O. COOL MINT GEL 6.4 OZ    3.50      3.50
1 PK           HANES MEN BOXER 3/PK        LRG WHITE      7.90      7.90
1              SWEATSHIRT                  LRG LIGHT      7.60      7.60
1              SWEATPANTS - NO POCKETS     LRG LIGHT      7.60      7.60
2 EA           N THERMAL DRAWERS           XL NATURA      4.40      8.80
2              N THERMAL SHIRT             XL NATURA      4.40      8.80
5              CREW SOCK GREY HEEL/TOE #673LP PAIR        1.00      5.00
               RUSSELL ATHLEC CREW                                 10.70
               HANES MEN CREWNECK T-SHIRT 3/PK LRG WHITE           7.70
               N WAYFARER SUNGLASSES 94000/SR650 (25 C   3.00      3.00
               SKECHERS APRES BURN/ENERGY II  SZ 9       43.50     43.50
               LEVI 550 RELAXED FIT JEAN   38 X 30       27.90     55.80
               COTTON TWILL CAP            LIGHT GRE      5.80      5.80
```

```
GIFT CERT.      5.00
AMT RECEIVED  203.50
    SALES TAX              SHIPPING/HANDLING       TOTAL:   203.50

        TOTAL WT:   17.75
```



REVISED 7/337 00                    PAGE

1-800-516-6283                              WAREHOUSE: M              11/15/05
ACCESS CATALOG
13330 LAKEFRONT DRIVE          CARRIER: UPS                  8728096 001
EARTH CITY, MO   630451513      SLS: JR W DI
                               ORDER #: 47276

                               USE INMTE# AS BOX#
TOM OUENNEVILLE        INH: V76036      IMAG 72900020 DISE ALL SPKRS
SAN QUENTIN MAINLINE**
GENERAL DELIVERY        2/N/9 4
SAN QUENTIN      CA 94764

QTY UOM  ITEM NO. & DESCRIPTION                      LINE PRC  TTL PRC
1 EA  50550010 N ACCESS CLEAR CDR3.5MP CD PLAYER       42.99    42.99
1 EA  51087010 N KOSS KTX PRO110 HEADPHONES            14.99    14.99
1 EA  51111010 N KTV 13" CLEAR TELEVISION    13-CLR   112.00   112.00
1 EA  51328010 N CLEAR AC ADAPTER 3S630A-1/2470) .7 MM MIC  8.99   8.99
1 EA  X81590010 N CLEAR ADAPTER MOVE TO #5 *** CANCELLED   6.99
1 EA  87958010 N KING JAMES VERSION PAPER    CLASSIC     3.79     3.79

AMT RECEIVED     184.74
SALES TAX              SHIPPING/HANDLING     4.00  TOTAL     184.74
ROUND NO 22454



```
101 PKGPGM            164424 .      REVISED 9798J 002            PAGE   1

1-800-546-6283                                                  2/13/06
ACCESS SECUREPAK
KEEFE COMMISSARY NETWORK L.L.C         WAREHOUSE 4
55-101 VISTA BLVD                        CARRIER: UPS            8735635 001
                                           SLS: JP W SP
                                         ORDER # 98920

98920
ROM QUENNEVILLE V96026
SAN QUENTIN-MAINLINE PG A/B-QP
GENERAL DELIVERY
SAN QUENTIN, CA  94964
```

| QTY/UOM | ITEM NO C DESCRIPTION | ITM PRC | TTL PRC |
|---|---|---|---|
| 10 EA | 3010   (EACH) RAMEN - CHILI FLAVOR | 20 | 2.00 |
| 10 EA | 8013   (EACH) RAMEN - TEXAS BEEF FLAVOR | 20 | 2.00 |
| 2 EA | 8090   (EACH) LOUISIANA HOT SAUCE 6 OUNCE | 70 | 1.40 |
| 3 EA | 8102   (EACH) FOLGERS INS CAF JAR 8 OZ | 5.20 | 15.60 |
| 1 EA | 8120   (EACH) GRAPE JELLY 12 OUNCE SQUEEZE BOTTL | 2.10 | 2.10 |
| 1 EA | 8122   (EACH) C A PICANTE SAUCE 10 OZ SQUEEZE B | 1.90 | 1.90 |
| 1 EA | 8172   (EACH) KEEFE ONION DIP 5.5 OUNCE | 90 | 90 |
| 1 EA | 8207   (EACH) KBLR CLUB CRKRS 5.25 OZ | 1.60 | 1.60 |
| 1 EA | 8216   (EACH) KEEBLER SOFT BATCH CHOC CHIP 12 O | 2.60 | 2.60 |
| 2 EA | 8560   (EACH) JIF CREAMY PEANUT BUTTER 12 OUNCE | 2.80 | 5.60 |
| 2 EA | 8603   (EACH) SNICKERS BAR | 90 | 1.80 |
| 4 EA | 8708   (EACH) OREO COOKIES 11.8 OZ | 40 | 1.60 |
| 2 EA | 81242  (EACH) RED BEANS & RICE 8 OZ | 1.00 | 2.00 |
| 2 EA | 81549  (EACH) CA INSTANT CHILI 8.0 OZ | 90 | 1.80 |
| 2 EA | 81551  (EACH) CA REFRIED BEANS 8 OZ | 1.00 | 2.00 |
| 2 EA | 81528  (EACH) RAMEN ROAST BEEF | 90 | 1.80 |
| 2 EA | 81783  (EACH) 80 MEXICAN STYLE GROUND BEEF 4 OZ | 2.00 | 4.00 |
| 2 EA | 81784  (EACH) B C LIGHTLY SEASONED GROUND BEEF 4 | 2.00 | 4.00 |
| 2 EA | 81884  (EACH) KIT KAT | 90 | 1.80 |
| 2 EA | 82444  (EACH) ORIGINAL BEEF JERKY 1 OZ | 1.30 | 2.60 |
| 2 EA | 82419  (EACH) PEPPERED BEEF JERKY | 1.30 | 2.60 |
| 3 EA | 82575  (EACH) MAXWELL HOUSE BLEND JAR (8 OZ) | 4.20 | 12.60 |
| 1 EA | 83052  (EA) THAI PALACE NOODLES CHILI 3.7 OZ | THANK YOU NO CHG |  |
| 2 EA | 84386  (EACH) F C SARDINES IN HOT TOMATO SAUCE 3 | 90 | 1.80 |
| 2 EA | 84391  (EACH) F C SALMON FLAKES IN OIL 3.53 OZ | 1.00 | 2.00 |
| 1 EA | 84395  (EACH) F C FISH STKS OIL W GREEN CHILIES | 90 | 90 |
| 1 EA | 84397  (EACH) FD FISH STKS IN LOUISIANA HOT SAUC | 90 | 90 |
| 1 EA | 85668  (EACH) MALT-O-MEAL HONEY NUT TOASTED O'S 1 | 2.40 | 2.40 |
| 1 EA | 86410  (EACH) BEEF JERKY PEPPERED 3.65 OZ | 5.70 | 5.70 |
| 1 EA | 88076  (EACH) COLGATE 2.4 OZ TOOTHPASTE | 2.40 | 2.40 |
| 1 EA | 28454  (EACH) JFK ANGLER NEW W/FRESH  LAKE REAL | 90 | 90 |
| 1 EA | 28514  (EACH) BLSTR CARD1 CHAPSTICK .15 OZ | 1.60 | 1.60 |
| 4 EA | 28710  (EACH) BIG CRYSTAL  BLACK 1SINGLE POUCH | 50 | 2.00 |
| 3 PK | 721131 (1PACK) PANASONIC AA ALKALINE BATTERIES | 2.10 | 6.30 |

```
                      CONTINUE ON NEXT PAGE
```

4



```
101 PHONE 01
1-800-546-6283                                          2/13/08
ACCESS SECUREPAK
KEEFE COMMISSARY NETWORK, L L C       WAREHOUSE: W
5631 VISTA BLVD                       CARRIER: UPS        8732625 001
SPARKS  NV  89434                     SLS: JP 4 SP
                                      ORDER # 98920


QTY UOM  ITEM NO C DESCRIPTION                       ITM PRC  TTL PRC
2 EA     981123    (EACH) AQUA SPORT GEL X/B DEOD 3 OZ   2.70     5.40
1 EA   X 981338    (EACH) SUPER 33 MULTI VIT *** CANCELLED 5.20
1 EA     981339    (EACH) MULTI 50 VITAMIN 50CT         5.40     5.40
3 EA     981444    (EACH) IRSH SPRNG DEOD SOAP 4.5 OZ     .80     2.40
1 EA     982977    (EACH) SUAVE SHAMPOO STRAWBERRY 15OZ  1.70     1.70
5 EA   C 50480010 N CREW SOCK-GREY HEEL/TOE #673LF PAIR  1.00     5.00
1 EA     50980010 N IMMERSION HEATER #55         5.90     5.90
1 EA     61770040 X RUSSELL CTTN JERSEY 2-PANEL SHORT LRG OXF  8.10     8.10




  SALES TAX OF $2.59 IS INCLUDED IN TOTAL AMOUNT
GIFT CERT         5.00
AMT RECEIVED    130.00      SHIPPING/HANDLING            TOTAL:    130.00

             TOTAL WT:     27.67
```

(12)

5

```
CRESARC2
California Department of Corrections (SU

        Inmate Sales Receipt

Commissary:
Inmate Rcpt #: 95099
Com Rcpt #: 407388
Inmate ID: V98026
Inmate Name: QUENNEVILLE, RON
Inm Acct Type: INMATE
        27-07-2006 12:17

    Beg Acct Balance:    75.80

Description      Qty  Price  Amount
-----------------------------------
MIRROR                 2.10   2.10
CHEESE SQUEEZE,   1    2.65   2.65
HAIR BRUSH        1    1.80   1.80
FOLGERS COFFEE,   3    6.10  18.30
IRISH SPRING      1    0.60   0.60
AFTER SHAVE, MU   1    1.10   1.10
COCA-COLA, 20 o  10    1.00  10.00
MANILA ENVELOPE   9    0.20   1.80
BABY POWDER       1    1.05   1.05
ULTRA-BRITE (W)   1    1.60   1.60
PEPPERS, YELLOW   1    1.50   1.50
SUGAR SUBSTITUT   1    1.50   1.50
FINGERNAIL CLIP   1    0.65   0.65
COTTON SWABS, 4   1    0.80   0.80
SNICKERS CANDY    4    0.60   2.40
CHOCOLATE CHIP    1    1.15   1.15
NACHO CHZ TORT,   1    2.00   2.00
SWISS ROLLS       3    1.45   4.35
LAUNDRY SOAP, A   1    2.00   2.00
PICANTE BEEF RA  48    0.20   9.60
RAMEN,CHILI      24    0.20   4.80
BLACK WALNUT, I   2    1.75   3.50
-----------------------------------
            Total:    75.25

    End Acct Balance:    0.55
```

Signature                Date

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM

CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                      Category

1.  SQ SP                        1.                                        Personal Property

2.                               2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representatives decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| John Hodges | J69876 | PIA - Pillow/sewing | 4-N-87U |

A. Describe Problem: ON 10-26-06 during a SEARch (of NORth
block, officer's searched my cell somehow my (spelling
Corrector & Computer) was broken I am enclosing the
two Page INvoice As you'll see the total cost is $23.00
the item in question is on my Property card File here at
SQSP I believe I am intiled to be Compensated for my
Cost. there was No reason for my spelling computer
to have been broken I have to wonder at their action

If you need more space, attach one additional sheet.

B. Action Requested: Just simply to be compesated the
Complete cost of my spelling computer which is
$23.00 thanks for your Attention

Inmate/Parolee Signature: John Hodges                    Date Submitted: 10-29-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

John Hodges A. Facility Cell
# J69876 — @ 4-N-87U

WAS INTENTIONAL OR NOT. A NUMBER OF OTHER
INMATES HAVE BEEN TALKING ABOUT ITEM OF
THERES HAVING BEEN BROKEN OR DESTOYED WHEN
IN FACT THOSE ITEMS WERE APPROVED. MY HOPE IS
I'll SIMPLY BE COMPESATED FOR the BROKEN
COMPUTER BY SEARCHING CORRECTIONAL OFFICER'S
ACCORDING TO OUR LT WE WERE SUPPOSELY to
RECEIVE A COPY OF THE OFFICER'S did THE ACTUAL
SEARCH HOWEVER SOME ONE IS DEFINITELY
ACCOUNTABLE FOR BREAKING MY PROPERTY. (THANKS FOR
YOUR ATTENTION IN CLOSING MY REQUEST IS to be
GIVEN BACK THE $23.00 DOLLARS it COST.

I PRESENTLY HAVE THE
BROKEN COMPUTER IN MY
CELL "NOW".

Sincerely

John Hodges
J69876
4-N-87U
John Hodges
10-29-06

# WALKENHORST'S

1774 Industrial Way, Napa, CA 94558
Phone Toll Free: 877-660-9255 · Fax 707-255-1974
www.walkenhorsts.com

| MAG NO. | PAGE # | DATE | CUST. NO. | ORDER NO. |
|---|---|---|---|---|
| 493336 | 1 | 2/16/2006 | SQSP | 30284160 |

## WORK ORDER / INVOICE

Quarterly Package

| | |
|---|---|
| **S** 0000493336 | **S** |
| **O** SAN QUENTIN STATE PRISON | **H** SAN QUENTIN STATE PRISON GP |
| **L** MAIN STREET | **I** GENERAL POPULATION |
| **D** SAN QUENTIN, CA 94964 | **P** 13 MAIN ST |
| **T** | **T** SAN QUENTIN, CA 94964 |
| **O** | **O** |

| ORDER DATE | REFERENCE | SHIP VIA | | FOB | SHIPPING POINT | | PICKED BY | PACKED |
|---|---|---|---|---|---|---|---|---|
| 2/9/2006 | | UPS | | | SHIPPING POINT | | | |

| BUYER | DATE REQUESTED | LOCATION | SALESPERSON | TERMS | | TERRITORY | | |
|---|---|---|---|---|---|---|---|---|
| | 2/9/2006 | MAIN | KT | PREPAID | | BASIC CALIFORNI | | |

| ITEM NO. BIN NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACKORD | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | |
|---|---|---|---|---|---|---|---|
| 06025002 | NCS-101CL    Franklin Spell Corrector | 1 | | 1 | 14.97 | 14.97 | T |
| | ********************************* | | | | | | |
| | NOTE:  THE SPELL CHECKER WP1010 IS | | | | | | |
| | REPLACED WITH NCS-101CL.  THANK YOU. | | | | | | |

| SUBTOTAL | STATE | | | | FREIGHT | | |
|---|---|---|---|---|---|---|---|
| 14.97 | 1.09 | | | | 6.94 | | 23.00 |
| COUNT ON WALKENHORST'S FOR | | | | | ORDER NO. | | TOTAL ORDER VALUE |
| PROMPT FRIENDLY SERVICE!! | | | | | 30284160 | | |

Original 1

# walkenhorst's

| MAG NO. | PAGE # | DATE | CUST. NO. | ORDER NO. |
|---|---|---|---|---|
| 493336 | 1 | 2/16/2006 | SQSP | 30284160 |

**1774 Industrial Way, Napa, CA  94558**
**Phone Toll Free: 877-660-9255 · Fax 707-255-1974**
**www.walkenhorsts.com**

## WORK ORDER / INVOICE

Quarterly Package

| S O L D  T O | 0000493336<br>SAN QUENTIN STATE PRISON<br>MAIN STREET<br>SAN QUENTIN, CA  94964 | S H I P  T O | SAN QUENTIN STATE PRISON GP<br>GENERAL POPULATION<br>13 MAIN ST<br>SAN QUENTIN, CA  94964 |
|---|---|---|---|

| ORDER DATE | REFERENCE | SHIP VIA | F.O.B. | PICKED | PACKED |
|---|---|---|---|---|---|
| 2/9/2006 | | UPS | SHIPPING POINT | | |

| BUYER | DATE REQUESTED | LOCATION | SALESPERSON | TERMS | TERRITORY |
|---|---|---|---|---|---|
| | 2/9/2006 | MAIN | KT | PREPAID | BASIC CALIFORNI |

| ITEM NO./PART NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACKORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | |
|---|---|---|---|---|---|---|---|
| 06025002 | NCS-101CL    Franklin Spell Corrector | 1 | | 1 | 14.97 | 14.97 | T |
| | ************************************** | | | | | | |
| | NOTE: THE SPELL CHECKER WP1010 IS | | | | | | |
| | REPLACED WITH NCS-101CL. THANK YOU. | | | | | | |

| SUBTOTAL | STATE | | | | FREIGHT | TOTAL ORDER VALUE |
|---|---|---|---|---|---|---|
| 14.97 | 1.09 | | | | 6.94 | 23.00 |

| | ORDER NO. |
|---|---|
| | 30284160 |

COUNT ON WALKENHORST'S FOR
PROMPT FRIENDLY SERVICE!!

Original 2

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

1. _SQ_     1. _06-3325_     _5_

2. _____     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Alberto Mendez | H-24055 | P.I.A. | 1-N-79 L |

A. Describe Problem: On October 25, 2006, my cell was searched during a total unit search and personal property (listed here) were confiscated and damaged badly.
1. One extention cord was confiscated. Nevertheless, It is part of my property.
2. My prescription glasses were damaged seriously.

If you need more space, attach one additional sheet.

B. Action Requested: I need the extention cord back because it has been a part of my property for a long time.
Furthermore, I need a new pair of prescription glasses, or $220 dollars has to be reimbursed to my trust account.

Inmate/Parolee Signature: _mendez_     NOV 8 Date Submitted: 1-11-06
RECD

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Bypass

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Bypass

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEMORANDUM

Date:        November 21, 2006

To:          Mendez, H24055

Subject:     First Level Appeal, Inmate Mendez, H24055,  1-N-79 L
             Re: Appeal log # CSQ-3-06-03325

This is a response to your first level appeal, log# CSQ-3-06-03325, dated November 7, 2006. In this appeal you stated that, "On October 25, 2006, my cell was searched. During the total unit search and personal property (listed here) were confiscated and damaged badly".

1. One extension cord
2. Prescription glasses that were damaged

Appellant is requesting, "I need the extension cord back because it has been a part of my property for a long time. Further more I need a new pair of prescription glasses or 220.00 has to be reimbursed to my trust account."

On November 21, 2006, M. Iannone, Correctional Sergeant interviewed you, to afford you an opportunity to fully explain your appeal, and to provide any supporting information and or documentation your allegation (s) as herein presented.

A thorough investigation was conducted and it was discovered that during the course of this interview, you were unable to provide proof that your prescription glasses were damaged during the searches.

Based on your request as presented above, your appeal is herby **Partially Granted** at this level of review. Do to the lack of evidence as stated above I am denying you for your prescription glasses. On November 21, 2006 Sergeant M. Iannone gave back your extension cord at the completion of your interview.

M. IANNONE
Correctional Sergeant



H24055 MENDEZ ALBERT
J-330L
PAY FOR GLASSES
AMT $220.00 MBS

STATE OF CALIFORNIA

NUMBER
298 - 355063

*TRUST*
401909

298-355063

CARMEN VAZQUEZ
P.O.BOX 238
DIXON, CA
95620

02/03/05

$**220.00**

NOT NEGOTIABLE

TRIPLICATE

Inmate's Property Card

Number: *H24055*
Name: *Mendez*

| Date | Signature | Article |
|------|-----------|---------|
| 4-3-06 | Mendez | Access CD player |
| 4-10-06 | Mendez | Casio watch silver |
| 4-21-06 | Mendez | Timberland BRN boots |
| 6-28-06 | Mendez | JVC Head Phones, Expendo things, Soft Antenna Shidebothl |
| 6-30-06 | Mendez | Magnovox TV SN# DN1A0511679696 — |
| 9-18-06 | Mendez | 3rd Qfee', 3cds, Blk sunglasses |
| 10-2-06 | Mendez | replbemont |
| 10-10-06 | Mendez | Fan, Timex clock, Panasonic Trimmer, Hot Pot Ext. Cord, Clip Lamp, Glasses, Levis, sweat shirt Thermal pant, Leather Belt, Super Radio |
| 10-16-06 | Mendez | 4th Qfnd, 2cds |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

I hereby acknowledge receipt of the above mentioned articles and understand I must have them in my possession when leaving this institution, unless property removed herefrom by the Receiving and Release Sergeant.

SQ-160-A

## San Quentin State Prison Confiscated Property Receipt

Inmate Name: _____ CDC #: _____ Cell/Area: _1- N- 79_

| Item(s) | Reason/Disposition |
|---|---|
| _Gray Extension Cord_ | |
| | |
| | |
| | |
| | |

Confiscated by: _Nowee_ _____ Date: _27 Oct 09_

Distribution:     White - Unit Supervisor      Yellow - Inmate      Pink - Confiscator

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                    Category
1. _____          1. _____
2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| Mr. Glenn Padgett | K-45050 | Butcher Shop | 3N38 |

A. Describe Problem:    On October 26, 2006, I was ordered out of cell 3N38 Upper. I was given the order to go "strip out of my clothes and then ordered to proceed to the lower yard." During the cell search my personal property was stolen and then thrown away byy the corrections officer's search team. These items are: One pair of TIMBERLAND DRCT ATTACH WORKBOOT, $69.99. One TIMEX IRON MAN WATCH, $39.99. And one LEVIS 550 RELAXED FTI JEANS, $26.80. Plus six NYLON GUITAR STRINGS MEDIUM, $9.97. Per Title 15. 3380.(a) The warden, S. Mendoza , or superintendent is responsible for the treatment of all inmates under his charge. Per Title 15. 3287.subd.(4). The inmate "will" be given a written

If you need more space, attach one additional sheet.    (SEE, ATTACHED?!) SEE, EXHIBITS OF RECEIPTS ATTACHED?!

B. Action Requested:    I request that the warden authorize total financial reimbursement by way of check or money order payable to Mr. Glenn F. Padgett. I request that no restitution funds be taken from my check or money order. This should be done immediatley without any unnecessary post-delay appeal coordinator tactics. This is timely filed!

Inmate/Parolee Signature: _Glenn Padgett_          Date Submitted: Tue. 10-31-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

_____

notice for any item(s) of personal property removed from his quarters during and inspection and the disposition made of such property. See, 3287. subd.(4)(d). A written record "shall be maintained of the disposition of missing property." I WAS NOT GIVEN A CELL SEARCH PROPERTY RECEIPT FOR MY PERSONAL PROPERTY THAT WAS STOLEN BY YOUR SEARCHING CORRECTIONS OFFICER'S!

The Department of Corrections Operations Manual states at 52050.18 Searching Inmates-Housing Unit. See, third paragraph. "Every reasonable precaution shall be taken to avoid damage to personal property and to leave the inmate's property in good order upon completion of the search." See, Penal Codes 56484.(a), and 488., as these were violated by your searching staff. See, Civil Codes, 1708, and 1714. See, Code of Civil Procedure 27, 28, and 29.

In conclusion, Captain Fox and Sergeant Mincey are also responsible for the rampant negligence, current and future omissions, criminal acts, damage, i.e., "loss" of all my personal property listed herein. This total price of my property is valued at, $119. 95.


Any and all assistance that you can give me with clearing up this matter will be genuinely appreciated. I look forward to your prompt response within the laws under Title 15. 3084.6.(a). subd.(b)(1)(2)(3)(4)., per "Appeal Time Limits." This 602 grievance appeal does not contain complex issues. Delays in adhering to 3084.6.(a) will be prosecuted! My appeal of this issue is timely filed.


DATE: Tuesday 10-31-06                              Mr. Glenn Padgett K-45050

2 of 2.

# WALKENHORST'S

1774 INDUSTRIAL WAY
NAPA, CALIFORNIA 94558
CA (800) 660-9255 · (707) 255-4412 FAX (707) 255-1974

## INVOICE/WORK ORDER

CA STATE PRISON-L.A. COUNTY
44750 60TH STREET WEST
LANCASTER, CA 93536

PADGETT K-45050 D5-110U
CA STATE PRISON-L.A. COUNTY
44750 60TH STREET WEST
LANCASTER, CA 93536

| ORDER NO. |
|---|
| 30056320 |

| | | | | | | SHIPPING POINT | | PREPAID | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 45050 | | | | | | | | TERRITORY | |
| | 7/15/03 | MAIN | LA | | | | | LOS ANGELES | | |

| QUANTITY TODATE | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACKORD | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | TAX |
|---|---|---|---|---|---|---|---|
| | | | | | 95.96 | | |
| | | | | | 7.97 | | |



| SUBTOTAL | | STATE TRANSIT | | Freight | | |
|---|---|---|---|---|---|---|
| 41.98 | | 3.84 | 40.40 | 4.00 | | 49.40 |
| | | | | ORDER NO. | | TOTAL ORDER VALUE |
| COUNT ON WALKENHORST'S FOR PROMPT FRIENDLY SERVICE! | | | | 30056320 | | |

DUPLICATE

155056                                                                    PAGE    1

1-800-546-6283                                                            6/13/06
ACCESS CATALOG
KEEFE COMMISSARY NETWORK, L.L.C.              WAREHOUSE: M
13330 LAKEFRONT DRIVE                         CARRIER: UPS            8728096 001
EARTH CITY, MO   630451513                    SLS#: 313
                                              ORDER #: 41687
                                              USE INMTE# AS BOX#,
GLENN PADGETT 1 NORTH    IN#: K45050          USE DISC SPKR OR NO SPRK TVS
SAN QUENTIN MAINLINE**
GENERAL DELIVERY BOX#K45050                   QP-051, SPO-005
SAN QUENTIN       CA 94964

| TY | UOM | ITEM NO C DESCRIPTION | | ITM PRC | TTL PRC |
|---|---|---|---|---|---|
| 1 | EA | 50496070 N DICKIES LINED DENIM JACKET | 3XL | 46.49 | 46.49 |
| 1 | EA | 51182010 N 8C CLEAR HOT POT W/FOOD INSERT | 350W 160 | 14.90 | 14.90 |
| 1 | EA | 51218010 N LAKEWOOD 8" CLEAR FAN | | 20.50 | 20.50 |
| 1 | EA | 52118100 N TIMBERLAND DRCT ATTACH WORKBOOT 92 10 | | 69.99 | 69.99 |

    SALES TAX OF $10.91 IS INCLUDED IN TOTAL AMOUNT
T RECEIVED     155.88     SHIPPING/HANDLING     4.00   TOTAL:     155.88
       TOTAL WT:     7.72

              ALL  SPEAKERS MUST BE     DISCONNECTED & REMOTES

6/20/06

## ...ON SUPPLY COMPANY INC

**INVOICE**

| PAGE | INVOICE NO. | INVOICE DATE |
|---|---|---|
| 1 | 278027 | 6/09/04 |

Rec'd 6-15-04
Supply 20 Jones

S
H
I
P
T
O

Inmate: PADGETT
Housing Unit:
R.J. DONOVAN CORR FACILITY
INMATE SPECIAL PURCHASE ORDER
480 ALTA ROAD
SAN DIEGO, CA 92179

# K450050

| SOLD TO |
|---|
| Inmate |
| R.J. DONOVAN CORR. FACILITY |
| 480 ALTA ROAD |
| SAN DIEGO, CA 92179 |

NO BACKORDERS ALLOWED

| UPC # | 0001030106 |
|---|---|
| Size: | 9 |
| Order: | 1 |
| UPC # | 4020075 |
| Size: | 40X34 |
| Order: | 1 |
| Size: | 670 |
| Order: | 0 |
| UPC # | 012299100? |

40 x 34 RELAXED FIT
40 x 34 RELAXED FIT
40 x 34 RELAXED FIT
40 x 34 RELAXED FIT
40 x 34 RELAXED FIT

| SHIP VIA | TERMS | PO # | ORDER DATE | CUST. NO. | SALESMAN | ORDER # |
|---|---|---|---|---|---|---|
| UPS Ground Prepaid | Prepaid / Personal Checks | K450050 | 6/09/04 | 106 | | 020659-00 |

| QTY ORDERED | QTY SHIPPED | QTY B/O | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | | | OXFORD BROWN MENS WORK SHOE | 33.6000 PR | 33.60 |
| | | | LEVI'S 550 RELAXED FIT JEANS | 26.8800 PR | 26.88 |
| | | | KOSS CL-20 CLEAR HEADPHONE 48/CS | 28.4000 EA | 28.40 |

| SUBTOTAL | 88.88 |
|---|---|
| SHIPPING & HANDLING | |
| DEPOSIT | 88.88 |
| BALANCE | .00 |
| ORDERED BY | |



# WALKENHORST'S

1774 INDUSTRIAL WAY
NAPA, CALIFORNIA 94558
CA (800) 660-9255 - (707) 255-4412 FAX (707) 255-1974

## INVOICE/WORK ORDER

18612

CA STATE PRISON-L.A. COUNTY
44750 60TH STREET WEST
LANCASTER, CA 93536

S PADGETT K-45050
H CA STATE PRISON-L.A. COUNTY
I 44750 60TH STREET WEST
P LANCASTER, CA 93536
T
O

| ORDER DATE | CUSTOMER P.O. | SHIP VIA | | F.O.B. | | |
|---|---|---|---|---|---|---|
| 1/2/08 | K-45050 | UPS | | SHIPPING POINT | PREPAID | |

| GIVEN | | DATE REQUESTED | LOCATION | SALESPERSON | | APPROVED BY |
|---|---|---|---|---|---|---|
| PADGETT | | 1/2/08 | MAIN | RS | | LOS ANGELES CO. |

| ITEM NO. BIN LOCATION NO. | | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACK ORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | TAX |
|---|---|---|---|---|---|---|---|---|
| 03060024 | | | | | | 149.97 | 149.97 | |
| 03060011 | | | | | | 6.97 | 6.97 | |
| 03060082 | | | | | | 4.97 | 4.97 | |
| 03060024 | | | | | | 9.97 | 9.97 | |
| 03060018 | | | | | | 2.10 | 2.10 | |
| | | | | | | | | |

| SUBTOTAL | STATE TRANSIT | | | | Freight | |
|---|---|---|---|---|---|---|
| 173.98 | 1.70 | | | | 4.00 | |

COUNT ON WALKENHORST'S FOR
PROMPT FRIENDLY SERVICE!!

ORDER NO.
18612

TOTAL ORDER VALUE
192.29

DUPLICATE

# Walkenhorst's Order Form
### 1774 Industrial Way, Napa CA 94558
Phone Toll Free 800-660-9255 • 707-255-4412 • Fax 707-255-1974

Ship to Name  Mr. Glenn Padgett                         ID # K-45050

Institution Name  Lancaster State Prison

Address  44750 60th St. West

City, State, Zip  Lancaster, CA  93536-7620

Order Placed By: _____    Phone # _____

Mailing Address _____

City, State, Zip _____

## Items Ordered

| Page | Item # | Qty | Size | Description/Manufacturer # | Price | Total |
|------|--------|-----|------|---------------------------|-------|-------|
| 72 | 3050-067 | 1 | | Josmine Full Size Guitar | | 149.97 |
| 72 | ~~3050-~~ | 1 | | ~~Guitar Hard Back~~ | | ~~39.97~~ |
| 72 | 3050-011 | 1 | | Nylon Guitar Strap (Black) | | 6.97 |
| 72 | 3050-062 | 1 | | Pitch Pipe | | 4.97 |
| 72 | 3050-024 | 1 | | Nylon Guitar Strings (Med) | | 9.97 |
| 72 | 3050-018 | 7 | | Guitar Picks (Med) | .30 | 2.10 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | List Alternate Items | | |

Include Institution Authorization Form (if required)

**SHIPPING/HANDLING:** All orders are subject to shipping and handling charges of $4.00 for standard ground shipments.

Suggestions: *What would you like to see offered in our next catalog?*

_____

_____

| | |
|---|---|
| Subtotal | 173.98 |
| Sales Tax (If Shipped within Calif.) | 14.35 |
| Shipping Handling (see chart) | $4.00 |
| **TOTAL** | ~~177.98~~  192.33 |

## METHOD OF PAYMENT  (We Cannot Accept Personal Checks)

☑ Money Order/Cashier's Check    ☐ Institution Check    ☐ Discover    ☐ Mastercard    ☐ Visa

Card # _____

Card Holder's Signature _____    Exp. Date _____

Card Holder's Address _____

Card Holder's Phone # _____

### Send Orders to:
## Walkenhorst's • 1774 Industrial Way, Napa, CA  94558
### Phone 800-660-9255 • 707-255-4412 • Fax 707-255-1974

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Reginald J. Davis | K-27582 | AD-SEG CDM Line | N/B 4-11-6up |

A. Describe Problem: The Appellant filing this appeal contends that on 10-26-06, Appellant's cell was searched during a total unit search and personal property, in the process of that search my KOSS EQ Equalizer $20.98 was crush up on my cell floor. My silver 24" Figaro Chain and cross $65.00. And my TWIN RADIO was confiscated for being altered? This is the same radio that Sgt. Kilmer gave to Appellants to drop his 602 on lost property and a damage radio. Since the Department of Correction and rehabilitate has revise

If you need more space, attach one additional sheet.    SEE ATTACH SHEET.

B. Action Requested: Appellant request that he be fully compensated for the loss of said property items.

Inmate/Parolee Signature: _Reginald J. Davis_    Date Submitted: 10-31-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

<u>Describing Problems</u>

on a deal with appellant by taking the radio back. Appellant, shall be allow to resubmitt his original 602 for a damage TWIN radio and the lost item of property while being transferred to San Quentin State Prison on April 19, 2005.

<u>ISSUES</u>

● In order to create a protected liberty interest in prison context, a state regulation must use explicit mandatory language, "in connection with the establishment of 'specific substantive predicates' to limit official discretion, and thereby require that a particular outcome be reached upon finding that the relevant criteria have been met". Hewitt v Helms, 459 U.S. 460, 472.

The fourteenth amendment of the U.S. Constitution reads in part: "Nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary actions of government," Wolf v McDonnell, 418 U.S. 539, 558 (1974).

Stated simply, "A state creates a protected liberty interest by placing substantive limitations on official discretion. Olim v. Wakinekona, 461 U.S. at 249.

The Department's rules regarding this case are contained in the California Code of Regulations (CCR) Penal Code, Title 15, Section (s) 3004, 3190 (a), 3191, 3193, 3287 (a) (2) (4) 3357 DOM 54030.3, 54030.13., 54030.15. P.C. 18, 132, 134, 839, copy to be placed into his/her file.

As this particular search was conducted by other than North Block staff (assigned officers and sergeant), corrective measures implemented to prevent abuse of inmate personal property were ignored threw into the trash and trash truck, all in the same day. And the search was conducted without compliance with San Quentin's Institutional Procedure(s) and departmental policies. The total unit search was supervised by Correctional Captain R. Fox.

In reference to the cell search, CCR 3287(A)(2) reads in part... "Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection." Searching staff completely ignored this provision and were disrespectful of inmates personal property and conditions of their living quarters.

CCR 3287(A)(4), also reads, ... "The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property." Again, search staff completely ignored this provision and no written notice for any item(s) taken were provide (see also, Dom 54030.13).

Each employee involved in the handling of an inmate's property shall make the extent of such involvement a matter of record (Dom 54030.5).

## San Quentin St Prison Confiscated Prop by Receipt

Inmate Name: __Davis__     CDC #: __K17382__     Cell/Area: __4N64__

| n(s) | Reason/Disposition |
|---|---|
| Altered radio | altered |
| | |
| | |
| | |
| | |

scated by: __c/o Zhou__          Date: __10·26·06__

tion:    White - Unit Supervisor     Yellow - Inmate     Pink - Confiscator

## CALIFORNIA CORRECTIONAL INSTITUTION
## SECOND LEVEL APPEAL RESPONSE

**DATE:**                    June 24, 2005

**NAME/NUMBER:**             Davis, K27382

**APPEAL LOG NUMBER:**       CCI-5-05-1165 (SQ log# 05-1013)

**INTERVIEWED BY:**          C. Trotter, CC-I, on June 22, 2005 (via telephone)

**APPEAL DECISION:**         Denied

**APPEAL ISSUE:**            **PROPERTY**

The appellant states that he was transferred to San Quentin State Prison on April 18, 2005. When he received his property, he noticed that his radio was damaged and that he was missing many items. It is the position of the appellant that the State is liable for the damaged and missing property, and that he is reimbursed for his property, valued at $374.48.

**RESPONSE:**

All relevant documents and information submitted in writing have been carefully reviewed and considered. A thorough review has been conducted and evaluated in accordance with departmental policies and institutional procedures.

A riot, involving hundreds of inmates, occurred on Unit II at CCI on February 24, 2005. The incident also involved inmates looting the property of each other. All inmates believed to have possibly been involved in the riot had to be removed from the general population immediately. Nearly three hundred inmates were transferred to alternate institutions within hours of the riot, and approximately 200 others were placed in Administrative Segregation here at CCI. Of these 200 inmates, nearly 150 have subsequently either transferred or are awaiting transfer. Staff was tasked with the enormous job of gathering, inventorying and preparing for transfer the property for all of these inmates.

During the interview, the appellant stated he is missing two pair of shoes and that some of his property was damaged, including his CD player.

California Code of Regulations (CCR), Section 3193 (a) states, in part, *In permitting inmates to possess items of personal property while they are incarcerated, the department does not accept liability for the theft, loss, damage or destruction of such property resulting from the intentional or careless act or activities of any inmate...*This includes riotous behavior. It is unfortunate if any of the appellant's property was stolen during the riot situation on Unit II. However, any loss of appellant's property is the direct result of the actions of inmates and there is no evidence to support that the loss was, in any way, the result of employee negligence. Accordingly, the department is not responsible for the loss. The appellant did not provide any documentation to support his allegation that his radio was damaged during the transfer process.

Davis, K27382
CCI-2-05-1165
Second Level Review
Page 2


Receiving and Release staff was contacted, and information was received that one additional box of property was located that has been positively identified as belonging to the appellant. This box of property was delivered to the warehouse for shipping, which occurred on June 21, 2005. The property is being shipped via a freight truck.

Based on the decision that the appellant will not receive any monetary reimbursement, this appeal is DENIED.

If dissatisfied, the appellant may request a Director's Level review by following the instructions on the appeal form.


_____                          6/24/05
                                                   _____
S. WHITLACH                                        Date
Appeals Coordinator


_____                          6-24-05
                                                   _____
L. L. SCHULTEIS                                    Date
Chief Deputy Warden
Units I, II, III, and Operations

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. _SQ_
2. _CCI-4-05_

Log No.
1. _05-1013_
2. _1165_

Category
_property S_

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Reginald J. Davis | K-27382 | | 4-N-18W |

**A. Describe Problem:** On 4-18 and 19, 2005, Appellant was transfer from Tehachapi State Prison to San Quentin on a adverse transfer. When Appellant receive his personal property, legal documents, some receipts were missing and other paper work was missing.

SEE    ATTACH    SHEET

If you need more space, attach one additional sheet.

**B. Action Requested:** 1) That Appellant be reimburse in the sum of $374.48 for damages to his JWIN radio and, the missing personal property, and other items.

Inmate/Parolee Signature: _Reginald J. Davis_          Date Submitted: _4-20-2005_

**C. INFORMAL LEVEL** (Date Received: _____ )

APR 2 7 REC'D

Staff Response:

**Bypass**

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**Bypass**

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

ISSUES: 1) APPELLANT'S RADIO JWIN AM/FM CD RADIO WAS DAMAGE, AND VALUE AT $58.95.

2) A list of APPELLANT'S missing property, 24" FIGARE CHAIN - STERLING silver $49.00, STERLING silver CROSS $12.00, KOSS CLEAR HEAD PHONES $27.00, NIKE CROSS TRAINER ATD WHITE 12" $79.52, CONVERSE CON 500 HI B-BALL WHITE 12" $39.19, THERMAL TOP $4.25, THERMAL BOTTOMS $4.25, HANES WHITE BOXERS $8.00, HANES BIG CREW T-SHIRTS 3 PACK $11.00, TUBE SOCK-ALL WHITE 6 PAIRS $5.25, 6 RUSSELL -SWEATPANTS 2XL $11.90, 6 PACK FANTA ORANGE SODAS $2.70, TREND LAUNDRY SOAP $1.15, Tooth brush $.50, 24 CHILE Soups $4.80, 24 Roast Chicken Soups $4.80, Baseball cap white $3.97, Italian Sandals by Reebok Black $21.97, Light grey 3X sweat pants $15.97, 1 Light grey 3X sweatshirt $14.97, 1 light grey 2X sweat shirt $12.97, 2 Light grey sweat pants $18.92.

3) APPellant Request that the STAR small reimburse him for 4 damage radio, and missing personal property in the sum of $374.45.

4) This violates The D.C.M. $ 510 30.7.2.1 DAMAGE To Property, and TiHE 15 $ 3193 (b).

5) That each and EVERY issues be ACLdress or it will be deem uncontested.

05 MAY -
PM 3: 26

INMATE PROPERTY RECEIPT

NAME: DAVIS                    NUMBER: K27382    DATE: 1-16-07

CDC BUS: _____    SPECIAL CANTEEN: _____    QUARTERLY PACKAGE: _____

* DECLARED VALUE IS:

(1) 24 OZ. SILVER Religious CHAIN OF CROSS.        $65°°

(1) TWIN AM/FM CD. RADIO.        $58.95

(1) CASIO WATCH - ELLUMINATOR.        $20.00

(1) PANASONIC CLIPPER        $20.00

I FULLY UNDERSTAND THE FOLLOWING:

(1) THE ABOVE LISTED ITEMS OF PROPERTY HAVE BEEN RELEASED TO ME THIS DATE.

(2) THESE ITEMS HAVE BEEN INCLUDED ON MY PROPERTY INVENTORY CARD.

(3) I SHALL BE HELD ACCOUNTABLE FOR ALL PROPERTY LISTED ON MY PROPERTY CARD UPON RELEASE OR TRANSFER FROM THIS INSTITUTION.

(4) I SHALL REPORT THE LOSS OR THEFT OF ANY ITEM LISTED ON MY CARD TO R&R, SO THAT IT CAN BE REMOVED FROM MY PROPERTY CARD.

(5) I SHALL NOT SELL, TRADE, LOAN, NOR DESTROY ANY ITEM ON MY PROPERTY CARD.

(6) ANY ITEM LISTED ON MY PROPERTY CARD, THAT IS FOUND IN THE POSSESSION OF ANOTHER INMATE, WILL BE CONSIDERED CONTRABAND AND DEALT WITH ACCORDINGLY.

(7) THE ABOVE DECLARED VALUE IS TRUE:

_____        _____
R&R STAFF SIGNATURE                INMATE SIGNATURE

CCI-FORM #1564 (2-94)

INMATE PROPERTY RECEIPT                 CCI - II R&R

NAME: _____DAVIS_____    NUMBER: __K273863__    DATE: __2/2/04__

CDC BUS: _____    SPECIAL CANTEEN: __X____    QUARTERLY PACKAGE: _____

KOSS CLR HEADPHONES ———— * DECLARED VALUE IS: $27.00

I FULLY UNDERSTAND THE FOLLOWING:

(1) THE ABOVE LISTED ITEMS OF PROPERTY HAVE BEEN RELEASED TO ME THIS DATE.

(2) THESE ITEMS HAVE BEEN INCLUDED ON MY PROPERTY INVENTORY CARD.

(3) I SHALL BE HELD ACCOUNTABLE FOR ALL PROPERTY LISTED ON MY PROPERTY CARD UPON RELEASE OR TRANSFER FROM THIS INSTITUTION.

(4) I SHALL REPORT THE LOSS OR THEFT OF ANY ITEM LISTED ON MY CARD TO R&R, SO THAT IT CAN BE REMOVED FROM MY PROPERTY CARD.

(5) I SHALL NOT SELL, TRADE, LOAN, NOR DESTROY ANY ITEM ON MY PROPERTY CARD.

(6) ANY ITEM LISTED ON MY PROPERTY CARD, THAT IS FOUND IN THE POSSESSION OF ANOTHER INMATE, WILL BE CONSIDERED CONTRABAND AND DEALT WITH ACCORDINGLY.

(7) THE ABOVE DECLARED VALUE IS TRUE:

_____          _____
R&R STAFF SIGNATURE                   INMATE SIGNATURE

                              CCI-FORM #1564 (2-94)

# California Men's Colony
# Special Purchase Order

**To Vendor:**

WALKENHORST'S
1774 INDUSTRIAL WAY
NAPA CA 94558

**Date:** 11-25-2003
Special Purchase

| For Institutional Use On., |
|---|
| Name: DAVIS, REGINALD |
| Inmate ID#: K-27382 |
| Housing: Area: BQB3  Bed#: 3257X |
| EA#: 88108 |

| For Accounting Use Only |
|---|
| **348518** |
| DEC 02 2003 |

| Qty: | Catalog#: | Description: | Price: | Total: |
|---|---|---|---|---|
| 1 | 305425-111 | NIKE CROSS TRAINER ATD WHITE 12" | $59.97 | $59.97 |

74.32
+10.65
84.97

**Note to Vendor:**
IWF Tax for institution use only.
California Use (Sales) Tax applied and
processed pursuant to State law.

**SHIP TO:**

**California Men's Colony**

**Special Purchase EA#:** 88108

**Hwy. 1 North / P.O. Box 8101**

**San Luis Obispo CA 93409-0003**

**Re:** WALKENHORST'S

| | |
|---|---|
| Sub Total: | $59.97 |
| Postage: | $4.00 |
| Sub Total: | $63.97 |
| CA Use/Sales Tax: | $4.35 |
| Sub Total: | $68.32 |
| I.W.F. Tax: | $6.00 |
| Sub Total: | $74.32 |
| **Pay Vendor This Amt:** | $68.32 |

NOTE TO VENDOR: Show purchase order (EA#) on ALL
shipments. DO NOT place inmate's name or number on
shipping label. Refunds by check or money order ONLY.

**Inmate Trust Account Charge This Amt:** $74.32

## File
## Copy

**RECEIPT OF ORDER:**

Date of Receipt: _____

Inmate Signature (Do NOT Print)



ORIGINAL
**WORK ORDER**

| CUSTOMER # | CUSTOMER ORDER # |
|---|---|
| 8727580 001 | |

1-800-546-6283
ACCESS CATALOG COMPANY
10840 LIN PAGE
ST. LOUIS, MO   63132

ORDER
NO.    82609

REGINALD DAVIS          K27382
CALIFORNIA MEN'S COLONY
3 MI N SANLUIS HWY 1 EA#
SAN LUIS OBISPO, CA 93409

ORDER NO.

ORDER DATE  4/12/01

VIA  UPS

SLS  JMP

PAGE  1

| QUANTITY | | B/O | U/M | PRODUCT # | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|
| ORDERED | SHIPPED | | | | | | |
| 1 | 1 | | EA | 50414120W | CONVERSE CON 500 HI BBALL   WHT SZ 12 | 39.79 | 39.79 |

TTL. CS.        TTL. WT.   3.13

AMT RECEIVED    39.79

OFFICE USE ONLY.

**TV R/M CONTROL NOT ALLO**      **WED** R/M  REMOTE

| QTY. | PRODUCT NO. | DESCRIPTION OF EXCHANGE ITEM | | UNIT PRICE |
|---|---|---|---|---|

**RETURN CODES**
R1  Defective
R2  Do not want
R3  Wrong Product Shipped
R4  Wrong Product Ordered
R5  Restricted

**EXCHANGE CODES**
E1  Defective
E2  Do not want
E3  Wrong Product Shipped
E4  Wrong Product Ordered
E5  Restricted

**TV CODES**
T1  Repair and Return
T2  Replace

To return or exchange merchandise. Circle the code that best fits your reason for return.

EXCHANGE / RETURN ITEMS
DETACH LABEL & PLACE ON OUTSIDE OF PACKAGE

REGINALD DAVIS    K27382
CALIFORNIA MEN'S COLONY
3 MI N SANLUIS HWY 1 EA#
SAN LUIS OBISPO, CA 93409—

Access Catalog Company
10840 Lin Page Place
St. Louis, MO 63132

05 MAY -3 PM 3:27

JACK L. MARCUS INC.
5300 W. FOND DU LAC AVE.
MILWAUKEE WI  53216
PHONE: (414) 438-4999
       1-800-236-2611


CUST# 93409
ORDER# 2331146
ORDERDATE: 04/17/03




CALIFORNIA MENS COLONY**EAST**

REGINALD DAVIS ID# K27382
HWY 1 NORTH PO BOX 8101
EA#85470
SAN LUIS OBISPO CA  93409


NO CREDITS OR SUBSTITUTES ALLOWED

SHIPMENT: SEPARATE   BATCH: 902
                    PO# 17225  DPT #  1

JEWELERY ORDERS SHIPPED SEPARATELY
JEWELERY SALES FINAL AFTER 30 DAYS

| QTY | ITEM DESCRIPTION | CART | LOC. | PRICE | EXT PRICE |
|---|---|---|---|---|---|
| 1 | 35-42/32-B Men's Lee Jeans 200-8989 | 2A | C-01 | 19.75 | 19.75 |
| 1 | 484A-XL-NT MENS THERMAL TOPS 1544/154A-EC | 3A | K01R04 | 4.25 | 4.25 |
| 1 | 484B-XL-NT MENS THERMAL BOTTOMS 1540/154B-EC | 3A | K01R03 | 4.25 | 4.25 |
| 1 | 2143-XL-W HANES WHITE BOXERS 436B | 3A | J01R11 | 8.00 | 8.00 |
| 1 | 1132-3X-W HANES BIG CREW T-SHIRT 3PK 2135X | 3A | J01R10 | 11.00 | 11.00 |
| 1 | 29-REG-W TUBE SOCKS-ALL WHT-6PRS/UNIT 2407 | 3A | FLOOR | 5.25 | 5.25 |
| 1 | 731-42-BN LEATHER BELT/BUCKLE 1117 | 3B | I-08 | 3.50 | 3.50 |
| 1 | 2701 24  FIGARO CHAIN-STERLING SIL CH220-24 | 04 | SAFEJ | 49.00 | 49.00 |
| 1 | 2719 STERLING SILVER CROSS C903 | 04 | SAFEJ | 12.00 | 12.00 |

TOTAL SALE AMOUNT:  117.00
          FREIGHT:    3.50

LOT NUMBER:      0
ORDER # 2331146      88

DEPOSIT:  120.50
CREDIT USED:    0.00

**(Please see reverse side for return and/or exchange instructions.)**



Case 06-cv-02517-JR   Document   Filed 06/16/2008   Page 11 of 13

ORDER # 7527

*******MUST KEY FLD   BOX'S ON*******
******STREET ADDRESS LINE*******
*****NO SUBST TOTAL ORDER*****

7527C
MEGAN HARRIS P39165
COY TEHACHAPI CF
13000 HWY 202 PO BOX SOD 8-81 10M
TEHACHAPI, CA 93581

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 EA | 8644 | (EACH) BABY RUTH | *** CANCELLED | | .50 | |
| 4 EA | 8752 | (EACH) SNICKERS BAR | | | .50 | 2.00 |
| 1 EA | 48601 | (EACH) JOLLY RANCHER ASSORTED 3.7 OZ | | | .80 | .80 |
| 1 EA | 48643 | (EACH) TOOTSIE ROLLS 2.75 OZ. | | | .70 | .70 |
| 1 EA | 8177B | (EACH) HERSHEY CANDY BAR | | | .50 | .50 |
| 1 EA | 81865 | (EACH) 5OZ SNACK LEGENDS CHOC CREME FILLE THANK YOU | | | NO CHG | |
| 2 EA | 84119 | (EACH) BUGLER 6OZ CANT-GA | | | 10.50 | 21.00 |
| 6 EA | 28107 | (EACH) DOVE 4.75 OZ. SOAP | | | 1.80 | 10.80 |
| 1 EA | 28319 | (EACH) CR PETRO JELLY 3.75 OZ | | | 1.20 | 1.20 |
| 1 EA | 28360 | (EA) COLG FRSHMNT BAK BDA/PROXD 6.4OZ TTH | | | 3.50 | 3.50 |
| 1 EA | 28371 | (EACH) MENNEN CLR STK OON SURF DEOD 2 OZ | | | 2.20 | 2.20 |
| 1 EA | B21955 | (EACH) COLGATE T.C. COOL MINT GEL 6.4 OZ | | | 3.50 | 3.50 |
| 2 EA | B2823B | (EACH) NEXT 1 OC8 SKIN CARE LTN 15 OZ | | | 1.90 | 3.80 |
| 1 EA | B22977 | (EACH) SUAVE SHAMPOO STRAWBERRY 15OZ | | | 1.70 | 1.70 |
| 1 EA | 50727060 | G RUSSELL SWEATPANTS (67607) 2XL BIRCH | | | 11.90 | 11.90 |
| 1 EA | 50752010 | WATCH BATTERIES NON 275 EACH RES1DFEE.00 | | | 1.70 | 1.70 |

GIFT CERT.        37
MT RECEIVED       84.93          SHIPPING/HANDLING            TOTAL        84.93
SALES TAX

TOTAL WT     10.06

Having
Reviewed   12/9/04

# INMATE APPEAL ROUTE SLIP

To: CCI APPEALS                                      Date: April 27, 2005

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  CSQ-3-05-01013  By Inmate  DAVIS, K27382

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: PROPERTY
Due Date:  06/09/2005
Special Needs:

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review
requires a personal interview with the inmate unless the appeal is granted.  This policy is
not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f)
(3) provides that a telephonic interview may be conducted if the inmate is not available in
person.

Begin  response  with  GRANTED,  DENIED,  PARTIALLY  GRANTED  or
WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level
appeals require signature of the Division Head.  Appeals that are incomplete will be
returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


R.Chandler-Dacanay or W.Jeppeson
Appeals Coordinator
San Quentin State Prison

CRESANC2
California Department of Corrections (CC
)

Inmate Sales Receipt

Commissary: CAN2
Inmate Rcpt #: 549493
Com Rcpt #: 523685
Inmate ID: K27392
Inmate Name: DAVIS, REGINALD
Inm Acct Type: INMATE
08-24-2005 16:53

Beg Acct Balance: 156.00

| Description | Qty | Price | Amount |
|---|---|---|---|
| BATTERY AA) | 2 | 0.55 | 1.10 |
| TABLET, LEGAL | 1 | 1.10 | 1.10 |
| CLIPPERS, TOENA | 1 | 0.90 | 0.90 |
| IMMERSION HEATE | 1 | 5.25 | 5.25 |
| ORANGE, FANTA | 6 | 0.45 | 2.70 |
| SOAP, JERGINS | 8 | 0.50 | 4.00 |
| TREND LAUNDRY | 1 | 1.65 | 1.65 |
| COLGATE 2.8oz | 1 | 2.55 | 2.55 |
| BABY POWDER | 1 | 1.00 | 1.00 |
| BABY LOTION | 2 | 1.00 | 2.00 |
| MEN DEO, FRESH | 1 | 2.10 | 2.10 |
| CREAM, NOXEMA | 1 | 1.90 | 1.90 |
| CAN, ROASTBEEF | 2 | 2.75 | 5.50 |
| POUCH, CHILI W/ | 3 | 1.20 | 3.60 |
| CAN, FISH IN MU | 20 | 0.65 | 13.00 |
| CAN, SPAM 7 OZ | 5 | 1.95 | 9.75 |
| TORTILLAS-FLOUR | 4 | 1.00 | 4.00 |
| RICE, HOMETOWN | 3 | 0.85 | 2.55 |
| PINTO BEANS, HO | 4 | 1.35 | 5.40 |
| SMOKY SPICY BEE | 1 | 1.50 | 1.50 |
| SMOKY BEEF SAUS | 1 | 1.50 | 1.50 |
| CHEESE, SQUEEZE | 2 | 2.60 | 5.20 |
| TOOTH BRUSH | 1 | 0.50 | 0.50 |
| MAYONNAISE, SQU | 2 | 1.80 | 3.60 |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. | | 1. | | |
| | 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Cornelius Wigfall | P-72694 | PIA | 5-N-89L |

A. Describe Problem: During search (10-26-06) medically assigned cotton-blanket (due to allergies) was taken out of my cell (even though my medical chrono was in plain sight, sitting on top of said blanket).

If you need more space, attach one additional sheet.

B. Action Requested: Would like to be re-issued my medically assigned cotton-blanket A.S.A.P. — Thank you.

Inmate/Parolee Signature: _Wig_____     Date Submitted: 10-30-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed     CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim.

CDC 128 C – TEMPORARY COPY

NAME _Wigfall, Cornelius_    NUMBER _P 72694_  HOUSE ___N 89___   DATE _6/1/05_

REQUEST _Cotton Blanket because of_ _____ _& allergy X 1yr_
_May issue extra sheets of ____ blanket not_
_available_

MEDICAL REASON:

SIGNED _____ M.D.

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

|  | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
|  | 1. _____ | 1. _____ | _____ |
|  | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Robert Kaser | D-41415 | Library Clerk | 2-N25-L |

A. Describe Problem: On 10/27/06, CDCR Staff entered my cell during a Unit search. My personal property was deliberately scattered and mixed with my cellie's property, which could only have been done under orders with malicious intent. Some of my medications are missing as are a medical bedboard and medical back support. I have chronos for them. Also taken was a T.V. stand that was issued to me when I accepted the cell in 2000. I believe that CDCR Staff violated the intent of CCR Title 15 Section 3287.

If you need more space, attach one additional sheet.

B. Action Requested: The following be notified of the incident search of the Unit: Federal Judge Thelton Henderson, Federal Receiver, Robert Sillem, Special Master, John Hagar,.and the State Inspector General's Office for investiagtions. I also request a T.V. stand, and replacement of medical items taken.

Inmate/Parolee Signature: _Robert Kaser_                               Date Submitted: 10/31/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____                                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

# Men's Advisory Council
# **Complaint and Issue of Interest**

The complaint below initiated by:

| NAME | CDC | HOUSING | DATE |
|------|-----|---------|------|
| KASER, ROBERT | D-41415 | 2-N25-L | 10/30/06 |

This issue is concerning (✓ Check the applicable category) :

XX☒ Health Care     ☐ R & R     ☐ Canteen

☐ Food Service     ☐ Recreation & Art in Corrections     ☐ Laundry

☐ Housing & Maintenance     ☐ Education & S.Q. TV     ☐ Mail

☐ Library     ☐ Inmate Trust Account     ☐ Visiting

☐ Religious     ☐ Other (specify)_____

### **Describe the Problem in Brief** (*Include attachment if Needed*)

On OctOber 27, 2006, a search was cOnducted in NOrth BlOck. ALL OF my six cubic feet Of persOnal prOperty was maliciOusly scattered abOut the cell. A medical bed-bOard was taken. A back suppOrt was taken. I have chrOnOs fOr bOth. The fOllOwing medicatiOns are missing frOm my cell: IndOmethacin, athenOlOl, PrilOsec, Zantac, Tizanidine, and twO inhalers, FlOvent and AluterOl.

(The letter "O" is brOken On this typewriter.)

Did you file any CDC-602 appeal pertaining to this issue? ☒ NO ☐ YES
If "YES" What is the appeal's Log#:_____
*\* Do not complete the section below unless the problem is of a Health Care Nature.*

## WAIVER OF MEDICAL PRIVACY LAW

I, RObert Kaser _____ CDC: D-41415 ___, on this date: 10/30/06 ___, DO WAIVE my medical patient privacy rights to the Men's Advisory Council (MAC) as my representative to discuss my case with the San Quentin Health Care Manager, and the Federal Receivership Representative, in order to resolve my medical complaint through administrative and/or legal process. I understand that I can revoke the waiver any time in writing.

Executed on: 10/30/06 ___, at San Quentin, County of San Rafael, California.

Name: RObert Kaser _____, Signature: *Robert Kaser*

Baha Asgari
CDC-46746/1N.98L
CSP. San Quentin, CA 94974

November, 2/2006

Honorable Chief Judge Thelton E. Henderson
U.S. District Court, Northern District
450 Golden Gate Ave.
san Francisco, CA 94102

Honorable Judge Henderson:

   On 10/27/06, at approximately 8:00 AM I was taken out of my cell and strip searched out-of-doors in the cold and made to stand barefoot on the ground doted with bird feces and saliva. I was then escorted to the prosthetic clinic per my ducat (See Exhibit A).

   On this day there was a partial unit search of North Block (housing unit San Quentin Prison), tiers one and two. I am housed on the first tier. It took about two hours for me to complete my appointment at the clinic, and I missed breakfast and my sack of lunch. I told several staff of my medical condition, but was ignored (See Exhibit B).

   When I was finally allowed into my cell it was 8:00 pm. I spent a total of twelve(12) hours on the upper and lower yards. In the past, disabled and impared prisoners were allowed in the Dinning room for the duration of the search, which at most may last 6 hours, twelve hours was a painfully unbearable period.

   Finally, 8:00 PM, when I was allowed in my cell, to my horror I found my cell floor covered up with my legal papers and my canteen trampled on. All of my medical pills and supplies were taken away. My physician prescribed bedboard along with the CDC-128C on the board was confiscated, and my matress was on the ground and draped on the toilet.

   I am a 69½ year old inmate    disabled    and could not understand how in the Heavens name an Institution could be allowed to operate in this manner. It is unconscionable that human beings could treat the elders and impared with such contempt and indifference.

                                        Respectfully,

                                        _____
                                        Baha Asgari

Baha Asgari
CDC-46746/1N.98L
CSP. San Quentin, CA 94974

November, 2/2006

Honorable Chief Judge Thelton E. Henderson
U.S. District Court, Northern District
450 Golden Gate Ave.
san Francisco, CA 94102

Honorable Judge Henderson:

On 10/27/06, at approximately 8:00 AM I was taken out of my cell and strip searched out-of-doors in the cold and made to stand barefoot on the ground do-ted with bird feces and saliva. I was then escorted to the prosthetic clinic per my ducat (See Exhibit A).

On this day there was a partial unit search of North Block (housing unit-San Quentin Prison), tiers one and two. I am housed on the first tier. It took about two hours for me to complete my appointment at the clinic, and I missed breakfast and my sack of lunch. I told several staff of my medical condition, but was ignored (See Exhibit B).

When I was finally allowed into my cell it was 8:00 pm. I spent a total of twelve(12) hours on the upper and lower yards. In the past, disabled and impared prisoners were allowed in the Dinning room for the duration of the search, which at most may last 6 hours, twelve hours was a painfully unbearable period.

Finally, 8:00 PM, when I was allowed in my cell, to my horror I found my cell floor covered up with my legal papers and my canteen trampled on. All of my medical pills and supplies were taken away. My physician prescribed bedboard along with the CDC-128C on the board was confiscated, and my matress was on the ground and draped on the toilet.

I am a 69½ year old inmate    disabled    and could not understand how in the Heavens name an Institution could be allowed to operate in this manner. It is unconscionable that human beings could treat the elders and impared with such contempt and indifference.

Respectfully,

Baha Asgari

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| O'DONNELL | D59324 | — | 1-N-95 |

A. Describe Problem: SEE ATTACHED

THIS APPEAL PERTAINS TO THE WRONGFUL CONFISCATION OF MY PROPERTY. THE FACTS OF THIS APPEAL ARE TRUE TO THE BEST OF MY KNOWLEDGE. SEVERAL VIOLATIONS OF THE TITLE 15 OCCURRED DURING THE SEARCH OF MY CELL.

(CONTINUED)

If you need more space, attach one additional sheet.

B. Action Requested: THE RETURN OF MY PROPERTY AND NO RETALIATION AGAINST ME FOR THIS APPEAL

Inmate/Parolee Signature: _____   Date Submitted: 11/19/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

On Thursday, October 27, 2[ ], at approximately 0900 hours, a [ ]eral recall of all North Block inmates was performed. At approximately 1230 hours, after all North Block inmates had returned to their cells, a search of the housing unit was initiated beginning on the fifth tier. At approximately 2130 hours, the inmates on the first and second tiers were removed from the unit and placed on the upper yard where an unclothed body search was performed. Afterward these inmates were placed in dining halls one and two. We were kept in the dining halls until after 0200 hours. Upon returning to the unit it was evident that our cells had not been searched. As it turned out, the only tiers to be searched were the third, fourth and fifth. (See Attached)

On Friday, October 28, 2006, at approximately 0830 hours, the inmates on the first and second tiers were removed from their cells and taken through the rotunda to the upper yard where another unclothed body search was performed. We were allowed to eat and then were told to go to the lower yard while a search was performed on our living quarters. At approximately 1900 hours we were allowed to return to our cells.

The CCR, Title 15, Chapter 1, Subchapter 4, Article 2, §3287(a), (2), Cell, Property, and Body Inspections, states in part, "Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection." This was **not** done. My cell was devastated. The contents of the wall lockers were strewn about the cell. Both mattresses had been stripped and thrown on the floor and our bedding was in a pile in the corner. My television was resting face down on the springs of the upper bunk and the cable had been forcibly ripped from it, leaving the end still screwed into the back of the set. There was literally no room for two people to stand in the cell at the same time. I pushed further into the cell to allow my cellmate to enter and the C/O locked us in. After many hours, we finally had the cell cleaned up enough so we could sleep in our bunks.

The CCR, Title 15, Chapter 1, Subchapter 4, Article 2, §3287(a), (4), Cell, Property, and Body Inspections, states in part, "The inmate will be given a written notice for any item(s) of personal and authorized state issued property removed from his or her quarters during an inspection and the disposition made of such property. The notice will also list … the follow-up action intended by the inspecting officer."

That night I looked painstakingly through the wreckage of my cell for a receipt but found nothing. I later checked with Sgt. Dennis, who had a stack of receipts, to see if one had been left for my cell but to no avail. I also asked him if he had a list of officers who had searched the cells and he said he did. He produced several sheets of legal size paper and checked each one carefully for my cell number but found nothing.

The CCR, Title 15, Chapter 1, Subchapter 4, Article 2, §3287(d), Cell, Property, and Body Inspections, states in part, "a written record shall be maintained of the disposition of contraband and stolen or missing property confiscated as the result of cell, property, or body inspections."

None of the property "confiscated" from me could be considered unauthorized or dangerous material described in section 3152.

The CCR, Title 15, Chapter 1, Article 1, §3000, Definitions, states in part, "Manuscript means any … sketches; drawings; … created by an inmate.

The CCR, Title 15, Chapter 1, Subchapter 2, Article 5, §3151, Possession, states "Any manuscript as defined in section 3000 remains the property of the inmate who created it. It may be retained in the inmate's possession except as otherwise described in section 3152."

On Sunday, October 30, 2006, I began the task of sifting through my property to return things to their proper places. This was when I discovered that the following items had been "confiscated".

Personal Items:

A)  2 Pair Of Personal Blue Jeans

B)  1 Personal Blue Shirt

C)  6 Hangars

D)  Approximately 100 Letters From My Family

E)  Approximately 200 Photos (kept in the letters they originally arrived in)

F)  1 Timex Watch

G)  1 Stinger

H)  1 Plastic Bowl

I)   1 Set Sony Headphones

J)  1 Pair Reading Glasses (broken)

Hobby Craft Items:

A)  1 Drawing Board (23" X 26")

B)  1 Portfolio With Between 40 And 50 Finished Drawings, 2 Portraits In Progress And Dozens Of Sketches

C)  3 Of 4 Kneaded Erasers

D)  1 Tin Of 24 Colored Pencils

E)  11 Sheet Protectors

F)  4 Butterfly Clips

State of California                                                    Department of Corrections

## INMATE/PAROLEE APPEALS SCREENING FORM

NAME: _Thomas_  NUMBER _D 38815_  SQP LOG No: _____

(OTHER LOG NO)_____ ISSUE:_____ AREA OF ORIGIN:_____

HOUSING UNIT _2N79_          NOTE_____

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

____1. The action or decision being appealed is not within the jurisdiction of the Department.
         ____a. **BPT Issue, file BPT 1040 form & submit to C&PR**          ____b. Other, see comments

____2. You have submitted a duplicate appeal on the same issue.  Check one:
         ____Your first appeal was screened out on _____for _____
         ____Your first appeal is currently under review at the_____level.
         ____Your first appeal has been completed at the _____level.

____3. You are appealing an action not yet taken.

____4. You may not submit an appeal on behalf of another inmate.

____5. You have not adequately completed the Inmate/Parolee Form (CDC 602) or attached the proper documents.
         ____CDC-115 Hearing Officer's or Disciplinary Committee Results      ____Supplemental Reports to CDC-115.
         ____CDC-115A with I.E./D.A. info.      ____CDC-128B1 Hearing Notif.      ____CDC-839/840 Class/Reclass Score Sheet
         ____CDC-128G ICC/UCC Clas.Com.      ____CDC-128G Init. Clas. Com.      ____CDC-128G CSR Endorsement Chrono
         ____Lab Results Sheet      ____CDC-114D Lock Up Order      ____CDC-1030 Confidential Disclosure
         ____CDC-7219 Medical Report      ____Legal Status Summary      ____CDC-128C Medical Chrono
         ____Board of Control Claim Form (attached)      ____Property Inventory Slip
         ____Receipts:____Qtr.Pkg. Inventory Slip      ____CDC-143 Property Transfer Slip      ____Cell Search Slip
         ____You have failed to complete Section_____      _____Sign & Date Section_____
         ____Other:_____

____6. There has been too great a time lapse between when the action or decision occurred and when you filed your appeal.

____7. This issue has been appealed under the assigned SQP Appeal Log No._____. Per DOM section 54100.10.1,
         a copy of the reviewer's response:      _____Is attached      _____Will be forwarded to you upon completion

____8. Abuse of the Appeal Procedure.  See Comments.

Comments: _Your appeal is being returned based on your failure to provide the SQ prison confiscated property receipt left by staff and or any property receipt showing possessio of items claimed taken or damaged._

R. CHANDLER-DACANAY          W. JEPPESON
CC-II, Appeals Coordinator          CC-II, Appeals Coordinator          Date _11-6-6_

This screening action may not be appealed unless you allege that the above reason is inaccurate.  In such case, please return this
form to the Appeals Coordinator with the necessary information.

**PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE.**

_MUST Send Current San Q Water Receipt._          CDC-695 (REVISED 9/01)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**            Location:  Institution/Parole Region            Log No.                Category   5
**APPEAL FORM**                          1. _____      1. _____
CDC 602 (12/87)                          2. _____      2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME                     | NUMBER   | ASSIGNMENT | UNIT/ROOM NUMBER |
|--------------------------|----------|------------|------------------|
| Mr. Charles E. Thomas    | D-38815  |            | 2-N-79L          |

A. Describe Problem: On Oct. 27, 06, there was a major search of North Block cells, and during this main line search certain staff officials and certain under staff acted unprofessional and "deliberate indifferent" to the established rules, procedures and policies in California Code of Regulations Title 15. Crime Prevention and Corrections. In fact, their actions were malfeasance and a blunt disregard for prisoners personal property and their right to possess personal property per CCR 3190.(a). Certain staff maliciously removed my personal property without cause and without required written notice per CCR 3287.(a)(4), the follow items: Letters from my mother who has past away, and my daughter who also has past away; Legal transcripts;

If you need more space, attach one additional sheet.     (PLEASE SEE ATTACHED SHEET FOR FURTHER DISCUSSION)

B. Action Requested: I respectfully request that my personal property that was removed from my cell be returned immediately and if any property is lost or destroyed I be compensated per CCR 3193.(a)(b); I am also in the process of contacting the clerk of the court to find out the cost to replace my transcripts. I further request investigation into this matter. Thank you!

Inmate/Parolee Signature: *Charles E. Thomas*          NOV 6   Date Submitted: 10/31/2006
                                                        RECD

C. INFORMAL LEVEL (Date Received: 11-16-6 )

Staff Response: DENIED. DURING ANY OF MY SEARCHES I STAYED WITHIN THE GUIDELINE PRESENTED IN THE D.O.M. I REMOVED ONLY CONTRABAND ITEMS. THE ITEMS ON YOUR APPEAL IS UNBELIEVEABLE BECAUSE AT ANY GIVEN POINT DURING THE SEARCH, SERGEANTS, LIEUTENANTS, CAPTAINS WERE ON THE TIER INSPECTING CONFISCATED MATERIAL.

Staff Signature: *J.W. Cotton*                          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

INFORMAL RESPONSE WAS UNRESPONSIVE TO MY COMPLAINT; SPECIFICALLY, THAT MY PROPERTY AND PERSONAL EFFECTS WERE MISSING FOLLOWING THE SEARCH OF OUR UNIT. IT IS MY UNDERSTANDING THAT SOME CELLS WERE SEARCHED MORE THAN ONCE, PERHAPS THIS IS THE CASE ALL I KNOW is MY PROPERTY IS GONE.

Signature: *Charles E. Thomas*              Date Submitted: 11-28-06

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

N.B. Current property receipt

Sony Ear phone; Hobby drawing boards; (120) colored pencils; Pocket watch w/chain; Neck lamp;
Clock; Pictures of family and friends; personal clothing two pair of pants' three slengshots;
Two pair of reading glasses; Two-speed stick gel's deodorants; Two 16zo jars of Folgers Coff-
ee. Since I did not receive the required written notice per CCR 3287, I have attached a Decl-
aration under the penalty of perjury to support my assertions herein. I also have witnesses
and other prisoners that have experience the same loss, without written notice. Therefore,
this matter should be handled in accordance to CCR 3391. Employee Conduct.(a)(d), a Citizens
Complaint against staff officials, and my personal property should be returned.
Dated: October 31, 2006

Charles E. Thomas

DECLARATION OF CHARLES E. THOMAS: CDCR ID #D-38815

I, Charles E. Thomas, am the Appellant in CDC-602 Appeal Log No. _____,
in San Quentin State Prison, and do hereby Certify and Declare this 31 day of October
2006, that the following is true and correct under the penalty of perjury and being
Sworn, and I declare that:

I am a resident/prisoner of San Quentin State Prison in the County of Marin, and
I am housed in North Block, which housing Main Line prisoners, and on October 27, 2006,
there was a major search in North Block building and the following personal property
was removed from my cell 2-N-79L, without written notice and without cause:

Letters; Two boxs' of legal transcripts; Sony Ear phone; Two hobby drawing boards;
(120) colored pencils; Pocket watch w/chain; Neck Lamp; Personal clothing two pair of
blue plant and three slengshots; Two pair of reading glasses; Two-speed stick gel's
deodorants; Two 16zo jars of Folgers Coffee; Pictures of family and friends.


VERIFICATION

I, Charles E. Thomas, declare under the penalty of perjury that: I am the Appellant
in the above entitled action; I have read the foregoing Declaration and know the
contents thereof; and the same is true of my own knowledge except as the matters stated
therein upon information and belief, and as to those matters I believe to be true.

EXECUTED THIS 31, DAY OF OCTOBER 2006, AT SAN QUENTIN STATE PRISON, COUNTY OF
MARIN, CALIFORNIA.


STATE OF CALIFORNIA)
COUNTY OF MARIN    )
C.C.P. §446 & 2015.5; U.S.C. §1746)

*Charles E. Thomas*
Declarant/Charles E. Thomas

# Inmate's Property Card

**Number:** D# 38815
**Name:** THOMAS

| Date | Signature | Article |
|---|---|---|
| 5-13-98 | | MISC CANTEEN & COSim, LEGAL PAPERS |
| | | 1 13" COLOR RTV TV #68C41586 |
| | | 2 PHOTO ALBUMS 2PR SHOES, SHOES 2PR T-SHOES |
| | | BELT  2 BOWLS W/LIDS  1 WESTCLOX RAD WATCH |
| | | 1 PR SUNGLASSES  1 BALL CAP  3 T-TOPS |
| | | 1 PR WEIGHT GLOVES |
| 3-2-99 | X Thomas | 1ST QTR MISC FOOD |
| 5-6-99 | X Thomas | 2 CQTR MISC FOOD |
| 10-1-99 | X Thomas | 3RC QTR MISC FOOD |
| 12-23-99 | X Thomas | 4TH QTR MISC FOOD |

I hereby acknowledge receipt of the above mentioned articles and understand I must have them in my possession when leaving this institution, unless properly removed herefrom by the Receiving and Release Sergeant.

SQ-160-A

# Inmate's Property Card

Number: D-38815
Name: THOMAS

| Date | Signature | Article |
|------|-----------|---------|
| 4-13-02 | Thomas | 3rd QTR. MISC. FOOD |
| 12-2-02 | Thomas | (Spr food) |
| 3-24-03 | Thomas | 3RD Q FOOD |
| 1-8-04 | x Thomas | 4th QTR MISC FOOD, 1 GRY B-CAP |
| 3-29-04 | Thomas | 1st Q food |
| 4-21-04 | Thomas | 2ND Q food |
| 6-14-06 | Thomas | 2nd Q food, 1 pair Levi's |
| 8/14/06 | Thomas | QTRLY PKG |
| 9-18-06 | Thomas | FGLI |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

I hereby acknowledge receipt of the above mentioned articles and understand I must have them in my possession when leaving this institution, unless property removed herefrom by the Receiving and Release Sergeant.

SQ-160-A

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1. | | |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MR. GREGORY TABAREZ | C-22746 | North Block Porter | 2-N-18L |

A. Describe Problem: On October 27, 2006, there was a major North Block search of cells and during this search my typewriter was damaged, it does not operate as it suppose to. Therefore I either want it repaired or replaced or to be compensated toward the purchase of another type-writer, pursuant to Title 15. CCR §3193.(b). I have attached a copy of my receipt for my typewriter. I also tried to inquire what C/O conducted the search in my cell and Sergeant Ionie, did not know the name of the C/O. In addition, all my personal property including my legal documents were thrown around my cell mix with my celly property, my legal documents are part of a civil action against certain staff officials at Folsom State Prison, since my

If you need more space, attach one additional sheet.      (PLEASE SEE ATTACHED PAGES FOR FURTHER DISCUSSION)

B. Action Requested: I request my typewriter be repaired or replaced or I be compensated toward the purchase of another typewriter, per Title 15. CCR §3193.(b). In addition, I want to be comp-ensated for damages for the mixer and possible loss of my legal documents, and for obstruct-ion to the courts, since my civil lawsuit is in the process of full litigation at this time.
*access*

Inmate/Parolee Signature: *Gregory Tabarez*                    Date Submitted: 10/28/06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

box where these legal documents where contained was clearly mark "LEGAL WORK," and the envelopes were mark "LEGAL CONFIDENTIAL," the C/O that search my cell actions were deliberate malfeasance and these actions were the purpose of obstructing my access to the courts violating Section CCR §3160.(a); and 3287.(a)(2). Furthermore, I feel this was the reason for my typewriter being damaged.

Dated: October 28, 2006.

Gregory Tabarez C-22740

CALIFORNIA CORRECTIONAL CENTER

## SPECIAL PURCHASE ORDER

*received*
*3/17/2000*
3/6/2000

J. C. Penney Company Inc. Walkenhorst's order form

VENDOR

Catalog Division      1774 INDUSTRIAL WAY

STREET                Napa, California 94558

Milwaukee         WI      53263-0370

CITY          STATE           ZIP

DATE: _____

BY: _____

| QUANTITY | UNITS | DESCRIPTION | SHIP WGT | UNIT PRICE | AMOUNT |
|----------|-------|-------------|----------|-----------|--------|
| Page 51 | 2025-024 | E. Brother ML 300 Typewriter | | $149.97 | $149.97 |
| /////// | //// | ////// | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

MAIL C/O: CALIFORNIA CORRECTIONAL CENTER
TO: Gregory Tabares. C-22746. L-5-215-U.
P.O. BOX 2210    SUSANVILLE, CALIFORNIA 96130

"ALL REFUNDS DEPOSITED AS A SEPARATE TRANSACTION,
EXCLUDING ORIGINAL DRAFT RETURNS, AND EXEMPT DEPOSITS,
WILL BE SUBJECT TO RESTITUTION FEES."

| | |
|---|---|
| SUB TOTAL | $149.97 |
| SALES TAX | $10.87 |
| SHIPPING CHARGE | $4.00 |
| SERVICE CHARGE | // |
| TOTAL | $164.84 |
| IWF | $14.99 |
| CHARGE INMATE | $179.83 |

I AUTHORIZE DEDUCTION OF ANY CHARGE
IN CONNECTION WITH THIS ORDER

SIGNATURE: _Gregory Tabares_          APPROVED: _C. R. Susan_

INMATE   NAME AND NUMBER

COPY DISTRIBUTION:  ORIGINAL-TRUST OFFICE
COPY-R&R
COPY-INMATE

| | | PAGE NO. | ORDER NO. | | CUST. NO. |
|---|---|---|---|---|---|
| | | 1 | 1673 | 03/29/00 | C-22748 |

# WALKENHORST'S

1774 INDUSTRIAL WAY
NAPA, CALIFORNIA 94558
CA (800) 660-9255 • (707) 255-4412 FAX (707) 255-1974

# INVOICE/WORK ORDER

| ORDER DATE | CUSTOMER I.D. # | | SHIP VIA | | F.O.B. | TERMS |
|---|---|---|---|---|---|---|
| 03/28/00 | C-22748 | | UPS | | SHIPPING POINT | PREPAID |

| BUYER | | DATE REQUESTED | LOCATION | SALESPERSON | | TERRITORY |
|---|---|---|---|---|---|---|
| TAUSKEZ C-22748 | | 03/28/00 | MAIN | GL | | BASIC CALIFORN |

| ITEM NO. BIN LOCATION NO. | DESCRIPTION | QUANTITY ORDERED | QUANTITY BACK ORD. | QUANTITY SHIPPED | UNIT PRICE | EXTENSION | TAX |
|---|---|---|---|---|---|---|---|
| 203502A | ML300   Brother Typewriter | 1 | | | 149.97 | 149.97 | T |
| PAID IN FULL | CHECK: 7756S | | | | 164.84 | | |

| SUBTOTAL | STATE | | | | FREIGHT | |
|---|---|---|---|---|---|---|
| 149.97 | 10.87 | | | | 4.00 | 164.84 |
| COUNT ON WALKENHORST'S FOR PROMPT FRIENDLY SERVICE!! | | | | | ORDER NO. 1673 | TOTAL ORDER VALUE |

DUPLICATE

# WALKENHORST'S

## Walkenhorst's Order Form

I6732    S

1774 Industrial Way, Napa CA 94558
Phone Toll Free 800-660-9255 • 707-255-4412 • Fax 707-255-1974

Ship to Name **Gregory Tabarez**　　　　　　　　ID # **C-22746**

Institution Name **C.C.C.**

Address **711-045 CENTER ROAD**

City, State, Zip **SUSANVILLE, CA. 96127-2210**

Order Placed By: _____  Phone # _____

Mailing Address _____

City, State, Zip _____

### Items Ordered

| Page | Item # | Qty | Size | Description/Manufacturer # | Price | Total |
|------|--------|-----|------|---------------------------|-------|-------|
| 51 | 2025-024 | 1 | | E.Brother ML300 Typewriter | $149.97 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | List Alternate Items | | |

**Include Institution Authorization Form (if required)**

**SHIPPING/HANDLING:** All orders are subject to shipping and handling charges of $4.00 for standard ground shipments.

*Suggestions: What would you like to see offered in our next catalog?*

_____

| | |
|---|---|
| Subtotal | $ 149.97 |
| Sales Tax (If Shipped Within Calif.) | $10.87 |
| Shipping Handling | 4.00 |
| **TOTAL** | **$164.84** |

## METHOD OF PAYMENT  (We Cannot Accept Personal Checks)

❏ Money Order/Cashier's Check  ☒ Institution Check  ❏ Discover  ❏ Mastercard  ❏ Visa

Card # _____  Exp. Date _____

Card Holder's Signature _____

Card Holder's Address _____

Card Holder's Phone # _____

***Send Orders to:*** **Walkenhorst's • 1774 Industrial Way, Napa, CA 94558 • Phone 707-255-4412**

2/99    WALKENHORST'S Order Toll Free 800-660-9255 or Fax 707-255-1974

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. | _____ | 1. | _____ | _____ |
| | 2. | _____ | 2. | _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| WELLS | C44955 | pia furniture factory | 2N88 |

A. Describe Problem: My heart malfunctions chronically. Three medications keep me alive. One stimulates my weak heart, another keeps my blood pressure under control. The third medication thins my blood. Subsequent to Friday's search of the second tier north block (10.27.06), I retained some stimulent and pressure medication. I, however, have no medication to thin my blood, none. This is significant since this blood thinner protects against a cerebral vascular accident. I require the medication referred to as warfarin.

If you need more space, attach one additional sheet.

B. Action Requested: Please provide me the medication referred to as warfarin. Thank you.

Inmate/Parolee Signature: _____        Date Submitted: 30 OCT 2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

## INMATE/PAROLEE APPEALS SCREENING FORM

**NAME:** _Cooper_   **NUMBER** _T43842_   **SQP LOG No:** _____

(OTHER LOG NO) _____  ISSUE: _____  AREA OF ORIGIN: _____

**HOUSING UNIT** _4N100_     **NOTE** _____

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

___ 1. The action or decision being appealed is not within the jurisdiction of the Department.
    ___ a. BPT Issue, file BPT 1040 form & submit to C&PR        b. Other, see comments

___ 2. You have submitted a duplicate appeal on the same issue.  Check one:
    Your first appeal was screened out on _____ for _____
    Your appeal is currently under review at the _____ level
    Your first appeal has been completed at the _____ level.

___ 3. You are appealing an action not yet taken.

___ 4. You may not submit an appeal on behalf of another inmate.

___ 5. You have not adequately completed the Inmate/Parolee Form (CDC 602) or attached the proper documents.
    ___ CDC-115 Hearing Officer's or Disciplinary Committee Results    ___ Supplemental Reports to CDC-115
    ___ CDC-115A with I.E./D.A. info.  ___ CDC-128B1 Hearing Notif.  ___ CDC-839/840 Class/Reclass Score Sheet
    ___ CDC-128G ICC/UCC Clas.Com.  ___ CDC-128G Init. Clas. Com.  ___ CDC-128G CSR Endorsement Chrono
    ___ Lab Results Sheet  ___ CDC-114D Lock Up Order  ___ CDC-1030 Confidential Disclosure
    ___ CDC-7219 Medical Report  ___ Legal Status Summary  ___ CDC-128C Medical Chrono
    ___ Board of Control Claim Form (attached)    ___ Property Inventory Slip
    ___ Receipts: ___ Qtr.Pkg. Inventory Slip  ___ CDC-143 Property Transfer Slip  ___ Cell Search Slip
    ___ You have failed to complete Section _____    ___ Sign & Date Section
    ___ Other: _____

___ 6. There has been too great a time lapse between when the action or decision occurred and when you filed your appeal.

___ 7. This issue has been appealed under the assigned SQP Appeal Log No. _____. Per DOM section 54100.10.1,
    a copy of the reviewer's response:  ___ Is attached  ___ Will be forwarded to you upon completion

___ 8. Abuse of the Appeal Procedure. See Comments.

Comments: _Your appeal is being returned based on your failure to provide the SQ prison Confiscated Property Receipt left by staff and or any property receipt showing possession of items claimed taken or damaged._

_R. Chandler-Dacanay_    _W. Jepperson_
**R. CHANDLER-DACANAY**    **W. JEPPESON**
CC-II, Appeals Coordinator    CC-II, Appeals Coordinator    Date _11-6-6_

This screening action may not be appealed unless you allege that the above reason is inaccurate.  In such case, please return this form to the Appeals Coordinator with the necessary information.

## PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE.

_Must send current San Q Water Receipt_    CDC-695 (REVISED 9/90)

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

*Hunt Vong*

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | **5** |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bruce D Cooper | T-43842 | CLK-1.028 N/BLK Sgt. Clerk | 4N100Up |

**A. Describe Problem:** On 10/26/06 appellant's cell was searched during a total unit search and personal property was confiscated and ultimately lost and or destroyed by staff. My cell was searched three times on Captain R. Fox's orders (see continuation form Exhibit A) I was not given any kind of recept for any property taken or destroyed.

_____

_____

_____

_____

If you need more space, attach one additional sheet.

**B. Action Requested:** Appellant request that he be fully compensated for the loss of all personal property. (see list of property on Exhibit A)

_____

Inmate/Parolee Signature: *Bruce Cooper*     NOV 6    RECD    Date Submitted: 10-31-06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: Denied Based on your failure to provide any Receipts for the property you say we destroyed and or taken

Staff Signature: _____     Date Returned to Inmate: 11/21/06

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied, I'm waiting for a receipt from last food sale for lost food items and my Inmate Property Card list other items lost or damaged during search. I have receipts for Vitamins and suppliments missing. Some items, such as deceased family member photos, there are no receipt for, as you well know. I'll have as many receipts as possible when seen at next level. In order to meet CDC 602 deadlines, I wasn't able to gather all receipts in time.

Signature: *Bruce Cooper*     Date Submitted: 11/24/06

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

*11-6-06 current property receipt*

## CONTINUATION OF 602 SECTION A OF INMATE APPEAL FORM

On October 26, 2006, a yard recall was announced on the lower yard for all North Block inmates to return to there assigned cells and lock-up. The reason for the lock-up was because Medical Staff in N/B said they had 26 methadon pills missing. At approximately 0600 hours  Medical Staff notified Correctional Lieutenant T.A. Frates, who contacted Facility Captain P. Speer, who contacted A. W., S. Patrakis, who contacted S. J. Mendoza, Warden(A)  Captain R. Fox and Correctional Sergeant M. Iannone were in charge of the North Block Search Crews. The above named people were the chain of command and the beginning of the search and damages.

As a Sergeants clerk in North Block, I was in the building working during the first part of the fourth tier search and watched my cell be searched. Then Captain Fox walked by and looked in my cell and said "Oh No, search  this cell again". This went on all the way down the fourth tier, AC side. This went on two more times that I know of.  I could see officers laughing and destroying inmates belongings, T.V.s, Photo Albums, Radio's, CD's, Personal Letter's, ect. on purpose. When S. Patrakis noticed myself and three other clerks in the office, We were told to leave the building. Sergeant G. Corbett was in his office and is a witness to the above and that all I've stated is true.

When I came back to my cell, every thing was on the floor, as I searched for my personal property that was all mixed in with my cell mates I noticed most every thing of value was gone (see list on back of this exhibit.

In order to create a protected liberty interest in the prison context, a stete regulation must use explicit mandatory language,"in connection with the establishment of ' specific substantive predicates' to limit official discretion and thereby require that a particular outcome be reached upon finding that the relevant criteria have been met." Hewitt V. Helms, 459 U. S. 460, 472

The fourteenth amendment of the U. S. Constitutional reads in part: " nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary actions of goverment, " Wolf V. McDonnell, 418 U. S. 539, 558 (1974). Stated simply, "a state creates a protected liberty interest by placing substantive limitations on official discretion. " Olim V. Wakinekona, 461 U. S. at 249.

The Department's rules regarding this case are contained in the California Code of Regulations (CCR) Title 115, Section(s) 3190(a), 3191, 3193, 3287(a)(2)(4), DOM 54030.3, 54030.13., 54030.15.

As this particular search was conducted by other than North Block staff (assigned officers and sergeant), corrective measures implemented to prevent abuse of inmate personal property were ignored, and the search was conducted without compliance with San Quentin's Institutional procedure(s) and departmental policies. The total unit search was supervised by Correctional Captain R. Fox.

In reference to the cell search, CCR 3287(a)(2) reads in part..."Such inspections WILL NOT BE USED AS A PUNITIVE MEASURE NOR TO HARASS AN INMATE. EVERY REASONABLE PRECAUTION WILL BE TAKEN TO AVOID DAMAGE TO PERSONAL PROPERTY AND TO LEAVE THE INMATE'S QUARTERS AND PROPERTY IN GOOD ORDER UPON COMPLETION OF THE INSPECTION." Search staff completely ignored this provision and were disrespectful of inmates personal property and conditions of their living quarters.

CCR 3287(a)(4), also reads ,... THE INMATE WILL BE GIVEN A WRITTEN NOTICE FOR ANY ITEM'S REMOVED, SOLD, AND AUTHORIZED PROPERTY REMOVED FROM HIS LIVING QUARTERS DURING AN INSPECTION AND THE DISPOSITION MADE OF SUCH PROPERTY. Again, search staff completely ignored this provision and no written notice or receipt for any items taken or destroyed was provided.

over for
Property List →

TRANS FROM RJ-LIP   [Name:] COOPER

| Date | Signature | Article |
|------|-----------|---------|
| 3-29-05 | [signature] | MISC CANTEEN, MISC FOOD ITEMS, MISC Legal PAPERS, 2 LEVIS, 1 SWEAT SUIT, 10 WHITE SOCKS, SONY AM/FM/CD BOOM BOX, PANASONIC 13" COLOR TV, SONY AM/FM 600 HEAD PHONES, BLUE DENIM LONG SLEEVED SHIRT, 10 COUNTRY ROCK MISC CDS, TIMBERLAND BOOTS, LAW'S WHT GUY TENNIS SHOES, PRESCRIP LAW MANUAL TO NOVELS BOOKS, NUMEROUS VITAMINS & CREATINE BICEP TUBE, QUILTED LEVI JACKET, 2 LEATHER BELTS, ELECTRIC FAN, COOL JR PLASTIC LIGHT, VALENTINO SUN GLASSES, CALVIN KLEIN PRESCRP GLASS, WHITE NIKE TENNIS SHOES, 2 PHOTO ALBUMS, CD REMOTE, SONY CD & CD PLAYER, SILVER WRIST WATCH |
| 5-6-05 | [signature] | 2nd Q Food |
| 6-22-05 | [signature] | Vitamin Suppliments |
| 9-28-06 | [signature] | PRAYER RUG |
| 1-18-06 | [signature] | 1st Q Food, 10 PAIR SOCKS |
| 9-27-06 | [signature] | 3rd Q Food |

I hereby acknowledge receipt of the above mentioned articles and understand I must have them in my possession when leaving this institution, unless properly removed herefrom by the Receiving and Release Sergeant.

SQ-160-A

# INMATE/PAROLEE APPEALS SCREENING FORM

NAME: _Ybarra_    NUMBER _C18150_    SQP LOG No: _____

(OTHER LOG NO) _____    ISSUE: _____    AREA OF ORIGIN: _____

HOUSING UNIT _2N13_    NOTE _____

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

____1. The action or decision being appealed is not within the jurisdiction of the Department.
    ____a. BPT Issue, file **BPT 1040** form & submit to **C&PR**      ____b. Other, see comments

____2. You have submitted a duplicate appeal on the same issue. Check one:
    ____Your first appeal was screened out on _____ for _____
    ____Your appeal is currently under review at the _____ level.
    ____Your first appeal has been completed at the _____ level.

____3. You are appealing an action not yet taken.

____4. You may not submit an appeal on behalf of another inmate.

____5. You have not adequately completed the Inmate/Parolee Form (CDC 602) or attached the proper documents.
    ____CDC-115 Hearing Officer's or Disciplinary Committee Results    ____Supplemental Reports to CDC-115.
    ____CDC-115A with I.E./D.A. info.    ____CDC-128B1 Hearing Notif.    ____CDC-839/840 Class/Reclass Score Sheet
    ____CDC-128G ICC/UCC Clas.Com.    ____CDC-128G Init. Clas. Com.    ____CDC-128G CSR Endorsement Chrono
    ____Lab Results Sheet    ____CDC-114D Lock Up Order    ____CDC-1030 Confidential Disclosure
    ____CDC-7219 Medical Report    ____Legal Status Summary    ____CDC-128C Medical Chrono
    ____Board of Control Claim Form (attached)    ____Property Inventory Slip
    ____Receipts: ____Qtr.Pkg. Inventory Slip    ____CDC-143 Property Transfer Slip    ____Cell Search Slip
    ____You have failed to complete Section _____    ____Sign & Date Section
    ____Other: _____

____6. There has been too great a time lapse between when the action or decision occurred and when you filed your appeal.

____7. This issue has been appealed under the assigned SQP Appeal Log No. _____. Per DOM section 54100.10.1,
    a copy of the reviewer's response: ____Is attached    ____Will be forwarded to you upon completion

____8. Abuse of the Appeal Procedure. See Comments.

Comments: _Your appeal is being returned based on your failure to provide the SQ Prison Confiscated Property receipt left by staff and or any property receipt showing possession of items claimed taken or damaged._

R. CHANDLER-DACANAY    W. JEPPESON
CC-II, Appeals Coordinator    CC-II, Appeals Coordinator    Date _11-6-6_

This screening action may not be appealed unless you allege that the above reason is inaccurate. In such case, please return this form to the Appeals Coordinator with the necessary information.

## PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE.

_Must send current San Q Watering receipt._

CDC-695 (REV 12/09/97)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | 5 |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Jose Ybarra | C-18150 | PIA | 2N13-L |

A. Describe Problem: The appellant filing this appeal contends that on 10/25/06, appellant's cell was searched during a total unit search and personal property (Listed below) were confiscated and ultimately lost or destroyed by staff. Power-Breaker on property card $11.30

PROPERTY LISTED ON MY HOBBY LEDGER:

1). One Marble slap 12" x 12" x ½ valued at $29.99

2). Rubber pounding board 12" x 12" valued at $7.99

3). Six Uni-ball Gel Impact Rollerball Pens valued at $2.95 x 6 = $15.54

If you need more space, attach one additional sheet.    continued on attached page

B. Action Requested: Appellant request that he be fully compensated for the loss of said property items.

Inmate/Parolee Signature: _Jose W Ybarra_                NOV 6 RECD   Date Submitted: 10-29-06

C. INFORMAL LEVEL (Date Received: 11·20·06)

Staff Response: See Attachment.

Staff Signature: _____                Date Returned to Inmate: 11·20·06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____                Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

(602
(Appeal denied)

Based on the fact that upon searching cell 2N13 on October 26, 2006 I did not see 'A hobby shop card and inventory sheet posted in the cell. I do recall confiscating the marble shop, it was hidden behind the toilet of the cell.

As for the rubber pounding board and six uni-ball gell pens, I do not recall confiscating these things. However you did not provide any type of proof of this inventory on your Appeal.

1. Poly MALLET, 14 oz  $19.99
1. Rubber POUNDo BoaRD, 7.99
1. MARBLE SLABS, 12x12"x1½" $29.99
1. 60 WATT BULb  1oz  80
6  UNI-BALL GEL IMPACT
     ROLLER BALL PEN  $2.59 X 6
       $15.57

# Dick Blick

DEPT 77-6910  CHICAGO, IL  60678-6910

TELEPHONE: 309-343-6181
D-U-N-S NO. 00-199-3256
F.E.I.N.    364124121

**BILL TO:**
SAN QUENTIN STATE PRISON
HANDICRAFT MANAGER-GERARDI
SAN QUENTIN, CA 94964 USA

**SHIP TO:**
SAN QUENTIN STATE PRISON
HANDICRAFT MANAGER
SAN QUENTIN, CA 94964 USA

**INVOICE**  ALL CORRESPONDENCE INVOLVING THIS INVOICE MUST BE MARKED WITH THIS INVOICE NUMBER.

| CUSTOMER P.O. NO. | INVOICE DATE | INVOICE NO. |
|---|---|---|
| H-3724 | 4/12/04 | 3128520 |

*(handwritten: PO. H-3724)*

| ORDER NO. | SOURCE CODE | CUSTOMER NO. | ITEM NUMBER / PREV. CATALOG NO. | QTY | DESCRIPTION | TERMS | DATE SHIPPED | SHIPPED VIA | UNIT PRICE | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|---|
| 7332043 | A41D1100 | 0800 | | | | NET 30 DAYS FROM INVOICE | 4/12/04 | GROUND (CHUISNESS) FEDEX | | |
| 1 | | | 25010-1001  (1715700) | 1 | PAASCHE VL AIRBRUSH  1/4OZ CCUP | | | | 5.59 | 5.59 |
| 1 | | | 25010-1900  (1716600) | 1 | PAASCHE VL AIRBRUSH  VL HEAD | | | | 14.89 | 14.89 |
| 2 | | | 20743-9000 | 2 | SNFRD IMPACT GEL PEN  GOLD | | | | 2.59 | 5.18 |
| 2 | | | 20743-9330 | 2 | SNFRD IMPACT GEL PEN  SILVER | | | | 2.59 | 5.18 |
| 1 | | | 01010-1007  (C0032906) | 1 | PURE GUM TURPENTINE  >QUART | | | | 5.69 | 5.69 |

*(handwritten notes in center:)*
Vendor - 44.48
Use Tax - 3.65
TOTAL = 50.78

*(handwritten:)*
Xberra C-18150

Payment terms are NET 30 DAYS from invoice date! Your prompt payment is appreciated.

| TOTAL MERCHANDISE | SHIPPING CHARGES | ITEMS REFUND/ FREIGHT CHARGES | SALES TAX | PREPAYMENT AMOUNT | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 36.53 | 7.95 | | | | 44.48 |

ALL DISCOUNTS ARE REFLECTED IN THE UNIT PRICE COLUMN

O = Indicates Items substituted For Items Ordered
B = Indicates Items Back Ordered
■ = Indicates Items Shipped From Factory
* = Items Cancelled-Not Available

# Dick Blick

DEPT 77-6910   CHICAGO, IL 60678-6910

TELEPHONE: 309-343-6181

D-U-N-S NO. 00-193-3259

F.E.I.N.    364124121

QUENTIN STATE PRISON
CRAFT MANAGER
QUENTIN, CA 94964 USA

SHIP TO:

SAN QUENTIN STATE PRISON
HANDICRAFT MANAGER
SAN QUENTIN, CA 94964 USA

**INVOICE**   ALL CORRESPONDENCE INVOICES MUST BE MARKED WITH THIS INVOICE NUMBER

| CUSTOMER P.O. NO. | INVOICE DATE | INVOICE NO. |
|---|---|---|
| H-3200 | 1/07/03 | 2243730 |

YBARRA  C-18150   P.O# H-3200

| SOURCE CODE | CUSTOMER NO. | TERMS |  |
|---|---|---|---|
| B21D060 | 8800 | NET 30 DAYS FROM INVOICE | |

| DATE SHIPPED | SHIPPED VIA |
|---|---|
| 1/07/03 | FEDEX GROUND (BUSINESS) |

| REL | ITEM NUMBER (PREV. CATALOG NO.) | DESCRIPTION | UNIT PRICE | EXTENSION |
|---|---|---|---|---|
| 3 | 20743-9330 | SANFRD IMPACT GEL PEN SILVER | 2.55 | 7.65 |
| 3 | 23831-0000 | KRAZY GLUE GEL 2 GRAMS | 1.99 | 5.97 |

VEXIDOL - 20.57
USE TAX - 0.99
1 WT - 1.36
TOTAL = 22.92

J Ybarra C-18150

| TOTAL MERCHANDISE | SHIPPING CHARGES | ITEM SPECIFIC FREIGHT CHARGES | SALES TAX | PREPAYMENT AMOUNT | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 13.62 | 6.95 |  |  |  | 20.57 |

ALL DISCOUNTS ARE REFLECTED IN THE UNIT PRICE COLUMN

U - Indicates Items substituted For Items Ordered
B - Indicates Items Back Ordered
F - Indicates Items Shipped From Factory
S - Indicates Items Cancelled-Not Available
C - Indicates Items Cancelled by Customer

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
CDC (VR-A19/88)

# IN CELL HANDICRAFT LEDGER

NO. C 18150   NAME YBARRA

UPDATED 3-8-01

| Date & Order No. | Quan. | Tools & Materials Purchased | Tool Cost | Mat'l Cost | Total Cost | Date Rec'd | Inventory Number | Article | Price | Date Sold |
|---|---|---|---|---|---|---|---|---|---|---|
| | 22 | PC SET CRAFTOOL STAMP - | | | | | | 4 PRONG THONGING CHISEL | | 4/2 |
| | 2 | LIFE EYE NEEDLE - | | | | | 1 | 3 PRONG THONGING CHISEL | | 4/2 |
| | 1 | SET MINI PUNCH | | | | | 1 | 1 PRONG THONGING CHISEL | | 4/2 |
| | 1 | EXTRA MINI-HANDLE | | | | | | | | |
| | 1 | EXTRA MINI TUBE | | | | | | | | |
| | 1 | LACING MAKER | | | | | | | | |
| | 1 | LACING PLIER | | | | | | | | |
| | 1 | POLY HEAD MALLET | | | | | | | | |
| | 2 | EDGE BEVELER | | | | | | | | |
| | 1 | MARBLE SLAB 12 x 12" | | | | | | | | |
| | 1 | RUBBER TOOLING BOARD | | | | | | | | |
| | 1 | SEGMA SNAP SETTER | | | | | | | | |
| | 1 | CRAFT BONE FOLDER | | | | | | | | |
| | 1 | SWIVEL CUTTER | | | | | | | | |
| | 2 | RAZOR BLADES | | | | | | | | |
| | 1 | CRAFTOOL ADJ CREASER | | | | | | | | |
| | 1 | MODELING SPOON | | | | | | | | |
| | 1 | HOBBY WOODEN BOARD 12 x 12" | | | | | | | | |
| H 13 45 | 1 | RED TOOL BOX | | | | | | | | |
| H 14 26 | 1 | PRONG CHISEL 3/32 4/4" | | | | 4/4" | | | | |
| | 1 | PRONG CHISEL 8043 4/4" | | | | 4/4" | | | | |
| | 1 | OBLONG PUNCH 1566 4/4" | | | | 4/4" | | | | |
| | 3 | STENCIL KNIFE #1617 | | | | | | | | |
| H-2914 | 1 | BXR 4 JIFFY SNAP SETTER 2 3/4" x 2 1/4" x 2" | | | | | | | | |
| H 2955 | 1 | GOOSENECK CLIP LIGHT WHITE | | | | 4/10" | | | | |
| H-3452 | 2 | LEATHER STAR STAMP OS3L034 | | | | 4/10" | | | | |

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**SPECIAL PURCHASE ORDER**                          PURCHASE ORDER NUMBER

CDC 1060 (Rev. 6/99)                                    H-3200

| INMATE'S NAME (Last, First, MI) | INMATE'S SIGNATURE | DATE | CDC NUMBER | HOUSING |
|---|---|---|---|---|
| YBARRA, J. | Jose Ybarra | 10-30-02 | C-18150 | 2N13 |

**NOTE:** This form is to be used in ordering items not regularly stocked in the Inmate Canteen, and items that would require the approval of the Warden to purchase. The requesting inmate will be charged 10% over and above the total of this order, excluding tax and freight. This 10% will be deposited in the Inmate Welfare fund. All refunds deposited as a separate transaction, excluding original draft returns and exempt deposits, will be subject to restitution fees. Send *all* copies to the Procurement Office or designated office.

| PAGE | CATALOG NUMBER OR TITLE | HOW MANY | ITEM | COLOR | SIZE | PRICE EACH | TOTAL PRICE | SHIP WT |
|---|---|---|---|---|---|---|---|---|
| 226 | B20743-9330 | 3 | J) SANFORD UNIBALL GEL IMPACT ROLLERBALL PEN, METALLIC SILVER | | | 2.55 | 7 65 | |
| 371 | B23831-0000 | 3 | KRAZY GLUE GEL  MSDS | | | 1.99 | 5 97 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

FIRM / VENDOR (Name and Address)

DICK BLICK
P.O. BOX 1267

| | TOTAL FOR GOODS | 13 62 | TOTAL LBS. | TOTAL OZ. |
|---|---|---|---|---|

CORRESPONDENT (Name and Address)

YBARRA, J.  C-18150
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

| | CA TAX | 0.99 | | |
| | POSTAGE | 6.95 | | |
| | SUB TOTAL / CHECK AMOUNT | 20.57 | CHECK # | DATE |

INSTITUTION "SHIP TO" ADDRESS

HANDICRAFT MANAGER
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964

VENDOR = 20.57
USE TAX = 0.99
IWF = 1.36
TOTAL = 22.92

| | OUT OF STATE TAX | | TOTAL WEIGHT IN LBS. | |
| | 10% TO INMATE WELFARE FUND | 1.36 | | |
| | TOTAL | 22.92 | | |

I AM REQUESTING PERMISSION TO PURCHASE THE ABOVE LISTED ITEMS NOT STOCKED IN THE INMATE CANTEEN. I UNDERSTAND THE COST WILL BE CHARGED AGAINST MY TRUST ACCOUNT. THE PROCUREMENT OFFICER IS AUTHORIZED TO MAKE THE NECESSARY ADJUSTMENTS TO COST, TAX, AND IWF. I FURTHER UNDERSTAND THESE ITEMS MUST BE ORDERED BY THE LISTED CORRESPONDENT AND SHIPPED DIRECTLY TO ME FROM THE ABOVE LISTED VENDOR WAREHOUSE ONLY. I ALSO UNDERSTAND ANY ITEM(S) SHIPPED TO ME FROM THE VENDOR WAREHOUSE MUST HAVE PRIOR APPROVAL AND MUST FALL UNDER GUIDELINES SET FORTH BY THE INSTITUTION. ANY ITEMS NOT AUTHORIZED WILL EITHER BE SHIPPED BACK TO THE VENDOR AT THE INMATE'S EXPENSE, DESTROYED, OR DONATED.

| PRINTED NAME AND SIGNATURE OF RECEIVING AND/RELEASE SERGEANT OR DESIGNEE | DATE |
|---|---|
| JOSE BURGOS, M&SS I | 10-30-02 |

| SIGNATURE OF FACILITY CAPTAIN OR ASSOCIATE WARDEN / WARDEN'S SIGNATURE IF OVER $608 | DATE |
|---|---|
| S. SEMACIARA | 11-4-02 |

## TRUST OFFICE REVIEW

| TRUST FUNDS AVAILABLE | ☑ YES | ☐ NO | APPROVED | ☑ YES | ☐ NO | HOLD NUMBER |
|---|---|---|---|---|---|---|

| TRUST OFFICE (Signature) | DATE SIGNED |
|---|---|
| | 12-19-02 |

BATCH
202350

**DISTRIBUTION:**
White - Vendor
Canary - Canteen or R&R
Pink - Accounting
Blue - Procurement
Copy - Inmate

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**SPECIAL PURCHASE ORDER**
CDC 1060 (Rev. 6/99)

| PURCHASE ORDER NUMBER |
|---|
| H-3200 |

| INMATE'S NAME (Last, First, MI) | INMATE'S SIGNATURE | DATE | CDC NUMBER | HOUSING |
|---|---|---|---|---|
| YBARRA, J. | Jose Ybarra | 10-30-02 | C-18150 | 2N13 |

**NOTE:** This form is to be used in ordering items not regularly stocked in the Inmate Canteen, and items that would require the approval of the Warden to purchase. The requesting inmate will be charged 10% over and above the total of this order, excluding tax and freight. This 10% will be deposited in the Inmate Welfare fund. All refunds deposited as a separate transaction, excluding original draft returns and exempt deposits, will be subject to restitution fees. Send *all* copies to the Procurement Office or designated office.

| PAGE | CATALOG NUMBER OR TITLE | HOW MANY | ITEM | COLOR | SIZE | PRICE EACH | TOTAL PRICE | SHIP WT |
|---|---|---|---|---|---|---|---|---|
| 226 | B20743-9330 | 3 | J) SANFORD UNIBALL GEL IMPACT ROLLERBALL PEN, METALLIC SILVER | | | 2.55 | 7 65 | |
| 371 | B23831-0000 | 3 | KRAZY GLUE GEL MSDS | | | 1.99 | 5 97 | |

| | | | | |
|---|---|---|---|---|
| FIRM / VENDOR (Name and Address) | | TOTAL FOR GOODS | 13 62 | TOTAL LBS. | TOTAL OZ. |

FIRM / VENDOR (Name and Address)
DICK BLICK
P.O. BOX 1267
GALESBURG, IL 61402

CORRESPONDENT (Name and Address)
YBARRA, J. C-18150
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

INSTITUTION "SHIP TO" ADDRESS
HANDICRAFT MANAGER
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964

Joe Ybarra 4-17-03

VENDOR = 20.57
USE TAX = 0.99
IWF = 1.36
TOTAL = 22.92

| | |
|---|---|
| TOTAL FOR GOODS | 13 62 |
| CA TAX | 0.99 |
| POSTAGE | 6.95 |
| SUB TOTAL / CHECK AMOUNT | 20.57 |
| OUT OF STATE TAX | |
| 10% TO INMATE WELFARE FUND | 1.36 |
| TOTAL | 22.92 |

| CHECK # | DATE |
|---|---|
| TOTAL WEIGHT IN LBS. | |

I AM REQUESTING PERMISSION TO PURCHASE THE ABOVE LISTED ITEMS NOT STOCKED IN THE INMATE CANTEEN. I UNDERSTAND THE COST WILL BE CHARGED AGAINST MY TRUST ACCOUNT. THE PROCUREMENT OFFICER IS AUTHORIZED TO MAKE THE NECESSARY ADJUSTMENTS TO COST, TAX, AND IWF. I FURTHER UNDERSTAND THESE ITEMS MUST BE ORDERED BY THE LISTED CORRESPONDENT AND SHIPPED DIRECTLY TO ME FROM THE ABOVE LISTED VENDOR WAREHOUSE ONLY. I ALSO UNDERSTAND ANY ITEM(S) SHIPPED TO ME FROM THE VENDOR WAREHOUSE MUST HAVE PRIOR APPROVAL AND MUST FALL UNDER GUIDELINES SET FORTH BY THE INSTITUTION. ANY ITEMS NOT AUTHORIZED WILL EITHER BE SHIPPED BACK TO THE VENDOR AT THE INMATE'S EXPENSE, DESTROYED, OR DONATED.

| PRINTED NAME AND SIGNATURE OF RECEIVING AND RELEASE SERGEANT OR DESIGNEE | DATE |
|---|---|
| JOSE BURGOS, M&SS I | 10-30-02 |

| SIGNATURE OF FACILITY CAPTAIN OR ASSOCIATE WARDEN / WARDEN'S SIGNATURE IF OVER $600 | DATE |
|---|---|
| S. SZMACIARZ | 11-4-02 |

**TRUST OFFICE REVIEW**

| TRUST FUNDS AVAILABLE | ✓ YES | NO | APPROVED | ✓ YES | NO | HOLD NUMBER |
|---|---|---|---|---|---|---|

| TRUST OFFICE (Signature) | DATE SIGNED |
|---|---|
| | 12-19-02 |

BATCH
002350

**DISTRIBUTION:**
White - Vendor
Canary - Canteen or R & R
Pink - Accounting
Blue - Procurement
Copy - Inmate

STATE OF CALIFORNIA                                                   DEPARTMENT OF CORRECTIONS

**SPECIAL PURCHASE ORDER**

CDC 1060 (Rev. 6/99)

| | PURCHASE ORDER NUMBER |
|---|---|
| | B-3724 |

| INMATE'S NAME (Last, First, MI) | INMATE'S SIGNATURE | DATE | CDC NUMBER | HOUSING |
|---|---|---|---|---|
| YBARRA, J. | *Jose Ybarra* | 2-18-04 | C-18150 | 2N13 |

**NOTE:** This form is to be used in ordering items not regularly stocked in the Inmate Canteen, and items that would require the approval of the Warden to purchase. The requesting inmate will be charged 10% over and above the total of this order, excluding tax and freight. This 10% will be deposited in the Inmate Welfare fund. All refunds deposited as a separate transaction, excluding original draft returns and exempt deposits, will be subject to restitution fees. Send all copies to the Procurement Office or designated office.

| PAGE | CATALOG NUMBER OR TITLE | HOW MANY | ITEM | COLOR | SIZE | PRICE EACH | TOTAL PRICE | SHIP WT |
|---|---|---|---|---|---|---|---|---|
| 311 | A25010-1001 | 1 | VL 1/4 oz METAL CUP | | | 5.59 | 5 59 | |
| 311 | A25010-1900 | 1 | VIM-1 SIZE MULTI HEAD WITH TIP | | | 14.89 | 14 89 | |
| 295 | A20743-9000 | 2 | METALLIC GOLD | | | 2.59 | 5 18 | |
| 295 | A20743-9330 | 2 | METALLIC SILVER | | | 2.59 | 5 18 | |
| 75 | A01010-1007 | 1 qt | CROW PURE GUM TURPENTINE | | | 5.69 | 5 69 | |
| | | | MCDS | | | | | |

FIRM / VENDOR (Name and Address)
DICK BLICK
P.O. BOX 1267
GALESBURG, IL 61402

CORRESPONDENT (Name and Address)
YBARRA  C-18150
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964

INSTITUTION "SHIP TO" ADDRESS
HANDICRAFT MANAGER
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964

| | | |
|---|---|---|
| TOTAL FOR GOODS | 36.53 | TOTAL LBS. / TOTAL OZ. |
| CA TAX | 2.65 | |
| POSTAGE | 7.95 | |
| SUB TOTAL / CHECK AMOUNT | 44.48 / 47.13 | CHECK # / DATE |
| OUT OF STATE TAX | | TOTAL WEIGHT IN LBS. |
| 10% TO INMATE WELFARE FUND | 3.65 | |
| TOTAL | 50.78 | |

*VENDOR — 44.48*
*USE TAX — 2.65*
*IWF — 3.65*
*TOTAL = 50.78*

I AM REQUESTING PERMISSION TO PURCHASE THE ABOVE LISTED ITEMS NOT STOCKED IN THE INMATE CANTEEN. I UNDERSTAND THE COST WILL BE CHARGED AGAINST MY TRUST ACCOUNT. THE PROCUREMENT OFFICER IS AUTHORIZED TO MAKE THE NECESSARY ADJUSTMENTS TO COST, TAX, AND IWF. I FURTHER UNDERSTAND THESE ITEMS MUST BE ORDERED BY THE LISTED CORRESPONDENT AND SHIPPED DIRECTLY TO ME FROM THE ABOVE LISTED VENDOR WAREHOUSE ONLY. I ALSO UNDERSTAND ANY ITEM(S) SHIPPED TO ME FROM THE VENDOR WAREHOUSE MUST HAVE PRIOR APPROVAL AND MUST FALL UNDER GUIDELINES SET FORTH BY THE INSTITUTION. ANY ITEMS NOT AUTHORIZED WILL EITHER BE SHIPPED BACK TO THE VENDOR AT THE INMATE'S EXPENSE, DESTROYED, OR DONATED.

| PRINTED NAME AND SIGNATURE OF RECEIVING AND RELEASE SERGEANT OR DESIGNEE | DATE |
|---|---|
| Jose Burgos mss I *Ybarra* | 2-18-04 |
| SIGNATURE OF FACILITY CAPTAIN OR ASSOCIATE WARDEN/ WARDEN'S SIGNATURE IF OVER $600 | DATE |
| | 2/18/04 |

| **TRUST OFFICE REVIEW** | | |
|---|---|---|
| TRUST FUNDS AVAILABLE [ X ] YES [ ] NO | APPROVED [ ] YES [ ] NO | HOLD NUMBER |
| TRUST OFFICE (Signature) | | DATE SIGNED |

*BATCH    303404*

DISTRIBUTION:
White -     Vendor
Canary -   Canteen or R & R
Pink -      Accounting
Blue -      Procurement
Copy -     Inmate

# INMATE/PAROLEE APPEALS SCREENING FORM

AME: _Johnson_                    NUMBER _C13789_              SQP LOG No: _____

(OTHER LOG NO)_____    ISSUE:_____    AREA OF ORIGIN:_____

IOUSING UNIT _1N68_                                    NOTE_____

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

___1. The action or decision being appealed is not within the jurisdiction of the Department.
      _____a. **BPT** Issue, file BPT 1040 form & submit to C&PR       _____b. Other, see comments

___2. You have submitted a duplicate appeal on the same issue.  Check one:
      _____Your first appeal was screened out on _____ for _____
      _____Your appeal is currently under review at the _____ level.
      _____Your first appeal has been completed at the _____ level.

___3. You are appealing an action not yet taken.

___4. You may not submit an appeal on behalf of another inmate.

___5. You have not adequately completed the Inmate/Parolee Form (CDC 602) or attached the proper documents.

| | | |
|---|---|---|
| _____CDC-115 Hearing Officer's or Disciplinary Committee Results | | _____Supplemental Reports to CDC-115. |
| _____CDC-115A with I.E./D.A. info. | _____CDC-128B1 Hearing Notif. | _____CDC-839/840 Class/Reclass Score Sheet |
| _____CDC-128G ICC/UCC Clas.Com. | _____CDC-128G Init. Clas. Com. | _____CDC-128G CSR Endorsement Chrono |
| _____Lab Results Sheet | _____CDC-114D Lock Up Order | _____CDC-1030 Confidential Disclosure |
| _____CDC-7219 Medical Report | _____Legal Status Summary | _____CDC-128C Medical Chrono |
| _____Board of Control Claim Form (attached) | | _____Property Inventory Slip |
| _____Receipts:_____Qtr.Pkg. Inventory Slip | _____CDC-143 Property Transfer Slip | _____Cell Search Slip |
| _____You have failed to complete Section_____ | | _____Sign & Date Section_____ |
| _____Other:_____ | | |

___6. There has been too great a time lapse between when the action or decision occurred and when you filed your appeal.

___7. This issue has been appealed under the assigned SQP Appeal Log No._____. Per DOM section 54100.10.1,
     a copy of the reviewer's response:     _____Is attached     _____Will be forwarded to you upon completion

___8. Abuse of the Appeal Procedure. See Comments.

.omments: _Your appeal is not appropriate for formal level processing. You must provide proof of having received an informal level response_

_·ior to submitting this appeal to the Appeals Office, for further processing. Reference CCR section 3084.2(c) which states: Place of Filing._

_·t the formal levels, the appeal shall be forwarded to the appropriate office or appeals coordinator within the time limits prescribed in_

_·ction 3084.6.  NOTE: as of 6/23/97, Appeals Office **will** not assign log numbers to informal appeals. Appeals will receive a log number_

_·on reaching the 1ˢᵗ formal level if necessary. Please take heed of this notice when preparing future appeals._

**X**~~Chadler Dacanay~~        W Jeppeson _submit current property list_

**. CHANDLER-DACANAY**        **W. JEPPESON**

C-II, Appeals Coordinator        CC-II, Appeals Coordinator     Date _11-1-6_

his screening action may not be appealed unless you allege that the above reason is inaccurate.  In such case, please return this
·rm to the Appeals Coordinator with the necessary information.

## PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/'87)

Location: Institution/Parole Region        Log No.        Category    9

1. _____        1. _____
2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JOHNSON | C13789 | pia mattress innerspring | 1N68L |

A. Describe Problem: On Thursday, October 26, 2006, there was a search conducted in North Block's cells. On Friday, October 27, 2006, my cell (1N68) was searched. Upon being returned to my cell, I noticed that I was missing several items. I discovered that several of my hobby items were missing: 1) one 12" x 12" Marble Slab

2) one 12" x 12" Protecto Board

3) one 5½" x 5½" battery-operated Black Fan

There was no confiscation slip referring to these items. See attached cell hobby ledger.

If you need more space, attach one additional sheet.

B. Action Requested: I would like these items to be returned.

Inmate/Parolee Signature: *Gerald R. Johnson*        Date Submitted: 31 OCT 2006

C. INFORMAL LEVEL (Date Received: _____ )        **NOV 0 1 REC'D**

Staff Response: _____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

DEPARTMENT OF CORRECTIONS

# IN CELL HANDICRAFT LEDGER

STATE OF CALIFORNIA
841A (9/88)

NAME Gerald R. Johnson    C137789

UPDATED 3-7-01

| Date & Model No. | Quan. | Tools & Materials Purchased | Tool Cost | Mat'l Cost | Total Cost | Date Rec'd | Inventory Number | Article | Price | Date Sold |
|---|---|---|---|---|---|---|---|---|---|---|
|  | 1 | 1/4" Alphabet stamping set |  |  |  |  |  |  |  |  |
|  | 1 | 3/4" Alphabet stamping set |  |  |  |  |  |  |  |  |
|  | 1 | 1" Alphabet stamping set |  |  |  |  |  |  |  |  |
|  | 1 | 23¾"x26" Drawing Broad |  |  |  |  |  |  |  |  |
|  | 1 | Gooseneck clip light |  |  |  |  |  |  |  |  |
|  | 1 | Hot Glue Gun |  |  |  |  |  |  |  |  |
|  | 1 | Oval Drive Punch |  |  |  |  |  |  |  |  |
|  | 1 | Wooden Mallet |  |  |  |  |  |  |  |  |
|  | 4 | Leather stamping Tools |  |  |  |  |  |  |  |  |
|  | 1 | Grommet setter / Anvil |  |  |  |  |  |  |  |  |
|  | 1 | Segma Snap setter set |  |  |  |  |  |  |  |  |
|  | 1 | Maxi hole punch set |  |  |  |  |  |  |  |  |
|  | 1 | Mini hole Punch set |  |  |  |  |  |  |  |  |
|  | 1 | Mini Anvil |  |  |  |  |  |  |  |  |
|  | 1 | 12"x18" Marble Slab |  |  |  |  |  |  |  |  |
|  | 1 | 12"x12" Protecto Board |  |  |  |  |  |  |  |  |
|  | 1 | little wizard Border Tool |  |  |  |  |  |  |  |  |
|  | 1 | Swivel cutter |  |  |  |  |  |  |  |  |
|  | 1 | Mini Hobby Fan 2 in → Confiscated during search. unable to locate (death item) |  |  |  |  |  |  |  |  |
|  | 36 | STAMPING Tools |  |  |  |  |  |  |  |  |
|  | 1 | Small Fan - Black Battery operated 5½" x 5½" — SGT. Liplcowitz Gave to I/m Johnson 4-27-02 by friend (Provided) |  |  |  |  |  |  |  |  |

4-27-02

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. San Quentin    1. _____    _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME SUMMERS | NUMBER C-49138 | ASSIGNMENT P.I.A. | UNIT/ROOM NUMBER 1-N-18L |
|---|---|---|---|

A. Describe Problem: The appellant filing this appeal contends that on 10/27/06, appellant's cell in North Block Housing Unit was searched and during this unit search appellant's personal property was consifcated and ultimately lost or destroyed by staff (see: attached property Receipt signed by C/O Winter).

If you need more space, attach one additional sheet.

B. Action Requested: Appellant request that he is fully compensated for the loss of said personal property items.

Inmate/Parolee Signature: *Charles Summers*    Date Submitted: 10/30/06

C. INFORMAL LEVEL (Date Received: _____ )

NOV 0 1 REC'D

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

# San Quentin State Prison Confiscated Property Receipt

te Name: _Summers_          CDC #: _C49138_          Cell/Area: _1 N18_

| (s) | Reason/Disposition |
|-----|-------------------|
| Excessive cassettes | |
| | |
| | |
| | |
| | |

Confiscated by: _Winter_                    Date: _10/27/06_

Distribution:      White - Unit Supervisor      Yellow - Inmate      Pink - Confiscator

# INMATE/PAROLEE APPEALS SCREENING FORM

AME: _Summers_     NUMBER _C49138_    SQP LOG No:_____

(OTHER LOG NO)_____    ISSUE:_____    AREA OF ORIGIN:_____

OUSING UNIT _1N18_      NOTE_____

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

___1. The action or decision being appealed is not within the jurisdiction of the Department.
    ____a. **BPT Issue**, file **BPT 1040** form & submit to C&PR     _____b. Other, see comments

___2. You have submitted a duplicate appeal on the same issue. Check one:
    _____Your first appeal was screened out on _____ for _____
    _____Your appeal is currently under review at the_____level.
    _____Your first appeal has been completed at the _____level.

___3. You are appealing an action not yet taken.

___4. You may not submit an appeal on behalf of another inmate.

___5. You have not adequately completed the Inmate/Parolee Form (CDC 602) or attached the proper documents.
    _____CDC-115 Hearing Officer's or Disciplinary Committee Results    _____Supplemental Reports to CDC-115.
    _____CDC-115A with I.E./D.A. info.   _____CDC-128B1 Hearing Notif.   _____CDC-839/840 Class/Reclass Score Sheet
    _____CDC-128G ICC/UCC Clas.Com.   _____CDC-128G Init. Clas. Com.   _____CDC-128G CSR Endorsement Chrono
    _____Lab Results Sheet   _____CDC-114D Lock Up Order   _____CDC-1030 Confidential Disclosure
    _____CDC-7219 Medical Report   _____Legal Status Summary   _____CDC-128C Medical Chrono
    _____Board of Control Claim Form (attached)     _____Property Inventory Slip
    _____Receipts:_____Qtr.Pkg. Inventory Slip   _____CDC-143 Property Transfer Slip   _____Cell Search Slip
    _____You have failed to complete Section_____     _____Sign & Date Section_____
    _____Other:_____

___6. There has been too great a time lapse between when the action or decision occurred and when you filed your appeal.

___7. This issue has been appealed under the assigned SQP Appeal Log No._____. Per DOM section 54100.10.1,
    a copy of the reviewer's response:    _____Is attached     _____Will be forwarded to you upon completion

___8. Abuse of the Appeal Procedure. See Comments.

omments: _Your appeal is not appropriate for formal level processing. You must provide proof of having received an informal level response_

_ior to submitting this appeal to the Appeals Office, for further processing. Reference CCR section 3084.2(c) which states: Place of Filing._

_the formal levels, the appeal shall be forwarded to the appropriate office or appeals coordinator within the time limits prescribed in_

_ction 3084.6._ **NOTE:** _as of 6/23/97, Appeals Office **will not** assign log numbers to informal appeals. Appeals will receive a log number_

_on reaching the 1st formal level if necessary. Please take heed of this notice when preparing future appeals._

. **CHANDLER-DACANAY**      **W. JEPPESON**    _submit current property_
C-II, Appeals Coordinator      CC-II, Appeals Coordinator    _receipts_   Date_____ _10-1-6_

his screening action may not be appealed unless you allege that the above reason is inaccurate. In such case, please return this
rm to the Appeals Coordinator with the necessary information.

## PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**

CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Fritscher, Robert | J54718 | Food Service Clerk | 1 N 84 L |

A. Describe Problem: During the recent search I LOST A NUMBER of personel items : 1 PAIR BLACK slippers, 1 cosmetic bag, 1 pair levis, 1 KOOL operator FAN, 1 ETRON AM/FM/cass/CD player, 1 power strip, 1 extension cord, 2 TV coaxial CABLES, 1 splitter, 1 fitted gray ball cap. - I AlSO HAVE 18 photos that were left in a puddle of water and destroyed. This search WAS over the line and personal property was not respected at all. This is in violation of Normal operating procedures per the D.O.M This is my statement of articles lost check property card for these items Robert Fritscher

If you need more space, attach one additional sheet.

B. Action Requested: I WANT my property returned to me or I WANT it replaced. The people in charge of this theft and VANDALISM SHOULD Be prosecuted or the very least Repremanded for their criminal behavior

Inmate/Parolee Signature: *Robert Fritscher*                Date Submitted: 11-06-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____                Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____                Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____



















# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region: SQ SP    Log No:    Category PERSONAL PROPERTY

1    1

2    2

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME CHARLES SILAS | NUMBER K-83618 | ASSIGNMENT PIA/PILLOW/SEWING | UNIT/ROOM NUMBER 2-N-07L |

A. Describe Problem: ON 10-27-06 IN NORTH BLOCK during A cell search I become Aware PERSONA Property was missing FIRST A (white cashmere scarf) my Property card Prior to leaving high desert state Prison that item CAN IN FACT be VERIFIED - Received From A Package while At high desert state Prison 2005 - ALSO missing A PAIR OF gold Frame seeing & Reading glasses I Payed for them while AT high desert state Prison that CAN be

If you need more space, attach one additional sheet.    I am adding additional sheet →

B. Action Requested: That I be compensated for $114.00 FOR my items taken as A Result of officer's At San Quentin searching our cells Removing Personal items

Inmate/Parolee Signature: Charles Silas    Date Submitted 10-28-2006

C. INFORMAL LEVEL (Date Received:        )

Staff Response:

_____

_____

_____

Staff Signature:    Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature:    Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:



GLASS

|  | BASE | TOOLS CROSS | BLOCK |
|---|---|---|---|
| R | -5.75 | SPHERE | 58 |
| L | -5.75 | SPHERE | 58 |

FRAME: **839**                    **50/18**

TRACER:  6  / 3   12/13/00  12:06
FCURVES: 6.40   6.40   LT SZ: -0.05
DVI3d:   0.02  -0.03

A/B/R:  52.4/43.6  28.5/30   26.8/160  26.1/216

(C) COPYRIGHT  DIGITAL VISION, INC 2000
All rights reserved

CONTINUED 602 — the SUSANVILLE glasses was verified by checking with the PRISON HDSP they were PAYED FOR by me CHARLES SILAS I SIGNED AN INMATE WITHDRAWAL FORM AT the INFIRMARY IN SUSANVILLE 2 MONTHS LATER I RECEIVED the glasses Fortunately I located my eye glass, RECEIPT which I am ATTACHING with this 602. I WAS UNABLE to LOCATE MY WHITE CASHMERE SCARF PROPERTY SLIP but AGAIN RER HERE IN SAN QUENTIN definitely HAS A RECEIPT I IN FACT had that SCARF. NO doubt AS FAR AS I am CONCERNED those two ITEMS CAN & WILL be REPLACED. AS A RESULT I WANT to be "COMPENSATED" FOR the LOST, I truly CAN'T UNDERSTAND WHY A SEARCH would be RESULTED IN THROWING AWAY PERSONAL ITEMS WHICH WERE ALLOWED & APPROVED by both PRISON'S, the glasses I NEEDED the SCARF PREVENTED the COLD AIR both ITEMS WERE PAYED FOR by me. MY glasses COST $78.00 dollar's MY SCARF COST $35.00 total COST I EXPECT to be COMPENSATED IS $114.00.

Sincerely

Charles Silas

K-83618   2-N-07L
CHARLES SILAS
10-28-2006

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.              Category

1. _____    1. _____    _____

2. _____    2. _____    _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| NGUYEN, Tung | J-32587 | PTR-1.020 / East Block Porter | 4-N-97ᴸ |

A. Describe Problem: On 10/25/06, a search was conducted in North Block and personal property was taken from my cell for reason stated on the attached ~~property~~ cell search reciept. (Exhibit "A") I am the legal owner of said property as shown in the attached ~~property~~ purchase reciept. This property was shipped directly to the prison from the vendor and issued to me, therefore, the prison's guidelines has been properly adhered to. Despite the reason for confiscating my property, I have not committed any misconduct which could warrant the termination of the privilege to possess that property. Additionally, I can not be held accountable for the negligence of the prison staff at the time of issuance of the property nor

If you need more space, attach one additional sheet.                    Continued →

B. Action Requested: To have the speakers disconnected by either prison staff, without liability and/or by an authorized vendor designated by the prison and returned to me based on the herein circumstance described.

Inmate/Parolee Signature: _____    Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

was I informed about the restricted requirements, which resulted in the removal of said property from my possession on 10/26/06. I respectfully request that the prison extend the courtesy allowing me to have said property come into compliance to the prison's policy regarding personal property per I.P. #215, and returned to me after: ① Having the speakers disconnected by prison staff without liability, or ② Having the speakers disconnected by an authorized vendor designated by the prison, with me paying for the total cost through funds available on my prison account. The process of option #2 is not a "special request", or "exception", because it fell within the category of "repairing broken or damaged appliances", wherein, " the prison will allow inmates to send appliances to authorized vendors for repair, with the inmates paying for the costs

Despite the fact that the search was conducted in a manner that directly violates CCRC, Title 15, sec. §3287(a)(2), and subsequent removal of my property, I believe it was the officer's intention, upon taken the property, was to have it become compliance with the prison's I.P. #215. Otherwise, it is justifiable for me to assume that the removal of said property is for punitive measures based upon the aftermath of the search of my cell, and all North Block inmates as a whole. There are no justifiable cause for the prison to impose a sudden termination of my priledge to possess said property, not when I have not committed any misconduct, not when I am the legal owner of said property, and not when said property presents NO threat to the safety and security of the prison, its staff and inmates, if allowed to retain in my possession.





PHONE 1 800-776-5173

PACKING LIS

1491 N. Universal Ave.
Kansas City, MO 64120-2139

ACCOUNT #: 0058038340    ORD.#: P258290901014

BILL TO:
MYLIEN NGUYEN
APARTMENT # B
8920 TINA WAY
ANAHEIM, CA 92804

SHIP TO:
TUNG NGUYEN
J32587
SAN QUNTIN STATE PRISON
SAN QUENTIN, CA 94974

| WHSE. LOC. | QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRIC |
|---|---|---|---|---|---|
| 55 KC20C2 | 1 | 240942 03 | SONY ZS-X3CP SPORTS CD RADIO BOOMBOX KC | 129.99 | 129.99 |
| 55 TP11C1 | 1 | 545128 03 | MUSICIANS FRIEND 61 KEY KEYBOARD GIGBAG KC | 19.99 | 19.99 |

01WB20033APRWEB        03 0002804276 01 03

Page    1
(LAST)

| | |
|---|---|
| Net Product $ | 149.98 |
| P & H | 10.95 |
| Total Shipment $ | 160.93 |
| Amt Charged to MC | 160.93 |

PICKER _____    PACKER _____

---

# San Quentin State Prison Confiscated Property Receipt

Inmate Name: _Nguyen_    CDC #: _____    Cell/Area: _4N97_

| Item(s) | Reason/Disposition |
|---|---|
| Speakers are conected | Speakers are conected, conneca |
| Radio | |
| | |
| | |
| | |

iscated by: _R. Lopez_    Date: _10/26/07_

tion:    White - Unit Supervisor    Yellow - Inmate    Pink - Confiscator

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME SMITH, HERMAN | NUMBER H-40959 | ASSIGNMENT Medically un-asigned | UNIT/ROOM NUMBER 3N78L |
|---|---|---|---|

A. Describe Problem: On October 26, 2006, operating on their collective perceived entitlement, coupled with their mass hysteria and general aversion toward inmates, Captain Fox along with his colleagues and their minions conspired to conduct a retaliatory search of North Block cells, in order to exert their discerned lost of authority. Captain Fox in his supervisory position ran the search, tutoring by example, elbow deep in trashing inmates personal property.

Members of this assemblage completely destroyed, defiled, confiscated and or toss out appellants personal property (an itemize cost of all property

If you need more space, attach one additional sheet.                    (Continued on attached sheet)

B. Action Requested: That no retaliatory action of any kind be taken against appellant for submitting this appeal. That the monetary value of all personal property destroyed, damaged, confiscated or toss out be reimbursed (an itemize cost

(Continued on attached sheet)

Inmate/Parolee Signature: _Herman Smith_                    Date Submitted: 11-5-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Continuance

A. destroyed or missing is attached).

   Appellants cell appeared as if it had been hit by a tornado, his personal property and that of his cell-mates were all mixed together on the floor of their cell. The destructive crew, failed to leave a receipt for the property confiscated or toss out. Their actions were in violation of the following: Penal Code §§ 182, 186.22; California Code of Regulations Title 15. Sections 3190(a), 3191, 3193, 3287(a)(2)(4); Dom 54030.3, 54030.13, 54030.15.

   Captain Fox and his minions conspired for the sole purpose of conducting their illegal destructive search as a retaliatory object lesson, that's why this particular search was conducted by other than North Block staff.

   Implemented corrective measures to prevent this type of abuse were ignored, this search was not conducted in compliance with San Quentin's Institutional Procedure(s) and Departmental policies.

   Their conspiracy was committed the moment Captain Fox and company conscientiously ignored the Departments search procedure policies in favor of participating in their own sadistic retaliation. Thereby, violating the law.

   Pursuant to the Definition Penal Code §182
   (a) If two or more person conspire:
   (1) To commit any crime.
   (4) To defraud any person of any property, by any means which are in themselves criminal.
   (5) To commit any act injurious to public morals, or to pervert or obstruct justice, or the due administration of the laws.

   Notwithstanding subdivision (a) or (b) of Section 182, any person who actively participate in any criminal street gang, as defined in subdivision (f) of Section 186.22, with knowledge that its members engage in or have engaged in a pattern of criminal gang actively, as defined in subdivision (e) of Section 186.22, and who willfully promotes, furthers, assists, or benefits from any felonious criminal conduct by members of that gang is guilty of conspiracy to commit that felony and may be punished as specified in subdivision (a) of Section 182.

   The Department's rules regarding this case are contained in the California Code of Regulations Title 15.

   §3190(a) Wardens and Superintendents shall establish a list of personal property items and the maximum amount of such items an inmate may have in his or her possession within the institution. Institutions shall permit inmates to possess in their living quarters, personal property items that present no threat to institution security or the safety of person.

   §3191 The processing of property that inmates are not permitted to retain in their possession during incarceration shall be accomplished as follows:
   Mailed out of the institution at inmates expense.
   Donated to a charitable organization.
   Donated to the institution.
   Render the item useless and dispose of per Dom 52051.

ITEMIZE PRICE LIST OF PROPERTY DESTROYED OR MISSING

12 CD's          $203.40

1 RCA Walkman    $39,99

Total price to replace = $243.39

*Herman Smith*
HERMAN SMITH          11-5-06

HOPKINS/FRAIRE
8895
6130

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. _____ | | 1. _____ | | |
| 2. _____ | | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Harper, John | J-78203 | FURC 2.011    PIA | 2-N-101 up |

A. Describe Problem: On 10/27/2006, custody staff conducted a search of my cell and when I returned to my cell after the search was over, I noticed that my cell was a mess and three of my personal property items had been removed from my cell. The three items were 1. AIWA AM/FM Cassette player 2. AIWA ear-buds 3. Phazar wrist watch w/black leather band were missing. No reciept was given for these items, and they are all three listed on my property card. Custody staff totally disrespected my cell as well as my personal property.

If you need more space, attach one additional sheet.

B. Action Requested: I request that San Quentin custody staff return my three missing items, replace items or reimburse me for my loss.

Inmate/Parolee Signature: John Harper  J78203          Date Submitted 11/05/2006

C. INFORMAL LEVEL (Date Received: 11-16-06 )

Staff Response: IF you didn't receive a property reciept with said property items on it, I didn't remove them from your cell. All the property items removed from your cell were logged on a property reciept.

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Informal response is nonresponsive to actions requested. Searching officers never lict a reciept for the appealed items. Request first level review of appeal and response.

Signature: John Harper          Date Submitted: 11-20-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim          CDC Appeal Number: _____

# Inmate's Property Card

Number: J-78203
Name: Harper

| Date | Signature | Article |
|------|-----------|---------|
| 11-15-01 | X John Harper | Misc. Food Items, two plastic bowls, misc. cosmetics, misc. legal papers + letters, 1 American outdoors watch, 1 chess set, 1 cribbage board, 1 bible, 1 a & tec earphones, 1 pair converse tennis shoes, 1 pair reebok shoes, 2 thermal pants, 1 thermal top, two sweat pants, two sweat shirts, 4 shorts, 1 pair levis, 5 pair socks, 1 blue watch cap, two white ball caps, 1 pair weigh gloves, 1 photo album, 6' coax cable, 1 zenith 13' color T.V. Ser # 0898 |
| 1-2-02 | X John Harper | 4# QTR. Misc. Food. |
| 3/25/02 | X John Harper | 1st QTR. misc Food S, WATCH (watch it.) |
| 4/23/02 | X John Harper | DONATED AMERICAN WATCH |
| 4/23/02 | X John Harper | 2nd QTR. misc. Food |
| | | SPD CACC WAHL HAIR CLIPPER , AIWA CASS PLAYER AM FM |
| 9.27.02 | X John Harper | 3RD QTR Misc. Food |
| 11/07/02 | X John Harper | 4 Qtr Food |
| 1-21-3 | X John Harper | 1 Qtr Food |
| 4-18-03 | X John Harper | 2nd QTR misc Food , 1 WHT CAP , GREY GYM SHORTS, |
| 10-3-03 | X John Harper | SPD Q Food |
| 10-7-03 | X John Harper | 4th Q Food |
| 1-28-04 | X John Harper | SPD eartphones & adapter |

I hereby acknowledge receipt of the above mentioned articles and understand I must have them in my possession when leaving this institution, unless property removed herefrom by the Receiving and Release Sergeant.

SQ-160-A

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| | Action: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. _____ | | 1. _____ | | _____ |
| | 2. _____ | | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| WIMBERLY, R. | D-82084 | | |

A. Describe Problem: THE Appellant filing THIS Appeal contends THAT ON 10/25/06, Appellant's cell WAS searched during A TOTAL UNIT search and personal property (LISTED HERE) Were confiscated And ultimately LOST OR destroyed items, by STAFF. (A GOLD 14" IN CHAIN Rope 14 k) plus my Gold wedding band ALSO 14k) AND MY WALKMAN IS NOT WORKING ANYMORE After being Droped or Thrown on THE Floor. MY EYE GLASSES are missing ONE OF THE LENS.

If you need more space, attach one additional sheet.

B. Action Requested: Appellant request THAT HE be fully COMPENSATED FOR THE LOSS OF SAID property items.

See: ATTACH SHEET (1)

Inmate/Parolee Signature: Reginald L. Wimberly    Date Submitted: 11/6/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

To: R. Fox, Correctional Captain
    Date: October 25, 2006
Inmate Appeal: continuation Exhibit A

INMATE NAME: *Reginald L. Wimberly*     Commitment NO: *D-82084*


In order to create a protected liberty interest in the prison context,
a state regulation must use explicit mandatory language, "in connection
with the establishment of 'specific substantive predicates' to limit
official discretion, and thereby require that a particular outcome be
reached upon finding that the relevant criteria have been met." Hewitt
v Helms, 459 U.S. 460, 472

The fourteenth amendment of the U.S. Constitution reads in part: "nor
shall any State deprive any person of life, liberty, or property, without
due process of law," and protects "the individual against arbitrary
actions of government," Wolf v McDonnell, 418 U.S. 539, 558 (1974).

Stated simply, "a state creates a protected liberty interest by placing
substantive limitations on official discretion." Olim v. Wakinekona,
461 U.S. at 249.

The Department's rules regarding this case are contained in the
California Code of Regulations (CCR) Title 15, Section(s) 3190(a), 3191,
3193, 3287(a)(2)(4), DOM 54030.3,54030.13., 54030.15.

As this particular search was conducted by other than North Block staff
(assigned officers and sergeant), corrective measures implemented to
prevent abuse of inmate personal property were ignored, and the search
was conducted without compliance with San Quentin's Institutional
Procedure(s) and departmental policies. The total unit search was
supervised by Correctional Captain R. Fox.

In reference to the cell search, CCR 3287(a)(2) reads in part..."Such
inspections will not be used as a punitive measure nor to harass an
inmate. Every reasonable precaution will be taken to avoid damage to
personal property and to leave the inmate's quarters and property in
good order upon completion of the inspection." Search staff completely
ignored this provision and were disrespectful of inmates personal
property and conditions of their living quarters.

CCR 3287(a)(4), also reads,..."The inmate will be given a written notice
for any item(s) of personal and authorized state-issued property removed
from his or her quarters during an inspection and the disposition made
of such property." Again, search staff completely ignored this provision
and no written notice for any item(s) taken were provided (see also,
DOM 54030.13).

Each employee involved in the handling of an inmate's property shall
make the extent of such involvement a matter of record (DOM 54030.3).

The Department assumes no liability for loss, theft, or damage to items
of personal property after issue, unless the loss is the result of
employee negligence (refer to CCR 3193).