NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PACKNETT,<br><br>          Plaintiff,<br><br>  vs.<br><br>S. PATRAKIS, et al.,<br><br>          Defendants. | No. C 08-02517 JF (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

     Plaintiff, a California prisoner incarcerated at the San Quentin State Prison ("SQSP"), filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983 against SQSP prison officials. Plaintiff has paid the full filing fee. The Court will dismiss two of Plaintiff's five claims because they fail to state a cognizable basis for relief, and order service of the complaint based on Plaintiff's remaining cognizable claims.

**DISCUSSION**

A.    <u>Standard of Review</u>

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

Plaintiff is a "Type II Insulin Dependent Diabetic" and receives insulin shots twice a day.  (Id.) Plaintiff alleges that he is also inflicted with "Kidney Insufficiency; Chronic Asthma & Significant Hypertension; Angina; Major Depressive Disorder with Psychotic features." (Id.) Plaintiff alleges that on or about October 25, 2006, methadone medication was stolen from the North Block Nursing Station. (Compl. 5.) Not long afterward, the culprit turned himself in but failed to return all of the missing pills. (Id.) A total lock down and complete search of the building and cells was ordered and initiated. (Id.) On October 26, 2006, the ongoing cell search caused a five hour delay before the prisoners in first tier of North Block, including Plaintiff, were released to the "chow hall." (Id. at 7.) Plaintiff alleges that he had to spend another four to five hours in the chow hall, where it was extremely cold and he was forced to stand more than he was able to sit. (Id.) Then on October 27, 2006, after a body search, Plaintiff discovered swelling of his "lower calve, [sic] shin and feet area." (Id.) He was not able to see a physician until October 30, 2006, at which time he was admitted to Marin General Hospital and diagnosed with "congestive heart failure," "elevated hypertension and blood sugar." (Id. at 8-9.) Plaintiff alleges that the denial of food for five hours caused his "kethacide reaction." (Id. at 9.)

Plaintiff alleges the following claims: 1) prison officials violated due process in conspiring to "inflict massive group punishment and purposeful retaliation" because the search of North Block was nothing more than "an exercise of uncontrollable rampage and destruction of property, en masse," (Compl. 15); 2) SQSP officials acted with deliberate indifference to his serious medical needs as a diabetic, (Compl. 16); 3) SQSP conspired to deprive and interfere with his civil rights; 4) SQSP officials were negligent in preventing the conspiracy; and 5) SQSP officials acted with deliberate indifference to the serious medical needs of a class of diabetic prisoners. Liberally construed, claims 1, 2 and 3 are cognizable under § 1983.

Plaintiff's claim 4 fails to state a claim because neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

Plaintiff's claim 5 is dismissed because the action cannot proceed as a class action under Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **S. J. Mendoza, S. Patrakis, R. Fox, M. Iannone, Robert Ayers, Jr., and N. Grannis at San Quentin State Prison**. The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

2. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim

in the complaint found to be cognizable above.

    a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> denied <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

>   The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
>   Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   4.   Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   5.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   6.   All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

   7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

1  8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/21/08

JEREMY FOGEL
United States District Judge