1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JAY C. RUSSELL
   Supervising Deputy Attorney General
5  MICHAEL J. QUINN, State Bar No. 209542
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5726
     Fax:  (415) 703-5843
8    Email:  Michael.Quinn@doj.ca.gov

9  Attorneys for Defendants Iannone, Fox, Petrakis and
   Ayers

10

11

12             IN THE UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

                    SAN JOSE DIVISION
14

15  **KENNETH PACKNETT,**                    C 08-2517 JF

16                            Plaintiff,     **DECLARATION OF E.**
                                             **TOOTELL IN SUPPORT OF**
17              v.                           **DEFENDANTS' MOTION**
                                             **FOR SUMMARY JUDGMENT**
18  **S. PATRAKIS, et al.,**

19                           Defendants.

20

21       I, E. Tootell, declare:

22       1.   I am employed by the California Department of Corrections and Rehabilitation

23  (CDCR) as the Chief Medical Officer at San Quentin State Prison.  As the Chief Medical Officer,

24  I am responsible for administering San Quentin's medical program and overseeing the care

25  supplied by the physicians and other medical providers at the prison.  I am a member of the

26  prison's leadership group for health care services, and act as the liaison to the warden for medical

27  issues.  I have reviewed the medical records of Plaintiff, who was transferred to San Quentin in

28  March 2006.  I am competent to testify to the matters set forth in this declaration, and if called

Decl. of E. Tootell in Supp. of Defs.' Mot. Summ. J.              K. Packnett v. S. Patrakis, et al.
                                                                               C 08-2517 JF

1  upon to do so, would and could so testify.  I submit this declaration in support of Defendants'

2  motion for summary judgment.

3       2.     Plaintiff is a Type II insulin-dependent diabetic and receives insulin shots twice a day.

4  Plaintiff is also afflicted with kidney insufficiency, chronic asthma, significant hypertension,

5  angina, and major depressive disorder with psychotic features.

6       3.     Plaintiff was seen on numerous occasions by primary care givers, nurses, and

7  specialists after he arrived at the prison.  During October 2006, his blood sugar was checked and

8  insulin was administered to him on a regular basis.

9       4.     On October 27, 2006, Plaintiff was examined by a nurse after he complained of

10  dizziness and "weakness in the legs."  The nurse noted that Plaintiff had "swelling in both lower

11  legs, good pedal pulses . . . [and was] denying pain."  His vital signs were normal.  The nurse

12  recommended that Plaintiff be seen by a doctor on the next business day (Monday, October 30,

13  2006).

14       5.     Plaintiff was examined by a San Quentin physician on October 30, 2006, who

15  noticed increased lower extremity edema and orthopnea (the inability to breathe comfortably

16  while lying flat).  Plaintiff was then sent to Marin General Hospital, where he was admitted for

17  evaluation of the lower extremity edema and chest pain.  He received medications to help

18  decrease the edema, a cardiac stress test, and a cardiac echo.  The stress test was reassuring, and

19  the cardiac echo revealed a left ventricular hypertrophy and an ejection fraction of 77% with

20  moderate left atrial enlargement.

21       6.     At the hospital, Plaintiff had an elevated blood pressure of 167/94, but his blood

22  sugar was normal at 80.  The presumptive diagnosis at admission was an evaluation for

23  congestive heart failure.  However, no studies or evaluation supported that diagnosis.

24       7.     Plaintiff's edema is likely due to the use of nifedipine.  Lower extremity edema is

25  commonly found in patients taking calcium channel blockers like nifedipine.

26  Moreover, the tests at Marin General revealed that the right side of Plaintiff's heart was normal.

27  He was discharged back to San Quentin with a diagnosis of lower extremity edema likely

28  associated with nifedipine use.

Decl. of E. Tootell in Supp. of Defs.' Mot. Summ. J.

K. Packnett v. S. Patrakis, et al.
C 08-2517 JF

1    8.    In my professional opinion, Plaintiff suffers from significant hypertension and

2  diabetes. He has no evidence of coronary heart disease. He has had multiple tests on his heart,

3  only one of which showed left atrial enlargement. This likely reflects the patient's diastolic

4  dysfunction due to hypertension and may cause the symptoms of orthopnea. The edema was

5  likely caused by a combination of nifedipine use and vascular insufficiency. In addition, the

6  decision to refrain from sending Plaintiff to the hospital until October 30, 2006 did not harm him.

7    I declare under penalty of perjury that the foregoing is true and correct. Executed at San

8  Quentin, California, on January 20, 2009.

E. Tootell

17  20170623.wpd

18  SF2008402322

Decl. of E. Tootell in Supp. of Defs.' Mot. Summ. J.      K. Packnett v. S. Patrakis, et al.
C 08-2517 JF

3